## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA

Patrick Joseph Charest #182262
_____

**Full name and prison number**
**Of Plaintiff(s)**

**v.**

Alabama Pardon & Paroles et. al.,
_____

Victims Of Crimes Against Leniency et. al.
_____

Governor Bob Riley et. al.,
_____

Honorable Troy King et. al.,
_____

_____

**Name of person(s) who violated**
**Your constitutional rights.**
**(List the names of all**
**persons.)**

RECEIVED

2007 NOV -2  A 10: 00

DEBRA P. HACCIVIL ACTION NO. 2:07-CV-984-MHT
U.S. DISTRICT (To be supplied by Clerk of
MIDDLE DISTRICT ALA U.S. District Court)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

I. **PREVIOUS LAWSUITS**

    A.    **Have you begun other lawsuits in state or federal court**
        **dealing with the same or similar facts involved in this**
        **action?  YES ( )  NO (X)**

    B.    **Have you begun other lawsuits in state or federal court**
        **relating to your imprisonment?  YES (X)   NO ( )**

    C.    **If your answer to A or B is yes, describe each lawsuit**
        **in the space below. (If there is more than one lawsuit,**
        **describe the additional lawsuits on another piece of**
        **paper, using the same outline.)**

        1.    **Parties to this previous lawsuit:**

                **Plaintiff(s)**  Patrick Joseph Charest #182262
                      _____

                **Defendant(s)**  Baldwin County Jail et. al.,
                      _____

        2.    **Court )if federal court, name the district; if**
            **state court, name the county)**  Southern District

            _____

1

3.    Docket number  04-687-BH-M

4.    Name of judge to whom case was assigned  Magistrate
Bet Millings; and District Court Judge W.B. Hand

5.    Disposition (for example: Was the case dismissed?
Was it appealed? Is it still pending?)   Case
was dismissed and appealed, and now pending #07-13462-A

6.    Approximate date of filing lawsuit  Summer of 2004

7.    Approximate date of disposition  07/17/07

II.  PLACE OF PRESENT CONFINEMENT  Limestone Correctional Facility


PLACE OF INSTITUTION WHERE INCIDENT OCCURRED Limestone C.F.


III. NAME AND ADDRESSES OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR
CONSTITUTIONAL RIGHTS.
NAME                                    ADDRESS

1. Sidney Williams @ 301 South Ripley Street BLD#D, Montg. Ala. 36130
2. Valinda Weatherly                    (same as above)
3. Robert Longshore                     (same as above)
4. Governor Bob Riley @ 600 Dexter Ave, Rm#104, Montg. Ala.    36130
5. Honorable Troy King @ 11 South Union St. Montg. Ala.        36130
6. Victims of Crime Against Leniency (VOCAL)  (same as No#1 thru #3)


IV.  THE DATE UPON WHICH SAID VIOLATION OCCURRED  December 2005


V.   STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION
THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE:   Denial of Effective Due Process of Art I, U.S.C. 14th. Amend.
["Defendants commissioned improprieties in my respective parole proceeding"]

2

**STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (state as best you can the time, place and manner and person involved)**

My 2005 Parole denial was the direct results of Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members Mr. Williams, Mr. Longshore, ~~Mrs. Weatherly through collusion, conspiracy with co-defendants Bob Riley, Troy~~ King and Vocal members et. al., politically predisposing me of a[ny] proper discretionary review rendering the hearing process fundamentally unfair; treating me dissimilar with respects to the laws compared to non-violent offenders inapposite to the Due Process Clause of the Fourteenth Amendment of the United States ~~Constitution ["Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI."]~~

**GROUND TWO:**    Denial of the Equal Protection Clause of U.S. Const. 14th. Amend.

["Defendants principal decision was procedurally infected by *deceit, bias, prejudice* "]

**SUPPORTING FACTS:** Charest maintains overt *procedures* were used by the Pardon & Parole Board in December of 2005 -arbitrarily and capriciously denied him of the discretionary review for proper consideration based upon *erroneous –false information* {"that Charest had not changed, over the years imprisoned"}, absent 1st. hand ~~knowledge, visits, letters or otherwise to authenticate, verify said assertions made by~~ an adverse party –commingling with Vocal et. al., through collusionary acts by Troy King et. al., and Governor Riley's political party –in violation of equal protection principles as-applied to similar incarcerated prisoners being reviewed for parole – Alabama utilized a blanket-styled denial policy –due to the nature, degree of offense.

**GROUND THREE:**    *Ex Post Facto Clause* Violation of Article I, § 10, cl. 1 U.S. Const. Amend.

["Defendants retroactively promulgated additional strictures to §15-22-28(e). Code of Ala.1975"]

**SUPPORTING FACTS:** Defendants retroactively in 2002 (by amendment) increased the time for which my next parole review date would be reviewed –by increasing said three (3) year term (Act 1979, No#79 –154) to five (5) years –which was not in effect at the time I was convicted/sentenced in 1995; said aggregated enactment violates Article 1, §10, cl. 1 as-applied to §15-22-28(e) mandates in place when conviction/sentence were invoked in 1995 –inapposite to the 2005 setoff of next review set for 2010; inclusive to allowing an adverse party –not entitled to NOTICE by statute –speak against parole inapposite to State law doctrine governing the Boards authority, power promulgated by Legislation {Contravening Ala. Bd. of Paroles ~~Rules, Reg. Proc. Art IV through VI}~~ violating Article V, § 124, Ala Const. 1901 inclusive to usurping §§15-22-20, 24 –26, 28, 36 Code of Ala. 1975, *inter alia.*

3

**VI.  STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.**

Aggrieved Charest seeks §1983 action for Prospective declaratory and injunctive relief challenging both, the retroactive and constitutionality of Alabama's unfair, ~~discriminatory parole procedures that would render invalid Alabama's procedures~~ used to deny (i) parole eligibility, and / or (ii) parole suitability in accord with *Wilkinson v. Dotson*, 544 U.S. 74 (2005) holdings; ORDER Def's. to *GRANT* Charest an immediate parole hearing in accordance with statutory laws and administrative rules in place, at the time when, if any crime (actually) occurred in Alabama –1994.

_182262_

Patrick Joseph Charest #182262

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on _October 19th 2007_
(Date)

_182262_

Patrick Joseph Charest,
Acting in pro per #182262
Limestone Corrections Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

4



CHARLES, PATRICK #187262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama
35749-7009

§1983
tort

have no control over this. The
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

THE United States District Court
Attention: Honorable Debra P. Hackett
Post Office Box # 711
Montgomery, Alabama
36101