## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA

Willie Lee White #140147                              *

      Plaintiffs,                              *

                          2001 DEC -3  A 10: 22

Vs.                                       Civil No: _2 : 07 cv 984 - MHT_
                                  **(Supplied by Clerk)**

Alabama Pardon & Paroles et. al.,           *
Victims Of Crimes Against Leniency et. al.,
Governor Bob Riley et. al.,                  *  **[ Requesting Civil Joinder**
Honorable Troy King et. al.,                    **under Case # CV-984-MHT**
Mrs. Edna Harris, Ala. Dept. of Corr. et. al.,  *  **Rules 18 -20(a),F.R.Civ.P ]**

      Defendants.                          *

### JOINDER OF DEFENDANT PARTIES

      COMES NOW Willie Lee White (hereinafter "Plaintiff White") moves this
Court to _GRANT_ pursuant to Rule 24(a)(2), F.R.Civ.P., in the above-styled action for
juridical continuity, comity due to the complexity of interrelated claim(s) as a result of a
conspiracy or concerted schemes between the same defendants at whose hands the
plaintiff class suffered injury. All defendants are juridically related in a manner that
suggests a single resolution of the dispute would be expeditious, as follows:

      Plaintiff White maintains, _inter alia_, that said claim(s) against same Defendants
arise out of same transactional act(s), omission(s) through a complex series of civil
violations under color of state law, and there remains without a doubt, both a
commonality of questions of law and fact —in existence. See _Alabama Independent
Service Station Ass'n v. Shell Petroleum Corp._ 28 F.Supp. 386 (DC. Ala. 1939); _also_ Rule
20(a), F.R.Civ.P.

      Plaintiff White seeks both 1) relief against same common Defendants, and 2) raises
identical legal claim(s) —challenging same unconstitutional policies, procedures as-
applied to, either his (a) parole eligibility, or (b) parole suitability in accord with

*Wilkinson v. Dotson*, 544 U.S. 74, 161 L.Ed.2d 253, 125 S.Ct. 1242 (2005), for fair consideration, as promulgated by both the Due Process Clause and Equal Protection Clause of the Fifth and Fourteenth Amendments.

The "juridical link" referred to herein, by Plaintiffs as a class, requires joinder of defendants, and plaintiffs as a whole; the foregoing cases all involved bilateral class action suits, and may well be considered as illustrating the propriety of considering the juridical link in cases such as the one now before this Court. These cases are *United States v. Trucking Employers, Inc.*, 75 F.R.D. 682 (D.D.C. 1977), *Doss v. Long*, 93 F.R.D. 112 (N.D. Ga. 1981), *In re Alexander Grant & Co.*, 110 F.R.D. 528 (S.D. Fla. 1986), and *In re Computer Memories Securities Litigation*, 111 F.R.D. 675 (N.D. Cal. 1986). While all of these cases support plaintiffs' view that in the event there is a juridical link, it is appropriate to join as a defendant a party with whom the named class representative did not have a direct contact, each of them presents a situation in which there was either a contractual obligation among all defendants or a state or local statute requiring common action by the defendants. In addition to the provisions of the class action rule, Rule 23(b), Fed.R.Civ.P., this Court may also consider the rules relating to the joinder of parties either by motion or *sua sponte* by the court, which Plaintiff White respectfully requests.

Assuming *arguendo*, the following rules favor joinder, where <u>Rule 18</u> determines the joinder of claim(s), <u>Rule 20</u> treats the permissibility of parties, which ultimately promotes juridical economy, convenience allowing parties to be freely joined so as to resolve as many disputes as possible which relate to, as herein, the particular transaction(s), occurrence(s) involving Defendant parties as a whole, thus avoiding multiplicity of suits and inconsistent adjudications.

Rule 20(a) permits all persons to join as plaintiffs in an action where (1) they assert a claim jointly, severally, or in the alternative regarding a particular transaction or occurrence (or series of transactions or occurrences) and (2) where *any* questions of law or fact common to the parties will arise in the action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action. Note that the term "common question of law or fact" does not refer to generic facts or law (e.g. "the law" of torts), but rather to a "fact" as a particular occurrence or event, and "law" as an application of the same legal rule or principle in a related factual setting. Rule 20(a) provides the court with discretion to make such orders, relieving parties joined of any embarrassment, delay, avoiding prejudice and expediting a final determination of plaintiffs' common disputes, preventing multiple lawsuits. *See Mosley v. General Motors Corp.*, 497 F.2d 1330, 8 BNA FEP Cas. 92, 7 CCH EPD 9408, 18 FR. Serv. 2d 1142 (CA8 Mo. 1974); *United States v. Carolina Warehouse Co.*, 4 FRD 291 (DC. SC. 1945); *Fair Housing Development Fund Corp. v. Burks*, 55 FRD 414, 16 FR Serv. 2d 826 (ED. NY. 1972); *Horton Co. v. International Tel. & Tel. Corp.*, 85 FRD 369, 29 FR Serv. 2d 288 (WD. Pa. 1980); *Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 27 FR. Serv. 2d 974 (ED. Pa. 1979); Guedry v. Marino, 164 FRD 181, *magistrates recommendation* (1996, ED. La.), 1996 U.S. Dist. LEXIS 16197 (ED. La. 1995); *Bridgeport Music, Inc. v. 11C Music*, 202 FRD 229, (MD. Tenn. 2001).

Wide latitude should be given; under the circumstances governing Plaintiff White's indistinguishable claim(s) in comparison to Civil Action # CV-984-MHT, already before this Court in another similar civil action. The option granted by Rule 20 joining Defendants in this instant action won't create joint liability, since permitted joinder is procedural and not substantive, a[ny] judgment entered against one or more Defendants

according to their respective liabilities, is a procedural rule concerning joinder of parties, which does not affect substantive rights of the parties. *See* <u>Rules 18</u>(a), <u>19</u>(a), and <u>20</u>(a), F.R.Civ.P.

> <u>Rule 18</u>(a) provides in relevant part as follows:

> > "Joinder of Claims and Remedies, 'a party asserting a claim to relief as an original claim, . . . . may join, either as independent or as an alternative claims, as many claims, legal, equitable, . . . as the party has against an opposing party.'"

*<u>Sunderland</u>, The New Federal Rules,* 45 W.Va. L. Q., 5, 13 (1938), *also <u>Clark</u>, Code Pleading 58 (2d ed. 1947)*(Permitting a party to plead multiple claims of all types against opposing part[ies]).

> <u>Rule 19</u> provides in relevant part as follows:

> > "Joinder of Persons Needed for Just Adjudication, '(a) *<u>Persons to be Joined</u>* if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) <u>*the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .</u>'"

(Emphasis added).                    Finally, <u>Rule 20</u> Permissive Joinder of Parties provides in relevant part as follows:

> > "(a) *Permissive Joinder.* 'all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or*

4

*occurrences* and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added).                Plaintiff White maintains, as does this Circuits holdings, referring first to <u>Rule 19</u>, it seems clear that under the rules of *stare decisis* if these defendants were not joined, a decision in favor of the then present defendants and against the plaintiff class would at least to some extent "impair or impede" a plaintiff's ability to protect his or her legal interest against a defendant. *See <u>Chiles</u> v. <u>Thornburgh</u>*, 865 F.2d 1197, 1212 (11th Cir. 1989).

[A]ll transaction(s), occurrence(s) arose out of a series of transactions or occurrences initiated by Defendant parties, and Plaintiffs, involving the same question(s) of law and fact, therefore this Court must likewise conclude joinder is proper. *See <u>U.S. Constitution, Article III, § 2</u>*.                Plaintiff White, as well as Plaintiff Charest (CV-984-MHT (WO)) –"have personal stakes in the outcome of the controversy as to the concrete adverseness, which sharpens the presentation of issues upon which [a] court so largely depends for illumination of difficult . . . questions[.]" *<u>Baker v. Carr</u>*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

WHEREFORE PREMISES SHOWN, Plaintiff White request for joinder under the circumstances ascribed above, hereinafter for juridical efficiency, as a matter of right.

Done so this _26_ day of _November_, 2007.

Respectfully submitted,

Willie Lee White # 140147
Limestone Corrections Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009