IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK JOSEPH CHAREST, #182262    *

       PLAINTIFF,    *

Vs.    * **2:07-CV-984-MHT (WO)**

ALABAMA PARDON & PAROLES, et. al.,    *

       DEFENDANTS.    *

### RESPONSE / COMPLIANCE WITH NOVEMBER 14<sup>TH.</sup> 2007 ORDER

COMES NOW, Patrick Joseph Charest (hereinafter "Plaintiff Charest") moves this Court to *GRANT* upon receipt of enclosed partial filing fee, as ordered by this Court, as follows:

§ 1.   This Court *ORDERED* Plaintiff Charest, a prisoner -within the Alabama Department of Corrections (hereinafter "ADOC") to pay, in accordance with 28 U.S.C. §1915, as a prerequisite, a partial filing fee in the amount of $26.67 –**before** December 4<sup>th.</sup> 2007, and upon such order, Plaintiff Charest subsequently acted in good faith, requested from the ADOC, per Captain P. Robinson, and Limestone Correctional Facility's account agent over P.M.O.D. to "1) withdraw, timely, and 2) mail –forward the correct amount –allowing said civil action to judicially proceed, thereinafter prosecuting certain inalienable claims against all significant parties," relevant thereinafter.

§ 2.   Plaintiff Charest, now pays said filing fee, and requests upon receipt, said Court *NOTIFY* Plaintiff Charest that said receipt was in fact –received, timely, being that Plaintiff Charest placed both "1) A request before Captain Patrick Robinson, the B-side ADOC administrator whom Plaintiff Charest, first requested (i) lawful removal of financial funds, in the amount of twenty-six dollars and sixty-seven cents ($26.67) from

his P.M.O.D. account, thence (ii) rely[ing] upon the ADOC to ethically act, within its statutory duties, honoring Plaintiff Charest's wish, desire —requests as so ordered by this Court, and (iii) thence forwarded this Document, to this Court with said attached payment accordingly." Furthermore Plaintiff Charest, placed said fee request, and instant motion into the ADOC's hands, and therein enclosed "2) A prepaid envelope —addressed to this Court, with specific instructions, requests therein —for this Court's clerks, plus the original —instant motion, notifying this Court that the filing fee is paid in accordance with this Court's orders," and enclosed "3) A self addressed, stamped envelope —for return, with juridical confirmation, of said compliance," as a pro se litigant, for the motion, to be stamped, docketed and returned as addressed, requested.

WHEREFORE PREMISES SHOWN, Plaintiff Charest requests, the above be timely accepted, under the prison mailbox rule, and this Court issue an ORDER *granting* permission to proceed accordingly —issuing *sua sponte* whatever summons must thereinafter follow to the named Defendants, as previously attached, requested in the initial §1983, upon receipt of the partial filing fee ($26.67); and Plaintiff Charest's understanding of his financial obligatory duties thereinafter under pursuant to 28 U.S.C. §19159(b)(2) in accord with the Deficit Reduction Act of 2005 (Pub. L. No. 109-171). Additionally, a[ny] such other relief as deemed sufficient, necessary to promote comity. Done so this November 26, 2007. [1]

Respectfully submitted,

_____
PATRICK JOSEPH CHAREST
ACTING IN PRO PER #182262

---

[1] [Prison mailbox rule], i.e., inmates confined in institutions, proceeding pro se —is timely when the inmate documents delivery, turning over to prison authorities. See, e.g., *Houston v. Lack*, 487 U.S. 266 (1988), *also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1399, 1341 (11th Cir. 1999); *Sanders v. United States*, 113 F.3d 184, 186 n. 2 (11th Cir. 1997); *Garvey v. United States*, 993 F.2d 776, 781 (11th Cir. 1993); *Robinson v. Tanner*, 798 F.2d 1378, 1382-85 (11th Cir. 1986).

## CERTIFICATE OF SERVICE

I HEREBY certify that I have on November 26th, 2007 [2] placed this motion styled "RESPONSE / COMPLIANCE WITH NOVEMBER 14TH, 2007 ORDER" into the hands of 1st: the ADOC, C/O Captain P. Robinson, for delivery thereinafter by means of U.S. mail, and requested timely be forwarded to 2nd: Honorable Debra P. Hackett, Clerk of United States District Court, Post Office Box #711, Montgomery, Alabama 36101-0711.

Respectfully submitted,

PATRICK JOSEPH CHAREST
ACTING PRO PER #182262
LIMESTONE CORRECTIONS
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

---

[2]   [Prison mailbox rule], i.e., inmates confined in institutions, proceeding pro se —is timely when the inmate documents delivery, turning over to prison authorities. See, e.g., *Houston v. Lack*, 487 U.S. 266 (1988), *also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1399, 1341 (11th Cir. 1999); *Sanders v. United States*, 113 F.3d 184, 186 n. 2 (11th Cir. 1997); *Garvey v. United States*, 993 F.2d 776, 781 (11th Cir. 1993); *Robinson v. Tanner*, 798 F.2d 1378, 1382-85 (11th Cir. 1986).