IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICK JOSEPH CHAREST #182262 | * | |
| PLAINTFF, | * | |
| Vs. | * | **2:07-CV-984-MHT (WO)** |
| ALABAMA PARDON & PAROLES, et. al., | * | |
| DEFENDANTS. | * | |

## OBJECTION TO ORDER DENYING IFP / JOINDER ISSUED ON DECEMBER 4TH. 2007

COMES NOW Patrick Joseph Charest (Hereinafter "Charest") moves this Court to respectfully review *de novo* the foregoing for good cause, and per se a manifest injustice accruing in the above styled **Denial,** for anew plaintiff –named "Willie Lee White" (hereinafter "White"), as follows:

First, and foremost it must be respectfully pointed out, that this Court's Order remains inapposite to the language of title 28 U.S.C. §1915, whereas it summarily denied White's request, to either proceed under the guise of (i) *In forma pauperis* ("IFP") or in the alternative (ii) allow White to partially pay a filing fee, based upon plenary review of White's attached requisite twelve (12) month prison account ("P.M.O.D.") for proper consideration at his initial screening of his §1983 complaint he sought to file, "**separately**" from Charest's.

I.  **FACTS:**

Charest filed this 42 U.S.C. § 1983 action on November 2, 2007, and submitted (i) a motion for leave to proceed *in forma pauperis*, and (ii) an *Affidavit* (Doc's. 2, 4) because Charest had not yet received from the Alabama Department of Corrections ("ADOC") a courtesy copy of his past PMOD for this Court to properly review, grant IFP, absent such, this Court thus granted unto Charest until November 19, 2007 to *"submit an inmate account statement reflecting the average . . . monthly deposits . . . preceding the filing of the instant complaint,"* inter alia.  Charest did so; prior too such due date, and then, this Court on November 14, 2007 issued another Order *granting* Charest permission to proceed under IFP albeit with a requisite partial filing fee of $26.67, *see* Title 28 U.S.C. § 1915(b)(1)(A) –**before** December 4, 2007.

On November 26, 2007 Charest placed in the hands of one Captain Patrick Robinson, an ADOC official for delivery of said below motion, contingent upon, first the ADOC's removal of said partial filing fee, as required by the ADOC practice at Limestone Corrections both (i) a request to remove, payment of *"$26.67 to Clerk Debra Hackett,"* and (ii) a motion styled: *"Response / Compliance with November 14, 2007 Order."*

Unbeknownst to Charest, whether vel non-the ADOC facilitated said previous, timely requests, Charest likewise properly preserved by submitting, subsequently, another precautionary motion on November 30, 2007 under the penalty of perjury styled: *"Motion For An Extension Of Time As An Alternative If The ADOC Failed To*

2

*Have Sent –Timely The Initial Filing Fee, As Requested By Plaintiff On 11-26-07,"* because Charest had not, then, yet received confirmation by the ADOC of both (i) said timely withdrawal, and afterwards (ii) placing said same documents, with either said check, or money order -payable to the Honorable Hackett, Clerk of this District, in the U.S. mail, properly addressed to this Court, with postage prepaid.

II.   **STANDARD OF REVIEW:**

Albeit that the "Prison Litigation Reform Act of 1995 ("PLRA") –requires, *inter alia*, that a prisoner bringing a civil action, under the premise of *in forma pauperis* ("IFP") –to first pay the filing fee, see §1915(b) (West Supp. 2000). Charest avers, that Plaintiff White never attempted to pro-rate the mandatory requisite filing fee circumventing either PLRA or IFP standards, a prerequisite of filing his *"separate"* §1983 Complaint, and responsibility of that filing fee –thereinafter, simply put, the district court's interpretation of PLRA remains in conflict with Congress's statutory interpretation, thus its finding constitutes a question of law, which is reviewed *de novo*. *Wyzkowski v. Department of Corrections*, 226 F.3d 1213, 1215 (11th. Cir. 2000); *Mitchell v. Farcass*, 112 F.3d 1483, 1487 (11th. Cir. 1997)(stating that the court reviews legal questions de novo, such as, whether the filing fee provisions of the PLRA supersedes a previously promulgated federal rule).

II.   **DISCUSSION:**

Plaintiff White was not filing along with Plaintiff Charest, but in fact, filed a totally **"separate"** §1983 action, with his own declaration for indigent status, requesting

3

either (i) initial IFP status, or (ii) permission to proceed by paying a partial filing fee, as was allowed by Plaintiff Charest in said instant case, this Court allowed Charest to proceed with his §1983 action –upon its receipt of $26.67 payment, as paid by the ADOC on behalf of Charests' request for payment, filings of November 26th 2007.

The Eleventh Circuit holds, each prisoner is required to file his *"own lawsuit"* as did Plaintiff White.    In this Court's ORDER, dated December 4th 2007 –it either inadvertently or per se misapplied the holding of *Hubbard v. Haley*, in that <u>Hubbard</u>, was a group of 18 state prison inmate –appearing pro se, they –inapposite to both Plaintiffs Charest, and White, filed "one-suit, collectively", but Plaintiff White filed his civil action entitled §1983 **"separately"** from Charest, and in fact, individually applied for either IFP status or permission for leave to proceed within this Court's discretion –towards partially paying a designated, prescribed filing fee.

In <u>Hubbard</u>, the Eleventh Circuit upheld, previously the Honorable William M. Acker's dismissal action under PLRA based solely upon *"inmates failure to **file separate complaints and pay separate filing fees**." <u>Id</u>.*    Plaintiffs Charest, and White were not requesting to share a single filing fee, but filed separately, and out of concern for judicial congruency of future adjudication, against said named Defendants, but for (i) a right to relief arising out of the same transaction(s) or occurrences, and (ii) plaintiffs share "common questions of both, law and / or facts to persons seeking to be joined." *Alexander v. Fulton County, Georgia*, 207 F.3d 1303, 1323 (11th Cir. 2000), as quoted in <u>Hubbard</u>, at

4

page 1197; *see also* Federal Rules of Civil Procedure, Rule 20. Courts are "to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy," however, although the decision to allow joinder is discretionary, it is not unbridled. <u>Alexander</u>, 207 F.3d at 1323-24. The court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice. *Arrington v. City of Fairfield, Ala.*, 414 F.2d 687, 693 (5th Cir. 1969). The denial of Plaintiff White's request for joinder remains clearly an erroneous decision, in that neither delay, nor prejudice would have, could have followed, at this early stage of litigation.

    Plaintiffs Charest, and White argue, separately –in this Circuit under §1983 in accord with both PLRA and IFP to be allowed to proceed, upon said complaints after paying their *"separate"* filing fees, and a[ny] subsequent payment scheduling, as set forth in §1915(b)(2), the mandates of future payments of 20% of prisoners preceding 12 months income, credited to prisoners PMOD's, as was *"separately"* requested by Plaintiff White.

This Court neither, properly reviewed Plaintiff White's *"separate"* affidavit of indengency, nor addressed properly White's request –in the event it denied IFP, a prerequisite *"partial filing fee"* as mandated by both PLRA & IFP under §1983 strictures.

This Court, or perhaps the clerks of said district merely sent back Plaintiff White's entire §1983 Complaint, and affidavit to proceed in forma pauperis, instead of simply denying the "joinder" which was in its discretion, but should have thence, accepted the

rest of the document, summons, issuing a subsequent ORDER pointing out exactly what was granted, denied; now Plaintiff White must "spend more money –in unnecessary postage stamps –due to clerk inadvertence," inapposite to pro se pleadings under *Haines v Kerner*, progeny.

Furthermore, Hubbard, holds in favor of both Plaintiff Charest, and White, in that "PLRA should not be read to repeal Rule 20, but to harmonize with Rule 20," which is exactly what Plaintiffs Charest, and White separately requested. *See Panama Canal Company v. Anderson*, 312 F.2d 98, 100 (5th Cir. 1963); [1] *see also 7 James Wm. Moore, et. al., Moore's Federal Practice*, ¶ 86.04(4) (2d.2d. 1996).[2]

Thus Hubbard, concluded –that PLRA clearly and unambiguously requires, or as shown herein, allows: *"if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."* 28 U.S.C. §1915(b)(1).

So *"If"* this Court won't first grant IFP then it should at had at least, calculated Plaintiff White's past twelve (12) months of deposits, balances and properly adjusted the initial filing fee, accordingly, and **docketed** Plaintiff White's §1983 Complaint as was *"separately"* filed. **Cf.** *Talley-Bey v. Knebl*, 168 F.3d 884).

---

[1] The Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).

[2] To our knowledge, only one circuit has addressed how the PLRA affects multi-plaintiff IFP actions. In *Talley-Bey v. Knebl*, 168 F.3d 884, (6th Cir. 1999), the Sixth Circuit affirmed the district court's division of costs between IFP plaintiffs. While *Talley-Bey* adjudicated a different issue; i.e., costs taxed against multi-plaintiffs, the decision suggested that filing fees should be proportionally assessed against multi-plaintiffs well: "Thus, any fees and costs that district court or that we may impose must be equally divided among all the participating prisoners." Id at 887.

6

Wherefore premises shown, Plaintiff Charest prays, in the form of relief, that this Court would (i) Vacate its ORDER denying Plaintiff White's IFP (Doc. 7), or in the alternative (ii) grant permission to proceed, prosecute his §1983 action after paying his requisite partial filing fee in accord with 28 U.S.C. §1915(b)(1), being that a "separate filing" was in fact attempted, but erroneously returned. Upon further plenary review of Plaintiff White's facts, quite distinguishable from the *Hubbard* holding, Charest request's (iii) this Court issue the necessary ORDER allowing Plaintiff White to freely access this Court, as justice demands.

Done so this December 7, 2007.

Respectfully submitted,

_____ /182262
Patrick Joseph Charest #182262

### Certificate of Service

I HEREBY CERTIFY that I have served a true, correct copy upon this Court, placing said same in the U.S. mail, properly addressed, postage prepaid to U.S. District Court, Post Office Box# 711, Montgomery, Alabama 36101-0711.

Done so this December 7, 2007.

Respectfully submitted,

_____ /182262
Patrick Joseph Charest #182262
Limestone C.F.
28779 Nick Davis Road
Harvest, Alabama 35749-7009

7

Charest, Patrick II 182262
Limestone C.F. J-D
28779 Nick Davis Rd.
Harvest, Alabama
35749-7009

2:07-CV-984-MHT
(WO)

LEGAL MAIL Correspondence

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

United States District Court
Attention: Honorable Debra Hackett
Post Office Box #711
Montgomery, Alabama
36101-0711