IN THE UNTIED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WILLIE LEE WHITE #140147          *

    PLAINTIFF,                    *

Vs.                               *    ~~Case No#~~ _____

ALABAMA PARDON & PAROLES, et. al.,  *  ~~In re:~~ 2:07-CV-984-MHT (WO)

    DEFENDANTS.                   *

### OBJECTION TO ORDER DENYING IFP / JOINDER ISSUED ON DECEMBER 4<sup>TH.</sup> 2007

COMES NOW Willie Lee White (Hereinafter "White") moves this Court to respectfully review *de novo* the foregoing for good cause, and per se a manifest injustice accruing in the above styled **Denial,** as a separate plaintiff –spelled "WHITE, not [Whiting], as follows:

First, and foremost it must be respectfully pointed out, that this Court's Order remains inapposite to the language of title 28 U.S.C. §1915, whereas it summarily denied White's request, to either proceed under the guise of (i) *In forma pauperis* ("IFP") or in the alternative (ii) allow White to partially pay a filing fee, based upon plenary review of White's attached requisite twelve (12) month prison account ("P.M.O.D.") for proper consideration at his initial screening of his §1983 complaint he sought to file, "**separately**" from Charest's.

I.   **FACTS:**

Plaintiff White filed his 42 U.S.C. § 1983 on or about November 26th, 2007 along with his attached PMOD account sheet, affidavit for either indigent status (Doc. 7), or permission to proceed upon receipt of a partial filing fee

Absent this Court *granting* said in forma pauperis ("IFP") White has been effectively denied access to the courts, basically by this Court not providing White with a[ny] available avenue to otherwise docket his §1983 action, upon a valid request.

Although this Court may have otherwise had the *"discretion"* to permit **"joinder"** into an already existent civil tort –as filed, by another separate Plaintiff, named Charest, this Court wholly failed, or outright abused its discretion denying White access to docket his separate filed §1983 action against the Alabama Pardon & Paroles.

On or about December 4th, 2007 Plaintiff White received, not only the Denial of Doc. 7, but also White received the entire package of said separate Complaint, Notices, Summons causing prejudice to White's instant redress for his liberty, in violation of both White's Fifth and Fourteenth Amendment, not to mention the cost for more stamps.

II.   **STANDARD OF REVIEW:**

Albeit that the "Prison Litigation Reform Act of 1995 ("PLRA") –requires, *inter alia*, that a prisoner bringing a civil action, under the premise of *in forma pauperis* ("IFP") –to first pay the filing fee, see §1915(b) (West Supp. 2000).   White maintains he never attempted to pro-rate the mandatory requisite filing fee circumventing either PLRA or IFP standards, a prerequisite of filing a *"separate"* §1983 Complaint, and was

2

likewise thereinafter accepting full responsibility of that filing fee –and the 20% increments thereinafter, simply put, the district court's interpretation of PLRA remains in conflict with Congress's statutory interpretation, thus its finding constitutes a question of law, which is reviewed **de novo**. *Wyzkowski v. Department of Corrections*, 226 F. 3d 1213, 1215 (11th. Cir. 2000); *Mitchell v. Farcass*, 112 F. 3d 1483, 1487 (11th. Cir. 1997)(stating that the court reviews legal questions de novo, such as, whether the filing fee provisions of the PLRA supersedes a previously promulgated federal rule).

## II.    DISCUSSION:

Plaintiff White was not filing along with Plaintiff Charest, but in fact, filed a totally "**separate**" §1983 action, with his own declaration for indigent status, requesting either (i) initial IFP status, or (ii) permission to proceed by paying a partial filing fee, as was allowed by Plaintiff Charest in his case, this Court allowed Charest to proceed with his §1983 action –upon its receipt of his partial filing fee, after he applied for IFP status - but wholly denied White either a waiver of paying the upfront fee, or require a partial filing fee, as granted Plaintiff Charest.

The Eleventh Circuit holds, each prisoner is required to file his "*own lawsuit*" as did Plaintiff White, this Court's ORDER, dated December 4th. 2007 –was either premised upon a mere inadvertence or per se misapplication of the holding in *Hubbard v. Haley*, in that *Hubbard*, was a group of 18 state prison inmate –appearing pro se, they –inapposite to both Plaintiffs White and Charest filed "one-suit, collectively", but Plaintiff White filed

3

his civil action entitled §1983 **"separately"** from Charest, and in fact, individually applied for either IFP status or permission for leave to proceed within this Court's discretion – towards partially paying a designated, prescribed filing fee.

In *Hubbard*, the Eleventh Circuit upheld, previously the Honorable William M. Acker's dismissal action under PLRA based solely upon *"inmates failure to **file separate complaints** and **pay separate filing fees**." **Id**.* Plaintiffs White and Charest, were not requesting to share a single filing fee, but filed separately, and out of concern for judicial congruency of future adjudication, against said named Defendants, but for (i) a right to relief arising out of the same transaction(s) or occurrences, and (ii) plaintiffs share "common questions of both, law and / or facts to persons seeking to be joined." *Alexander v. Fulton County, Georgia*, 207 F. 3d 1303, 1323 (11th Cir. 2000), as quoted in *Hubbard*, at page 1197; *see also* Federal Rules of Civil Procedure, Rule 20. Courts are "to employ a liberal approach to permissive joinder of claims and parties in the interest of judicial economy," however, although the decision to allow joinder is discretionary, it is not unbridled. *Alexander*, 207 F. 3d at 1323-24. The court is given discretion to decide the scope of the civil action and to make such orders as will prevent delay or prejudice. *Arrington v. City of Fairfield, Ala.*, 414 F. 2d 687, 693 (5th Cir. 1969). The denial of Plaintiff White's request for joinder remains clearly an erroneous decision, in that neither delay, nor prejudice would have, could have followed, at Plaintiff Charest's early stage of his litigation.

Plaintiffs White and Charest, argue, separately –in this Circuit under §1983 in accord with both PLRA and IFP to be allowed to proceed, upon said complaints after paying their *"separate"* filing fees, and a[ny] subsequent payment scheduling, as set forth in §1915(b)(2), the mandates of future payments of 20% of prisoners preceding 12 months income, credited to prisoners PMOD's, as was *"separately"* requested by Plaintiff White.

This Court neither, properly reviewed Plaintiff White's *"separate"* affidavit of indengency, nor addressed properly White's request –in the event it denied IFP, a prerequisite *"partial filing fee"* as mandated by both PLRA & IFP under §1983 strictures.

This Court, or perhaps the clerks of said district merely sent back Plaintiff White's entire §1983 Complaint, and affidavit to proceed in forma pauperis, instead of simply denying the "joinder" which was in its discretion, but should have thence, accepted the rest of the document, summons, issuing a subsequent ORDER pointing out exactly what was granted, denied; now Plaintiff White must now "unnecessary spend more money –in postage stamps –due to clerk inadvertence," inapposite to pro se pleadings under Haines v Kerner, progeny.

Furthermore, <u>Hubbard</u>, holds in favor of both Plaintiff White and Charest, in that "PLRA should not be read to repeal Rule 20, but to harmonize with Rule 20," which is exactly what Plaintiffs White and Charest, separately requested. *See Panama Canal*

5

*Company v. Anderson*, 312 F. 2d 98, 100 (5th. Cir. 1963); [1] *see also 7 James Wm. Moore, et. al., Moore's Federal Practice, ¶ 86.04(4) (2d.2d. 1996)*.[2]

Thus *Hubbard*, concluded –that PLRA clearly and unambiguously requires, or as shown herein, allows: *"if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."* 28 U.S.C. §1915(b)(1).

So when this Court failed to first grant IFP then it should at had at least, calculated Plaintiff White's past twelve (12) months of deposits, balances and properly adjusted the initial filing fee, accordingly, and **docketed** Plaintiff White's §1983 Complaint as was *"**separately**" filed. **Cf.** Talley-Bey v. Knebl*, 168 F. 3d 884).

Wherefore premises shown, Plaintiff White prays, in the form of relief, that this Court would (i) Vacate its ORDER denying Plaintiff White's IFP (Doc. 7), or in the alternative (ii) grant permission to proceed, prosecute his §1983 action after paying his requisite partial filing fee in accord with 28 U.S.C. §1915(b)(1), being that a "separate filing" was in fact attempted, but erroneously returned. Upon further plenary review of Plaintiff White's facts, quite distinguishable from the *Hubbard* holding, White request's

---

The Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981, *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc).
    To our knowledge, only one circuit has addressed how the PLRA affects multi-plaintiff IFP actions. In *Talley-Bey v. Knebl*, 168 F. 3d 884, (6th Cir. 1999), the Sixth Circuit affirmed the district court's division of costs between IFP plaintiffs. While *Talley-Bey* adjudicated a different issue; i.e., costs taxed against multi-plaintiffs, the decision suggested that filing fees should be proportionally assessed against multi-plaintiffs well: "Thus, any fees and costs that district court or that we may impose must be equally divided among all the participating prisoners." Id at 887.

(iii) this Court issue the necessary ORDER allowing Plaintiff White to freely access this Court, as justice demands.

Done so this December 7, 2007.

Respectfully submitted,

*Willie White*

Willie Lee White #140147

### Certificate of Service

I HEREBY CERTIFY that I have served a true, correct copy upon this Court, placing said same in the U.S. mail, properly addressed, postage prepaid to U.S. District Court, Post Office Box# 711, Montgomery, Alabama 36101-0711.

Done so this December 7, 2007.

Respectfully submitted,

*Willie White*

Willie Lee White #140147
Limestone C.F. * B-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

Willie Lee White #140147
Limestone C.F.   B-Dorm
28779 Nick Davis Road
Harvest, Alabama

White v Ala. Board of
Pardon & Paroles et al.,

36101/0711

HUNTSVILLE / HVS
AL 358
10 DEC 2007 PM 2 L

This correspondence is forwarded from an Alabama State Prision. The contents have not been evaluated, and the Alabama Department of Corrections in not responsible for the substance or content of the enclosed communication.

United States District Court
For Middle District of Alabama
Post Office Box 711
Montgomery, Alabama
36101-0711