IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK JOSEPH CHAREST, #182262        *

        PLAINTIFF,        *

Vs.        *        **2:07-CV-984-MHT (WO)**

ALABAMA PARDON & PAROLES et. al.,        *

        DEFENDANTS.        *

## OBJECTION TO MAGISTRATES RECOMMENDATION

COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") and moves this Court to accept and *Grant* relief as judicial comity necessitates herein, as follows:

First and foremost it must be respectfully pointed out that Charest had not **named** as Defendants: "the *Alabama Board of Pardon & Paroles*" ("the Board") but merely listed said title inclusive to "et. al." as such on the cover page of his §1983 civil complaint, as a mere formality.        This Court well knows better than Charest, that claims as to whom actually violated certain specific violations, as herein, are prima facially listed on page 2 of said §1983 complaint form, under Section III, entitled "Name and Address of individual(s) you allege violated your Constitutional Rights," **Id.**  Clearly Charest's Document #1 predicates sufficient proof that Charest was suing certain – specific named defendants, not the departmental agency itself, as in artfully pleaded – factually speaking now objected too.

Charest requests from the District Judge –the Honorable M. Thompson, that said civil complaint be reviewed under the doctrine of *Haines v. Kerner,* 404 U.S. 519, 30 L.Ed.2d 652, 92 S.Ct. 594 (1972)(concerning general rules pro se pleadings . . .), simply

because Charest merely labeled the cover sheet with the agency, primarily responsible for the violation, did not mean a suit was against the agency -the facts mentioned on page 3 (Doc#1) listing three (3) unique and separate succinct claims factual enough to specifically name each of the individual named defendants, albeit collectively, separately allow Defendants to plead an affirmative defense, if ones warranted, at this early stage.

In the landmark decision *Ex parte Young,* 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908), the Supreme Court recognized an exception to the general rule that a state official, acting in his official capacity, is immune from suit. The *Young* court held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law by a state official. *Id.* at 155-56, 159. In *Eldeman v. Jordan,* the Supreme Court interpreted *Young* expansively, holding that a federal court may impose an injunction that governs the official's future conduct but not one that awards retroactive monetary relief. 415 U.S. 651, 664-66, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974).

Simply put, the Magistrate misconstrued Charest's complaint, the Eleventh Amendment does not bar claims for equitable relief against the individual Defendants in their official capacities, as long as those claims are only for prospective injunctive relief. *Ex Parte Young,* supra.    *Young* and its progeny provide for prospective injunctive relief for an ongoing violation of federal law, and Charest requested for "*prospective declaratory and injunctive relief,*" against further, future discriminatory actions. Therefore, the Eleventh Amendment as to the individual Defendants does not bar these claims in their official capacity, inapposite as was subjectively asserted by Magistrate Walker at page 2 under ¶ 1 @ Discussion.

2

Moreover, the Eleventh Amendment sovereign immunity does not apply to bar relief under 1983 when a state official is sued for prospective injunctive relief to "end a continuing violation of federal law," as was alleged, requested by Charest. *See Seminole Tribe of Florida,* 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). Although "neither a State nor its official acting in their official capacities are 'persons' under 1983," *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), a state official sued for prospective injunctive relief in his or her official capacity is a person under 1983, *see id.* at 71 n.10 , as are state officials sued in their individual capacities. *See Hafer v. Melo,* 502 U.S. 21, 31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), thus Charest's named Defendants should be allowed to plead the defense, not the Court, as previously ordered by the Court on <u>December 6th 2007</u>, whereas first the magistrate stated: "*The Magistrate Judge has reviewed the complaint and determined that this pleading cannot be properly and effectively processed by the court **without further information from Defendants**.*" **Id**, additionally the Court stated, secondly that: "Accordingly, it is hereby ORDERED that: ' . . . . [2] An answer and written report **<u>shall be filed with the court and a copy served upon Plaintiff on before January 14, 2008. Id.</u>** Also, thereinafter at page 2, the Court stated: "**<u>All defenses including immunity defenses must be set forth in the written report of such defenses may be waived . . .</u>**" **<u>Id</u>**.

State officials acting in their individual capacities are not protected by the sovereign immunity conferred by the Eleventh Amendment. *See Harden v. Adams,* 760 F.2d 1158, 1164 (11th Cir. 1985). The Eleventh Amendment also does not bar claims (for monetary or injunctive relief) against the individual Defendants in their individual capacities. *See Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992). Thus Charest's

specific named Defendants: "1) Bob Riley, 2) Troy King, 3) Miriam Shehane ("VOCAL")
and all three (3) individual defendants 4) Sidney Williams, 5) Velinda Weatherly and 6)
Robert Longshore as mentioned are not entitled to the "Eleventh Amendment" immunity,
as erroneously mentioned by the magistrate at this inception, *see Adams,* supra.

"Because qualified immunity is a defense not only from liability, but also from suit,
it is 'important for a court to ascertain the validity of a qualified immunity defense
**"when asserted by the named Defendants"** in the lawsuit.'" *Lee v. Ferraro,* 284
F.3d 1188, 1194 (11th Cir. 2002) (quoting *GJR Invs., Inc. v. County of Escambia,* 132 F.3d
1359, 1370 (11th Cir. 1998)). "The qualified immunity defense may be raised and
addressed on a motion to dismiss, and will be granted if the complaint 'fails to allege the
violation of a clearly established constitutional right.'" *Smith v. Siegelman,* 322 F.3d
1290, 1294 (11th Cir. 2003) (quoting *Chesser v. Sparks,* 248 F.3d 1117, 1121 (11th Cir.
2001)).        Charest maintains that for the Defendants "to [have] received qualified
immunity, those official's must first prove [they] were acting within the scope of
discretionary authority when the allegedly wrongful acts occurred." *Vinyard v.
Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002). "[A] government official [must] prove that
he [or her] acted within his [or her] discretionary authority by showing [the] 'objective
circumstances which would compel the conclusion that his [or her] actions were
undertaken pursuant to the performance of his [or her] duties and within the scope of his
authority.'" *Courson v. McMillian,* 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v.
Dollar,* 841 F.2d 1558, 1564 (11th Cir. 1988)). At all times relevant to this issue, Charest
asserts, maintains that said Defendants usurped their performance of duties and acted
outside the scope of his [or her] authority and as such acted without his [or her]
discretionary authority.

4

"Once the defendant establishes that he was acting within his [or her] discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002), Charest maintains that such has not been asserted by the dismissed named Defendants.  In order to decide if the plaintiff is required to meet the shifted burden, it will be necessary for the court to apply a two-part test. First the court must determine "whether plaintiff's allegations, if true, establish a constitutional violation." *Smith v. Siegelman,* 322 F.3d 1290, 1295 (11th Cir. 2003). In the event the court finds that the allegations do state a constitutional violation, the court must go on to determine "whether the right was clearly established." *Id.* at 1295, Simply put Defendants Riley, King and Shehane were dismissed absent authority and jurisdiction by Magistrate Walker.

The Magistrate's Recommendation (January 9th, 2008 Doc#?) chills, or per se forecloses Charest's right to seek Federal relief for the constitutional abridgments suffered by Defendants: "1) Riley, 2) King and 3) Shehane," inclusive to the remaining named Defendants:  "4) Williams, 5) Weatherly and 6) Longshore," absent the first three named defendants "raising or perhaps first asserting themselves a consent, or an otherwise affirmative defense" does not allow the Courts to *sua sponte* invoke such immunity for them, since Charest's "suit" was in fact against specific named defendants and not against the "State" itself, nor did Charest seek a[ny] monetary relief, but only declaratory and future injunctive relief, thus the Eleventh Amendment proscriptions as applied to this instant case were not applicable to Charest's distinguishable §1983.

Charest respectfully asserts, maintains that *Young* supra, and its progeny provide for prospective injunctive relief for ongoing violations of federal law, worthy of this Court's judicial scrutiny under the United Supreme Court's holding in *Wilkinson v.*

*Dotson*, 544 U.S. 74, 161 L.Ed.2d 253, 125 S.Ct. 1242 (2005). Charest asserts, maintains that at least five other known Plaintiffs have filed, individual §1983 suits against these same specific named Defendants, above, whereas Charest requests that this Court "*take judicial notice*" of the ongoing Federal Constitutional violations both "*pending*" and at present "*rising*," *see 1) Willie Lee White, #140147 @ 2:07-CV-1080-MHT, before Magistrate T. Moore, 2) Johnny Brown, #110326 @ 2:07-CV-1123-MHT, before Magistrate C. Coody, 3) Ronald Sutton #210657 [not yet assigned case number judge- but filed within this District] 4) Anthony L. Carey #152763 @* 2:07-CV-1106-MHT, before Magistrate T. Moorer, *5) Bernies Burnett, #132146 @ 2:08-CV-22-WKW before Magistrate T. Moorer* with respects to how Alabama state prisoners are *arbitrarily, capriciously and unconstitutionally being* denied "fair" Parole consideration inapposite to both *Wilkinson v. Dotson*, supra, and *Greenholtz v. Nebraska*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979) progeny's –being evaded plenary review by this Circuit's Magistrate Walker.

In the present case, Charest's Complaint sought a simply declaration that certain acts by specific named Defendants be ruled unconstitutional and unlawful and asked the Court to enjoin such practices and take remedial action to ensure that the Defendants comply with all such laws in the future. As such, the *Ex Parte Young* exception applies and there was no rational basis for dismissal of Defendants Riley, King nor Shehane. Accordingly, the *sua sponte* Dismissal based on the Eleventh Amendment should be reversed. *See Ex Parte Young*, 209 U.S. at 159-160; *Sandoval v. Hagan*, 197 F.3d. 484, 492 (11th Cir. 1999); *Occean v. Kearney*, 123 F. Supp.2d 618, 621 (S.D. Fla. 2000).

WHEREFORE PREMISES SHOWN, Charest prays that this Court would *GRANT* the above styled Objection under the exceptional clause invoked above, as applied to this instant cause of action under the special facts argued above, or other alternative relief this District Judge affords this pro se pleading.

Done so this January 15th, 2008.

Respectfully submitted,

Patrick Joseph Charest #182262

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the OBJECTION upon the Honorable D. Hackett –for delivery upon the District Judge M. Thompson for proper judicial review, placing said same in the U.S. mailbox –properly addressed as Post Office Box #711, Montgomery, Alabama 3610-0711.

Done so this January 15th, 2008.

Respectfully submitted,

Patrick Joseph Charest #182262

USA 41

CHANEST, PATRICK #182262
Limestone C.F. J-Dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009
2:07-CV-984-MHT

on Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Office of U.S. Dist Court
c/o Honorable Debra Hackett, Clerk
Post Office Box #711
Montgomery, Alabama
36101-0711