IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

Patrick Joseph Charest, #182262            *

      Plaintiffs,                            *

Vs.                                        *      2:07-CV-984-MHT

Alabama Pardon & Paroles et.al.,           * [ Requesting Civil Joinder
                                             under Rules 18 -20 of the
      Defendants                            * Federal Rules of Civil Procedure]

**MOTION FOR LEAVE TO PROCEED –AMENDING
COMPLAINT AND OR JOINDER OF NEW
PARTIES TO CURRENT CIVIL ACTION**

      COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* pursuant to either Rules 15(a) and / or 18 -20, F.R.Civ.P., in the above-styled action for juridical continuity, comity due to the complexity of interrelated claim(s) as a DIRECT result of subsequent and potential concerted schemes by these two (2) newly amended Defendants to the present action above.   Plaintiff Charest has suffered numerous other Constitutional deprivations as a direct result of Defendants Hugh Davis, and or Steve Sirmon, either collectively, separately or in fact in their individual capacity acting under the color of state law during their immediate representation of the Board of Pardon & Paroles "defendants."

      Plaintiff Charest maintains, *inter alia*, that four (4) claims against these two new Defendants arose out of the above cited case, during the remedial access to this Court; one of, or either both these two (2) Defendants in Document 21 committed fraud upon this Court, and Plaintiff Charest and have abridged Charest's First, Fifth and Fourteenth Amendments, see attached "Amended Complaint Against Defendants Attorney For Fraud Upon The Court, Plaintiff In Contradiction To Proper Service," for which Charest seeks relief.

Assuming *arguendo*, the following rules favor either 1) Amendment under Rule 15(a); 2) joinder, where Rule 18 determines the joinder of claim(s); or 3) Rule 19(a) promotes the joinder of persons needed for just adjudication(s); and or 4) Rule 20(a) treats the permissibility of parties, which ultimately promotes juridical economy, convenience allowing parties to be freely joined so as to resolve as many disputes as possible which relate to, as herein, the particular transaction(s), occurrence(s) involving Defendant parties as a whole, thus avoiding multiplicity of suits and inconsistent adjudications, all of which the above manifest's –in favor of comity for resolution and juridical fair-play, under Federal Rule of Civil Procedure, **cf.** Rule 5, Fed.R.Civ.P.

Rule 20(a) permits all persons to join as plaintiffs in an action where (1) they assert a claim jointly, severally, or in the alternative regarding a particular transaction or occurrence (or series of transactions or occurrences) and (2) where *any* questions of law or fact common to the parties will arise in the action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action, considering the totality of the circumstances and the deprivations complained of. Note that the term "common question of law or fact" does not refer to generic facts or law (e.g. "the law" of torts), but rather to a "fact" as a particular occurrence or event, and "law" as an application of the same legal rule or principle in a related factual setting. Rule 20(a) provides the court with discretion to make such orders, relieving parties joined of any embarrassment, delay, avoiding prejudice and expediting a final determination of plaintiffs' common disputes, preventing multiple lawsuits. See <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 8 BNA FEP Cas. 92, 7 CCH EPD 9408, 18 FR. Serv. 2d 1142 (CA8 Mo. 1974); <u>United States v. Carolina Warehouse Co.</u>, 4 FRD 291 (DC. SC. 1945); <u>Fair Housing Development Fund Corp. v. Burks</u>, 55 FRD 414, 16 FR Serv. 2d 826 (ED. NY.

1972); *Horton Co. v. International Tel. & Tel. Corp.*, 85 FRD 369, 29 FR Serv. 2d 288 (WD. Pa. 1980); *Pennsylvania v. Local Union 542, International Union of Operating Engineers*, 27 FR. Serv. 2d 974 (ED. Pa. 1979); *Guedry v. Marino*, 164 FRD 181, *magistrates recommendation* (1996, ED. La.), 1996 U.S. Dist. LEXIS 16197 (ED. La. 1995); *Bridgeport Music, Inc. v. 11C Music*, 202 FRD 229, (MD. Tenn. 2001).

Wide latitude should be granted, given; under the circumstances governing Plaintiff Charest's indistinguishable claim(s) oagainst these newly amended parties, given their respective ethical duties owed first and foremost this Court, then second the Plaintiff governing procedural rules concerning either joinder of parties, or an amendment –ultimately affecting Charest's substantive rights at this inception. *See* Rules 15(a), 18(a), 19(a), and 20(a), F.R.Civ.P.

Rule 15(a) provides in part:

> "Amendments: 'A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, . . . A party shall plead in response to an amended pleading with the time remaining for responses to the original pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.'"

Id. at 15(a), supra.    Since Charest has not received *"any pleading,"* from Defendants as previous ordered by this Court on December 6th, 2007 *"prejudice has ensued by newly amended Defendants actions,"* depriving Charest of service of copies of specific named *"documents,"* in violation of both Equal Protection and Due Process.

Rule 18(a) provides in relevant part as follows:

> "Joinder of Claims and Remedies, 'a party asserting a claim to relief as an original claim, . . . . may join, either as independent or as an alternative claims, as many claims, legal, equitable, . . . as the party has against an opposing party.'"

*Sunderland, The New Federal Rules,* 45 W.Va. L. Q., 5, 13 (1938), *also* <u>Clark</u>, *Code Pleading 58 (2d ed. 1947)*(Permitting a party to plead multiple claims of all types against opposing part[ies]).

<u>Rule 19</u> provides in relevant part as follows:

> "Joinder of Persons Needed for Just Adjudication, '(a) <u>*Persons to be Joined*</u> if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) <u>*the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest*</u> or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .'"

(Emphasis added). Additionally, <u>Rule 20</u> Permissive Joinder of Parties provides in relevant part as follows:

> "(a) *Permissive Joinder.* 'all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added). Plaintiff Charest maintains as does this Circuits holdings, referring first to Rules <u>15</u>, <u>19</u>, and <u>20</u>, it seems clear that under the rules of *stare decisis* if these defendants/plaintiffs are not joined, or amended a decision in

favor of the present defendants -against the plaintiff or the inmate class would at least to some extent *"impair or impede"* a plaintiff's ability to protect his or her legal interest against a[ny] named defendant. *See* <u>Chiles v. Thornburgh</u>, 865 F.2d 1197, 1212 (11th Cir. 1989).          [A]ll act(s), inaction(s), transaction(s), occurrence(s) and the most recent omission(s) arose out of Charest exercising redress for certain inalienable Constitutional rights, and currently rising from a series of overt act(s), inaction(s) resulting from the Board's own "defending" attorney's causing the substantive prejudice; Plaintiff Charest is suffering injuriously, absent judicial intervention of Federally protected Constitutional rights, due to another State impediment involving question(s) of law and fact, Charest will continue to be ambushed, and this Court will likewise continued to be lied to by the Board's attorneys until its addressed by this Court and Plaintiff; therefore this Court must likewise conclude joinder and / or an amendment is necessary and adequately proper. *See* <u>U.S. Constitution, Amendment I, and Article III, § 2</u>.     Plaintiff Charest requests that this Court "take judicial notice" of *"ongoing & continuing violations,"* of both Constitutional violations regarding Plaintiffs "procedural –substance" rights by attorneys Davis, and or Sirmon in the current controversy as to the concrete adverseness, which sharpens the presentation of issues presently before this Court, upon which [a] court so largely depends for illumination of difficult . . . questions [.]" See *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

To the extent of the language in the attached AMENDED COMPLAINT under the auspice, request of being fully incorporated as same herein, Charest request that this Court expedite said COMPLAINT / SERVICE so as not to delay, the current §1983 action against the Board members, according all parties fundamental fairness & due process.

5

.

WHEREFORE PREMISES SHOWN, Plaintiff Charest requests for either Joinder or Amendment under the circumstances ascribed above, hereinafter for juridical efficiency, as a matter of right.

Done so this January 30, 2008.

Respectfully submitted,

_____
Patrick Joseph Charest# 182262

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, dated below, placed said Amendment Motion and / or Joinder in the U.S. mailbox properly addressed to Honorable Debra Hackett, P.O. Box# 711, Montgomery, Alabama 36101-0711.

Done so this January 30, 2008.

Respectfully submitted,

_____
Patrick Joseph Charest #182262
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749-7009



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Patrick Joseph Charest, #182262     *

        Plaintiff,                      *

                                           *

Vs.                                     *    **Case No: 07-CV-984-MHT (WO)**

                                           *

Alabama Pardon & Paroles et. al.,    *

        Defendants.                 *

**AMENDMENT AGAINST DEFENDANTS ATTORNEY
FOR FRAUD UPON THE COURT, PLAINTIFF IN
CONTRADICTION TO PROPER SERVICE**

      COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* and *ENTERTAIN* the above styled action as follows:

**I.**      **FACTS:**

§ 1.    Charest maintains that this Court **ORDERED** on December 6th, 2007 that "[2] An **answer and written report** shall be filed with the court and a copy served upon Plaintiff (Charest) on or **January 14, 2008 . . . .**" Id.

§ 2.    Charest received from Magistrate Walker on January 9th, 2008 the court's summary "**Recommendation Of The Magistrate Judge**" (hereinafter "R & R") requiring an objection –which by law Charest filed "1) *Objection To Magistrates Recommendation,*" for plenary review by District Judge Thompson.

§ 3.    On **January 11th, 2008** Charest received another order by Magistrate Walker whereas said Court asserted: "[T]he Magistrate Judge has reviewed the <u>answer, special report and supporting evidentiary materials filed by Defendants (Doc# 21) and</u>

determined that Plaintiff (Charest) must file a response in opposition to such pleadings. Accordingly, it is ORDERED that on or before **January 31, 2008** Plaintiff (Charest) shall file a response to the written report. . . ." **Id.**

Based upon the prejudice brought to Charest's attention –that immediate action was required to protect the instant action –Charest filed on January 15th, 2008 for an *"Extension For Time To Respond To Court Order Issued January 11th, 2008 Of Defendants Doc# 21,"* whereas Charest strenuously pled both, the "1) Defendants failure to serve Charest "with a[ny] answer, special report, evidentiary materials[!],"and for the "2) Defendants prejudice, fraud upon said parties that it "served Charest with a timely answer before January 14 [?]," to date none has arrived.

## II.    COMPLAINT:

§ 4.    Charest alleges that Defendants Williams, Longshore and Weatherly's attorney of record, either, both, Hugh Davis, and / or Steve Sirmon –collectively, separately or individually have under color of State law committed the following:

First Cause of Action:

*"Fraud, Misrepresentation"* unto this Court in court document (# 21)(against Charest's right to access, review pleadings) as supplied this Magistrate, under the oath, penalty of perjury in their "Certificate of Service," whereas Charest has to date never received notice, response, answer or otherwise as respectfully made mention by this Honorable Magistrate –dated January 11th, 2008.

Second Cause of Action:

"Hindered, Obstructed or Denied Charest *access to the Court*," by ambushing the above cited §1983 Complaint in their act(s), action(s) or outright omission(s) by not serving Charest a copy of their "answer, special report and supporting evidentiary materials" as OREDERED by this Court on December 6th, 2007; however said "*hidden documents*" have been given to Magistrate Walker only.      Charest has both first hand knowledge, and constructive possession of evidentiary materials; documents that said attorneys, above, on behalf of the Board of Pardon & Paroles "*continuously deny Plaintiffs with pleadings*," thereby obstructing justice by disingenuous tactics employed upon Charest prejudicing substantive rights, in the violation of his First Amendment right to "*redress grievances*," under the U.S. Constitution. Charest asserts, maintains that as a State inmate the political rights enumerated in the first complaint, have been abridged by Defendants Davis and / or Sirmon –hindering –obstructing and delaying direct access to this Court, inapposite to protections afforded Charest, that of a) right to political activity; b) to associate, to communicate, and to c) present grievances to the government. Id. at U.S.Const, amend. I. The later of in section c) above -has been abridged by both, either, Defendants Davis and / or Sirmon, collectively, separately or individually in violation of Federal Law.

Third Cause of Action:

Defendants Davis and / or Sirmon collectively, separately or individually acting under the color of State law have "*deprived Charest of his Fifth, Fourteenth Amendment*," rights in violation of Federal Law, U.S. Constitutional Amendment, in that "1) Equal Protection rights have been *hindered, obstructed or denied* Charest as the

Plaintiff during substantial exercise of redressing Federal / State unconstitutionalities in the State of Alabama, in 07-CV-984-MHT above; and likewise occurring in other similar §1983 Complaints 1) Willie Lee White, #140147 @ 2:07-CV-1080-MHT; 2) Johnny Brown, #110326 @ 2:07-CV-1123; 3) Bernies Burnett, #132146 @ 2:08-CV-22-WKW; 4) Anthony Carey, #152763 @ 2:07-CV-1106; 5) Ronald Sutton, #210657 @ 2:08-CV-0003) all of which have current –ongoing civil torts against Defendants Governor Riley et. al., General King et. al., Board member Defendants (Wynn et. al. the predecessor to S. Williams), Longshore et. al, Weatherly et. al., and M. Shehane et. al.," whom deprived plaintiff Charest and other remedial class of inmates of Federally protected Constitutional Rights, of which Charest requests be *"taken into judicial notice,"* under Rule 201, Fed.R.Evid, hereinafter for prospective comity, justice.

Fourth Cause of Action:

Defendants Davis and / or Sirmon collectively, separately or individually acting under the color of State law have *"deprived Charest of his Fifth, Fourteenth Amendment,"* rights in violation of Federal Law, U.S. Constitutional Amendment, in that "2) Charest is being *denied substance Due Process* in violation of the U.S. Constitutional mandates enumerated under Federal Rule 5(d), Fed.R.Civ.P., *inter alia*, whereas Defendants Davis and / or Sirmon have not "served Charest with copies of a[ny] answer(s), special report(s), evidentiary material(s) –as Court ORDERED on December 6th, 2007 however, Magistrate Walker is the only one to whom has a copy of said "documents" thus directly denying Charest right to review, manage the §1983 civil action –thereby constituting judicial hindrance, impinging Charest's right to fundamental rights access the courts.

WHERFORE PREMISES SHOWN, Charest prays that this Court 1) Serve copy of the above Four (4) causes of action upon Defendants Hugh Davis and / or Steve Sirmon (constituting civil violations) for their egregious overt act(s), action(s) and outright omission(s) contravening Charest's First, Fifth and Fourteenth Amendments while Charest was actively engaged in redress of certain (other) inalienable rights enjoined the U.S. Constitution -thus requesting juridical action by this Court; and 2) Additionally, Issue an ORDER for show cause why this Court should not likewise hold said Defendant attorney's in contempt of court, for their direct insolence to this instant action, and the Court –delaying justice; and 3) ISSUE an ORDER requesting either, both, be hereinafter *"recused,"* from actively participating in pleading henceforth for the Board members until this Court is certain –as to which one has in fact committed the above civil actions against Charest's protected Constitutional rights, and also 4) INVALIDATE the Board's *"answer, special report and supporting evidentiary materials,"* (Doc.#21) due to the prejudicial contestation of improper service upon Charest the plaintiff; said "documents" have been in this Court's possession almost four (4) weeks ago this Friday (February 1st, 2008).

Done so this January 29th, 2008.

Respectfully Submitted,

_____
Patrick Joseph Charest #182262

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have served a true and correct copy of the CROSSCLAIM upon the Honorable D. Hackett –for delivery upon the Defendants Hugh Davis, and Steve Sirmon for proper judicial review, service by placing said same in the U.S. mailbox –properly addressed as Post Office Box #711, Montgomery, Alabama 3610-0711.

Done so this January 29th, 2008.

Respectfully submitted,

Patrick Joseph Charest #182262
Limestone C.F. J-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009