## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

Patrick Joseph Charest, #182262      *

2008 FEB 11  A 9: 39

       Plaintiff,      *

DEBRA P. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Vs.      *      **2:07-CV-984-MHT**

Alabama Pardon & Paroles et. al.,      *

       Defendants.      *

## MOTION FOR CONTINUANCE / STAY
## PERMITTING PLAINTIFF TO CONTEST
## DEFENDANTS ANSWER

COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") and moves this Honorable Court to *GRANT* the above styled cause of action as follows:

§ 1.     Defendants have filed an ANSWER albeit four (4) weeks later than Court ORDERED on December 6th, 2007 –said ANSWER remains totally insufficient but Charest requests for a stay pending appropriate DISCOVERY, see attached motions inclusive to, but not limited Charest's attached AFFIDAVIT fully incorporating as same herein, in this instant motion adopting by specific references all motions filed, under attestation.

§ 2.     Charest maintains –asserts that under Federal Rules of Civil Procedure, Rule 56(f), to permit Charest to counter Defendants answer by means of sufficient documentary evidence, affidavits opposing Counsel's "shot-gun" styled answer.

Plaintiff Charest asserts, it appears from the answer, without waiving his right to redress said answer at the appropriate time, after DISCOVERY, that Charest cannot effectuate by Affidavit essential facts underlying justification, absent limited discovery

process being first afford Charest to oppose Defendants answer under Rule 56(f), Fed.R.Civ.P.

"Subsection (f) allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion if he presents valid reasons justifying his failure of proof." *Wallace v. Brownell Pontiac-GMC Co.,* 703 F.2d 525, 527 (11th Cir. 1983) (internal citation and quotations omitted)).

In compliance with, said permission under this rule, Charest supplies this Court, as well as Defendants ample opportunity to review the attached DISCOVERY motions that such are in fact, within he ambience of said rules, thus permitting      Charest the nonmovant herein, opportunity to rebut      Defendants the movants ANSWER just received February 6th, 2008.

Previously, this Court relied upon the Eleventh Circuit precedent of *Snook v. Trust Co. of Georgia Bank, N.A.,* 859 F.2d 865, 870 (11th Cir. 1988), wherein the court said:
The party opposing a motion for summary judgment has a right to challenge submitted motions by conducting sufficient discovery so as to enable him to determine whether he can furnish opposing affidavits, responses . . . If documents or other discovery sought would be relevant to the issues present by the motion for summary judgment, the opposing party should be allowed the opportunity to utilize the discovery process to gain access to the requested materials.

Additionally,    noted    in    the    Eleventh    Circuit,    it    stated    that    summary judgment should not generally be granted until the party opposing the motion has had an adequate opportunity for discovery. *See Littlejohn v. Shell Oil Co.,* 483 F.2d 1140, 1145 (11th Cir. 1973) (noting the high fatality rate of summary judgment dispositions at a time before the facts have been fully developed).

§ 3.    Charest specifically maintains –asserts that postponement of a[ny] ruling in favor of Defendants, at this stage will enable Charest by lawful means to effectuate the other necessary elements to rebut, with strict proof Defendants unsupported allegations in their ANSWER, despite the fact that as the movant's the Defendants did not meet their initial burden by pointing this Court, or Charest to were his claims came up short –or better put a[ny] "<u>absence of a genuine issue of fact</u>," a necessary concomitance with both his Circuits holdings, and the rules governing said procedures, see *Reflectone, Inc. v. Farrand Optical Co.*, 862 F.2d 841, 843-44 (11th Cir. 1989) (citations omitted).

The legal standard and analysis necessary to afford Charest fundamental fairness is because Defendants appear to demand their entitlement to relief based upon on their unsupported version of events rather than on the facts sworn in Charest complaint, thus as the plaintiff –Charest should be allowed to fully develop the full scope of his claims, based upon the profound effects the act(s), action(s) and outright flagrant omission(s) Charest, and the other inmates have alleged against the Board Defendants, although their current exists "*evidence pointing to the existence of genuine issues of material facts*," Charest will be in far greater shape to present them "one time" after DISCOVERY.

In the interest of Federal comity, in accord with the spirit of liberality, Charest sets out most, if not all the substantive reason(s) in the attached, coupled *Affidavit* supporting both the grant of this instant motion, and permission for limited discovery. See *Wallace v. Brownell Pontiac GMAC Co.*, 703 F.2d 525, 527 (11th.Cir. 1983)(quotations omitted).

WHEREFORE PREMISES SHOWN, Charest prays that this Court would respectfully stay any response by Charest until, and after DISCOVERY is fully completed as clearly articulated in the AFFIDAVIT supporting this motion, inclusive to the Charest

1st Set Of Interrogatories, Admissions, Requests, and Production of documents et. seq. hereinafter coupled with this motion, served upon Defendants by certified mail.[1]

Any such other relief that this Honorable Court deems sufficient being that Defendants answer remains wholly inapposite to this Courts December 6th, 2007 Order – which did not attach the **"copies of all documents, records and regulations relevant to Plaintiff's claims for relief,"** Id. Primary cause for discovery now.

Done so this February 6th, 2008.                 Respectfully submitted,

_____
Patrick Joseph Charest, #182262
Acting in pro per.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the RECONSIDERATION upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1.      Defendants Williams (Wynn), Weatherly, Longshore et. al.,
        C/O Chief Counsel Honorable Hugh Davis
        Attorney for Alabama Pardon & Paroles
        301 South Ripley Street
        Post Office Box #302405
        Montgomery, Alabama 36130

Done so this February 6, 2008.                 Respectfully submitted,

_____
Patrick Joseph Charest #182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

---

[1] Charest asserts that the Certification Card Number hereinafter ascribed #7003-1010-0001-7104-4841 was placed upon the Discovery motion, and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

Patrick Joseph Charest, #182262                    *

        Plaintiff,                              *

Vs.                                                *        **2:07-CV-984-MHT**

Alabama Pardon & Paroles et. al.,                  *

        Defendants.                             *

**AFFIDAVIT OF PATRICK J. CHAREST**
**IN SUPPORT OF RULE 56(f) MOTION**

**STATE OF ALABAMA   :**

**LIMESTONE COUNTY :**

    Before me, the undersigned authority did appear one Patrick J. Charest, AIS No: 182262, whom did depose and state under the penalty of perjury the foregoing attestations:

1)    My name is Patrick J. Charest, I am an incarcerated convict at Limestone Correctional Facility, I am over the age of nineteen (19) years and remain competent to execute this affidavit, which is based upon both, personal and first hand knowledge of facts surrounding the §1983 Complaint, and subsequent events thereinafter.

2)    I am acting in pro per, and have since the inception of said complaint, and will remain as such at all times relevant hereinafter, until this Court ORDERS otherwise, per se such as representation of, for class certification by Counsel.

3)    I sued Defendant's Williams (now superseded by B. Wynn), Weatherly and Longshore in their specific named capacities while they were acting under color of state law, because they violated my Constitutional rights which known reasonable person (s)

would have known not to have subject me to, thus they collectively, separately or individually usurped State statutory laws, and deprived me of Federally protected civil rights in violation of U.S. Constitution, Amendments One, Fifth, Fourteenth, *inter alia*.

4.     I assert, aver that the specific Interrogatories at pp. 9 –13 under §§1 –17 in the attached 1st Set of I & I's relate to proving Charest's claims, directly relating each named Defendant herein to certain specific State, Federal violations which remain dispositive to predicating Charest elements to the three (3) succinct violations of Constitutional parameters, reviewable and under scrutiny by the terms, definition, confines of §1983.

5.     I assert, aver that the specific Admission, at pp. 13 –17, §§18 –34 in the attached 1st Set of Admissions remain relevant to proving Charest's claims to federally protected Constitutional rights, and discovery of such directly relating to each named Defendant herein to certain specific State, Federal violations which remain dispositive to predicating Charest elements to the three (3) succinct violations of Constitutional parameters, now reviewable and under scrutiny by the terms, definition, confines of §1983.

6.     I have reviewed the Defendant's Answer, absent the Court ORDERED "**written report**" in this matter, I have personal, first hand knowledge of the facts surrounding defendant's unsupported probability of events which remain in contradiction to the record proper, transcripts, or tape recordings to which Charest overall objects but cannot at this juncture specific point this Magistrate too, because Defendants failed to afford both this Court, and Charest with said specific "documents" in their answer –inapposite to this Courts December 6th, 2007 ORDER otherwise, nevertheless Charest will now attempt to secure said documents, records, recordings, transcripts of the December 6th, 2005 parole hearing within the strictures of permissible limited DISCOVERY for the most part, due to limited perjury to this Court, by Defendants in their first real answer, what is Charest –

2

this Court to expect next, from the Defendants, inclusive to their evasive tactics causing more *hindrance, delay and outright obstruction of justice.*

7.      I adopt by specific reference, in toto, the coupled DISCOVERY motions, request for PRODUCTION of DOCUMENTS enclosed herein, and fully incorporate hereinafter as same therein, for purpose of brevity, to support the attached Rule 56(f), motion, that the above, below and current statements, remain cognizant to predicating Charest "facts" "elements" to the three colorable claims, ripe for future adjudication, against Defendants Williams (superseded by Wynn), Weatherly, and Longshore, and per se now other four (4) unknown participants, as alleged in Counsels unsupported ANSWER at page 6, ¶ 19, to which Charest desires to object –contradict with Affidavits and documents produced from DISCOVERY to this Court, and for a tentative jury trial.

As a whole, without waiving the rights to objecting to, and contradicting all other unsupported allegations in Counsels belated ANSWER at pp. 1 –6 ¶¶ 1 –19, to which Charest maintains that DISCOVERY of the forthcoming "records, forms, transcripts, recordings, *inter alia,*" made by specific references in the attached discovery motions – relate to each, every element that Charest has to prove at trial, thereby relative to this instant action, and cause for an immediate stay –continuance, until and after full disclosure has been afforded Charest, and this Honorable Court, by DISCOVERY.

8.      Absent the Defendants submitting to this Court December 6th, 2007 ORDER, whereas it stated in pertinent part, at page 1, ¶ 2, "An **answer and written report** shall be filed with the court and a copy served upon Plaintiff on or before **January 14, 2008. The written report <u>must</u> contain the** [*page 3] **sworn statements of all person having knowledge of the subject matter of the complaint**. . . . <u>Where Plaintiff's claims or Defendants defenses relate to or involve the application of</u>

3

administrative ruels, regulations or guidelines the written report **shall** include copies of all such applicable administrative rules, regulations or guidelines. **In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiffs claims for relief.**" Id. at this Courts ORDER, supra, Charest maintains he cannot effectuate properly a[ny] Affidavit —objecting too, and contradicting Counsels ANSWER absent limited DISCOVERY in accord with Rules 26, 33, 34, 36 and 56(f), Fed.R.Civ.P.

9.    I maintain in support of the attached Rule 56(f) motion, that Charest's 1st. Set of I & I's, and the Request for Admissions —coupled with the requested Production of Documents can and will predicate from the "record proper" in possession of either Defendants Williams (superseded by Wynn), Weatherly and Longshore or Counsel the necessary "records, forms, recordings, copy's of transcripts, *inter alia*," to substantiate a viable OBJECTION to, and REPLY to Counsels belated ANSWER upon DISCOVERY which will directly contradict each, every and most of all Defendants unsupported allegation in their "shot-gun" styled motion.

10.    Without being afforded the legal opportunity to contradict Defendants ANSWER – Charest maintains that most of all Counsels unsupported allegations can be directly refuted by their own records, documents and regulations, guidelines to which the Honorable H. Davis made references to, albeit limited, but tactfully failed to provide copies of, to this Court and Charest that remain relative to the Defendants defenses "raised" in their ANSWER inapposite to the application of their administrative rules, regulations and the two (2) distinct "guidelines challenged herein, referenced  as 1) the 640-X's those in force, in effect and controlling law for Charest's *eligibility and consideration* and the subsequent amended 2) Articles that the Board utilized to deny

4

Charest his December 2005 parole —none of which Counsel supplied this Court, or Charest as Court ORDERED on December 6th, 2007, such that Charest has too now seek DISCOVERY for to properly effectuate his REPLY coupled with supporting AFFIDAVIT.

11.    I maintain that Counsel has already ambushed the instant action, by underlining strategic tactics of unfair practices, and currently have pending before this Court two (2) unique pleadings, which to date have not been adjudicated —cause for an immediate stay and or continuance until otherwise decided upon which are Charest's *"Motion For Leave To Proceed —Amending Complaint and or Joinder of New Parties To Current Civil Action,"* and *"Amendment Against Defendant Attorney For Fraud Upon The Court, Plaintiff In Contradiction To Proper Service & Gross Prejudice Caused By Ambush,"* as filed, docketed February 1, 2008.

The language, allegations therein, remain cause for immediate sanctions, actions by both this Court and Charest "against Counsel for the party Defendants," under the standard of legal practice, procedures governing this Court's authority, power invested it by Congress, and federal comity protecting Charest's right to freely redress his grievances absent "obstruction, delay and outright denial" of fundamental fairness by Counsels overt acts, actions and usurpation of Court orders, in violation of professional ethics. If this were in fact, Counsels first, maybe even second time pleading under the penalty of perjury that as the attorney of record, they served a[ny] inmate in prison, timely copies of said pleadings filed before this Court —then Charest could very well openly state, and humbly accept such inadvertence, but "ongoing facts" which Charest is aware of remain quite different.   Charest will forward upon completion AFFIDAVITS proving that Counsel H. Davis has and continues to commit "fraud" upon this Federal Court, by not only himself but other inmates whom have first hand knowledge of said disingenuous tactics.

5

Sworn to and Subscribed heretofore this _____6_____ day of ___Feb_____, 2008.

[S E A L]

_____

NOTARY PUBLIC, AT LARGE:

Commission Expires: ____9-76-11_____

PATRICK JOSEPH CHAREST
LIMESTONE C.F. * AIS# 182262
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749

CHAREN, PATRICK #182268
Limestone C.F. I-Dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009

FEB 07 20
USPS
USPS

2:07-CV-984-MHT

United States District Court
Middle District Hon. D. Hackett,
c/o Post Office Box 711
Montgomery, Alabama
36101-0711

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Legal Mail