IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 FEB 11  A 9: 39

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Patrick Joseph Charest, #182262 | * | |
| Plaintiff, | * | |
| Vs. | * | **2:07-CV-984-MHT** |
| Alabama Pardon & Paroles et. al., | * | |
| Defendants. | * | |

### RECONSIDERATION TO DISTRICT COURTS JUDGMENT / ADOPTION OF MAGISTRATE DOC# 20

COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") and moves this Court to accept and *Grant* relief as judicial comity necessitates herein, as follows:

First and foremost it must be respectfully pointed out that CHAREST had not **named** as Defendants: "the *Alabama Board of Pardon & Paroles*" ("the Board") but merely listed said title inclusive to "et. al." as such on the cover page of his §1983 civil complaint, as a mere formality.     This Court well knows better than Charest, that claims as to whom actually violated certain specific violations, as herein, are prima facially listed on page 2 of said §1983 complaint form, under Section III, entitled "Name and Address of individual(s) you allege violated your Constitutional Rights," **Id.**  Clearly Charests' Document #1 predicates sufficient proof that Charest was suing certain – specific named defendants, not the departmental agency itself, as in artfully pleaded – factually speaking, Charest maintains that M. Shehane (VOCAL), was erroneously dismissed as a party to the suit, the following requested U.S. Supreme Court holding *"exception"* is requested be applied *sua sponte* to the above cited "JUDGEMENT, as follows:

In the landmark decision *Ex parte Young,* 209 U.S. 123, 52 L. Ed. 714, 28 S. Ct. 441 (1908), the Supreme Court recognized an exception to the general rule that a state official, acting in his official capacity, is immune from suit. The <u>Young</u> court held that the Eleventh Amendment does not prevent federal courts from granting prospective injunctive relief to prevent a continuing violation of federal law by a state official. *Id.* at 155-56, 159. In *Eldeman v. Jordan,* the Supreme Court interpreted <u>Young</u> expansively, holding that a federal court may impose an injunction that governs the official's future conduct but not one that awards retroactive monetary relief. 415 U.S. 651, 664-66, 39 L. Ed. 2d 662, 94 S. Ct. 1347 (1974).

Simply put, Magistrate Walker's misconstrued Charest's complaint, inapposite to pro se pleadings under <u>Haines v. Kerner</u>, progeny. The Eleventh Amendment does not bar claims for equitable relief against the individual Defendants in their official capacities, as long as those claims are only for prospective injunctive relief. *Ex Parte Young,* supra. <u>Young</u> and its progeny provide for prospective injunctive relief for an ongoing violation of federal law, and Charest requested for "*prospective declaratory and injunctive relief,*" against further, future discriminatory actions. Therefore, the Eleventh Amendment as to the individual Defendants does not bar these claims in their official capacity, inapposite as was subjectively asserted by Magistrate Walker's at pp. 2 -3under ¶ 2 @ Discussion.

Moreover, the Eleventh Amendment sovereign immunity does not apply to bar relief under 1983 when a state official is sued for prospective injunctive relief to "end a continuing violation of federal law," as was alleged, requested by Charest. *See Seminole Tribe of Florida,* 517 U.S. 44, 73, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). Although "neither a State nor its official acting in their official capacities are 'persons' under 1983,"

*Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989), a state official sued for prospective injunctive relief in his or her official capacity is a person under 1983, *see id.* at 71 n.10, as are state officials sued in their individual capacities. *See Hafer v. Melo,* 502 U.S. 21, 31, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991), thus Charest's named Defendants should be allowed to plead the defense, not the Court, as previously recommended by Magistrate S. Walker, now under plenary review.

State officials acting in their individual capacities are not protected by the sovereign immunity conferred by the Eleventh Amendment. *See Harden v. Adams,* 760 F.2d 1158, 1164 (11th Cir. 1985). The Eleventh Amendment also does not bar claims (for monetary or injunctive relief) against the individual Defendants in their individual capacities. *See Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir. 1992). Thus Charest's specific named Defendants: "1) Bob Riley, 2) Troy King, 3) Miriam Shehane ("VOCAL") and all three (3) individual defendants 4) Sidney Williams, 5) Velinda Weatherly and 6) Robert Longshore as mentioned are not entitled to the "Eleventh Amendment" immunity, as erroneously mentioned by the magistrate at this inception, *see Adams,* supra.

"Because qualified immunity is a defense not only from liability, but also from suit, it is 'important for a court to ascertain the validity of a qualified immunity defense **"when asserted by the named Defendants"** in the lawsuit.'" *Lee v. Ferraro,* 284 F.3d 1188, 1194 (11th Cir. 2002) (quoting *GJR Invs., Inc. v. County of Escambia,* 132 F.3d 1359, 1370 (11th Cir. 1998)). "The qualified immunity defense may be raised and addressed on a motion to dismiss, and will be granted if the complaint 'fails to allege the violation of a clearly established constitutional right.'" *Smith v. Siegelman,* 322 F.3d 1290, 1294 (11th Cir. 2003) (quoting *Chesser v. Sparks,* 248 F.3d 1117, 1121 (11th Cir.

2001)). Charest maintains that for the Defendants "to [have] received qualified immunity, those official's must first prove [they] were acting within the scope of discretionary authority when the allegedly wrongful acts occurred." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). "[A] government official [must] prove that he [or her] acted within his [or her] discretionary authority by showing [the] 'objective circumstances which would compel the conclusion that his [or her] actions were undertaken pursuant to the performance of his [or her] duties and within the scope of his authority.'" *Courson v. McMillian*, 939 F.2d 1479, 1487 (11th Cir. 1991) (quoting *Rich v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988)). At all times relevant to this issue, Charest asserts, maintains that said Defendants usurped their performance of duties and acted outside the scope of his [or her] authority and as such acted without his [or her] discretionary authority.

> "Once the defendant establishes that he was acting within his [or her] discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002), Charest maintains that such has not been asserted by the dismissed named Defendants. In order to decide if the plaintiff is required to meet the shifted burden, it will be necessary for the court to apply a two-part test. First the court must determine "whether plaintiff's allegations, if true, establish a constitutional violation."

*Smith v. Siegelman*, 322 F.3d 1290, 1295 (11th Cir. 2003). In the event the court finds that the allegations do state a constitutional violation, the court must go on to determine "whether the right was clearly established." *Id.* at 1295, Simply put Defendants Riley, King and **Shehane** were dismissed absent authority and jurisdiction by Magistrate Walker.

The Magistrate's Recommendation (January 9th. 2008 Doc#?) chills, or per se forecloses Charest's right to seek Federal relief for the constitutional abridgments suffered by Defendants: "1) Riley, 2) King and 3) **Shehane**," inclusive to, but not limited

4

too therein, as to the remaining named Defendants: "4) Williams, 5) Weatherly and 6) Longshore," absent the first three named defendants "raising or perhaps first asserting themselves a consent, or an otherwise affirmative defense" does not allow the Courts to *sua sponte* invoke such immunity for them, since Charest's "suit" was in fact against specific named defendants and not against the "State" itself, nor did Charest seek a[ny] monetary relief, but only declaratory and future injunctive relief, thus the Eleventh Amendment proscriptions as applied to this instant case were not applicable to Charest distinguishable §1983.

Charest respectfully asserts, maintains that <u>Young</u> supra, and its progeny provide for prospective injunctive relief for ongoing violations of federal law, worthy of this Court's judicial scrutiny under the United Supreme Court's holding in *Wilkinson v. Dotson*, 544 U.S. 74, 161 L.Ed.2d 253, 125 S.Ct. 1242 (2005). Charest asserts, maintains that at least five other known Plaintiffs have filed, individual §1983 suits against these same specific named Defendants, above, whereas Charest requests that this Court *"take judicial notice"* of the ongoing Federal Constitutional violations both *"pending"* and at present *"rising,"* see 1) Anthony Carey, #152763, @ 2:07-CV-1106-MHT; 2) *Johnny Brown, #110326 @ 2:07-CV-1123-MHT, before Magistrate C. Coody, 3) Ronald Sutton #210657 @ 2:08-CV-0003, before Magistrate Walker; 4) Willie Lee White, #140147 @ 2:07-CV-1080-MHT, before Magistrate T. Moorer, 5) Bernies Burnett, #132146 @ 2:08-CV-22-WKW before Magistrate T. Moorer* with respects to how Alabama state prisoners are *arbitrarily, capriciously and unconstitutionally being* denied "fair" Parole consideration inapposite to both <u>Wilkinson v. Dotson</u>, supra, and *Greenholtz v. Nebraska*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2104, 60 L.Ed.2d 668 (1979) progeny's –being evaded plenary review by this Circuit's Magistrate Walker and the above referenced

Magistrate's which Charest request that this District Judge take judicial notice of, because the cases above, inclusive to Charest are creating known inconsistent and varying adjudications with respects to the general claims at hand, as noticed by Charest, and the other inmates accessing Limestone's Law library at this stage of the litigation.

In the present case, Charest's Complaint sought a simply declaration that certain acts by specific named Defendants be ruled unconstitutional and unlawful and asked the Court to enjoin such practices and take remedial action to ensure that the Defendants comply with all such laws in the future, primarily because State law does not otherwise provide a[ny] adequate procedural safeguard for such denials. As such, the *Ex Parte Young* exception applies and there was no rational basis for dismissal of Defendants Riley, King nor **Shehane**. Accordingly, the *sua sponte* Dismissal based on the Eleventh Amendment should be reversed. *See Ex Parte Young*, 209 U.S. at 159-160; *Sandoval v. Hagan*, 197 F.3d. 484, 492 (11th Cir. 1999); *Ocean v. Kearney*, 123 F. Supp.2d 618, 621 (S.D. Fla. 2000).

Charest adamantly objects to this Courts summarily dismissing a person, party named as Miriam Shehane (from VOCAL, i.e., "*Victims of Crime Against Leniency*," as one of the defendants in the civil action, whereas Charest had effectively met this Circuit's holdings in accord with *stare decisis* of both the Eleventh Circuit, and ultimately the United States Supreme Court as well, in that the three (3) prong test as been proven, which is the exception to holding, that an alleged private organization cannot be held actionable under §1983.  First, of the three prong's —known as 1) the public function test, Charest maintains, and hereinafter asserts, that Defendant Miriam Shehane (Vocal) has now for years —as a private organization, commandingly, conspiring and with the Board to effectuate denials of parole against not only Charest  -but other Alabama

inmates, mentioned above, as a whole thus Defendant M. Shehane has, and is currently engaged in ongoing usurpations of State law by, participating, assisting politically and "performing functions *traditionally the exclusive prerogative*," of the State, through receipt of, participating with members, agents, employees of the Board prior to Charest's parole, in violation of the foregoing (a) §15-22-23(b)(2)(a)(Board of Pardon & Paroles . . . conditions to board approving [*paroles*] . . . due notice), and Section (3) of §15-22-23 (Persons who are required to be notified under the provisions of this section have been allowed, at their option to either appear before the board and give their views in writing); (b) §15-22-24(j) (empowering the Board with " 'the power authority to administer oaths, affirmations, examine witnesses and receive evidence on all matters to be considered by the board.'"); (c) §15-22-25(a) ("As to each prisoner . . . [W]hen all such existing available records have been assembled, they shall be presented to the board or some officer designated by it, who shall determine whether any further investigation of such prisoner is necessary at that time . . . the board shall thereupon order it made . . . the results of it with all other information shall be filed in the office of the board so as to be readily available when the parole of such prisoner is being considered'".); also, (d) §15-22-28(a) ("it shall be the duty of the Board of Pardon & Paroles . . ., to make investigations of any and all prisoners confined . . . be made from time to time as the board may determine or as the Board of Corrections or any of its officers, agents or employees."), not to mention that the other State statutes come into play inclusive to §15-22-26, §15-22-28, §15-22-36 et. seq.,

WHEREFORE PREMISES SHOWN, Charest prays that this Court would *GRANT reconsideration to* the above styled caption for good cause under the exceptional clause invoked above, as applied to this instant cause of action under the special facts argued above, or other alternative relief this District Judge affords this pro se pleading in accord with this Circuits holdings.

Done so this February 6th, 2008.

Respectfully submitted,

Patrick Joseph Charest, #182262
Acting in pro per.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the RECONSIDERATION upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1.  Defendants Williams (Wynn), Weatherly, Longshore et. al.,
    C/O Chief Counsel Honorable Hugh Davis
    Attorney for Alabama Pardon & Paroles
    301 South Ripley Street
    Post Office Box #302405
    Montgomery, Alabama 36130

Done so this February 6, 2008.

Respectfully submitted,

Patrick Joseph Charest #182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

CHRESTI, PATRICK #182228
Limestone C.F. I-dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009

2:07-CV-984-MHT

United States District Court
Middle District Hon. S. Hackett,
c/o Post Office Bx 711
Montgomery, Alabama
36101-0711

This correspondence is forwarded from
an Alabama State Prison. The contents
have not been evaluated, and the Alabama
Department of Corrections is not
responsible for the substance or content
of the enclosed communication.

Legal Mail