7003-1010-0001-7104-4841

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

RECEIVED

2008 FEB 11  A 9: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| Patrick Joseph Charest, | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | 2:07-CV-984-MHT |
| | * | |
| Alabama Pardon & Paroles et. al., | * | |
| Defendants. | * | |

### REQUEST FOR DISCOVERY / PRODUCTION FOR DOCUMENTS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES

PLAINTIFF PATRICK JOSEPH CHAREST (hereinafter "CHAREST") moves this Honorable Court to **GRANT** the above styled motion, pursuant to Fed.R.Civ.P., Rules 26, 33, 34, 36; in conjunction with attached Rule 56(f) motion, supporting Affidavit (Exh-1), as follows:

§ 1.   Charest avers that he has in fact received what appears to be an Answer, absent a[ny] documentary proof whatsoever in accordance with this Court December 6th, 2007 ORDER at p. 1, at ¶ 2. "[A]n **answer and written report** shall be filed with a court and a copy served upon Plaintiff on or before **January 14, 2008.    The written report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint**." Since Charest never received timely, anything from the named Defendants, he filed for an extension of time to respond to an "Answer" this Court stated it received, mindful that Charest operated in the blind for almost four (4) consecutive weeks awaiting for the mystery pleadings to show up —when it did, it was on **February 4th, 2008** and only contained, at best a shotgun styled **answer**,

1

7003-1010-0001-7104-4841

nothing more!       Saying such, Charest asserts prior to filing the court ordered response "DISCOVERY is now a juridical necessity primarily because counsel for Defendants Williams (whom remains superseded by Wynn), Longshore and Weatherly, stated at page 5, ¶13) "<u>Defendant denies all the material averments of the Complaint, and **demands strict proof thereof**.</u>" <u>Id</u>, thus Charest requests to accommodate Counsels desire, and prove to the Court that evidentiary materials due in fact exist –inapposite to Defendants failure to accompany their answer with a[ny] supporting documents to contradict Charest's three succinct claims.

However as the moving party the Defendants have wholly failed to meet their initial burden, under the strictures of Federal Rules of Civil Procedure, and the holdings in *Celotex v. Catrett*, [477 U.S. 317] 1986)("a defending party moving for summary judgment discharges its burden of 'showing initially the absence of a genuine issue concerning any material fact.'").    Which the Defendants have yet met, as a matter of record, though perhaps inadvertence or a blessing to Charest –without "*waving any and all other objections to said Answer*," after discovery; it must be pointed out that three (3) major problems remain with the cursory glance of Defendants' incomplete answer:

> First of all, as stated by Defendants at page 2, ¶ 4) To the extent that <u>Plaintiff seeks to allege that he was deprived of **liberty without due process when he was denied parole**</u>. . . . the Constitution **does not require that discretionary parole consideration be fair**, . . ." <u>Id</u>.

(Emphasis added).  Charest never once argued, nor attempted to present to this Court as an inmate under Alabama law, that he was deprived of **"liberty without due process"** Charest well knows, as does this Court that under Alabama law inmates have no <u>liberty interest in the grant or denial of parole</u>. Counsel is attempting to *disingenuously* steer the true argument down a beaten path which has never been successfully litigated in

2

7003-1010-0001-7104-4841

Alabama, under State law and Charest has no intent of traveling that ill spirited road with Counsel since that's not the issue at hand.

Nowhere can this Court, nor counsel "find in Charest's three (3) succinct claims," that Charest or any other plaintiff in this suit –complained of, ensuing, a denial of parole down a *liberty interest* vein whether under the due process clause or the equal protection clause –to the extent that *liberty* is challenged, once again Counsel is dishonest with the Court, and Charest.

Secondly, Counsel partially admitted, openly to this Court, and Plaintiff that "*the Constitution does not require that discretionary parole consideration process be fair . . .*" Id. at State's Answer p. 2 ¶4. If such a statement is true that the Board's process does not have to be **fair** then not only has Counsel openly admitted albeit partially one of Charest's elements for relief sought, –this Court too can likewise juridically speaking "*take judicial notice of said* fact" and sufficiently move towards taking a closer look at the Board's process of being at least "*fair*" when, how it reviews Alabama inmates as-applied to Charest weather its our *eligibility* or *consideration* coming into the 21st. Century – which Charest strenuously challenges the Boards flagrant process, however given Counsel assertion that "fairness has no place in Alabama's Constitutional parole consideration process," the same likened deprivation was most recently overturned in *Wilkinson v. Dotson*, 544 U.S. at 74 (2005) (challenging "*prospectively, the unfair parole policies*" ) – the due process complaint was quite unique, because as herein –it too, did not challenge the way the Board exercised its discretion; rather it alleged as Charest, that the Board was actually not exercising its discretion at all. This instant case follows the same line of reasoning, that the United States Supreme Court found interesting enough to consider and changed Ohio's Parole Board procedures indistinguishable to the facts and circumstances as a whole which arguably demonstrate Alabama's Parole Board

3

7003-1010-0001-7104-4841

procedures are illegal at best –the statistical trends, and recurring pretextual *"reasons"* for denials and common threads of reliance solely upon the crime [versus Alabama's 640-X guidelines inclusive to title §15-22-20 through §15-22-40] are not in accord with statutory criteria, a single denial *"does not a policy make,"* it takes a group attack as requested herein your Honor to gain the juridical eye of Federal Court comity in road with *Wilkinson v. Dotson*, supra.

The basic tenet established above now graciously admitted by the Defendants has a fundamental substantive underpinning to Charest's three colorable claims, grounds for limited DISCOVERY.

> The last of the inquisitive assertions in Counsel's belated blast is at page 6, ¶19 "Neither Williams, Weatherly nor Longshore **participated in the meeting on 6 December 2005** when Charest was considered for parole. At that time, the Board had four special members **in addition to the three regular members, and sat in panels of three members each**. . . ." Id.

(Emphasis-added). Either Charest is blind, or Counsel prays, hopes that this Court is; or Counsel is lying one way or another, Counsel stated under oath that "None of statutory Board members participated in the meeting –when Charest was denied parole" –because "At that time, the Board had four special members in addition to the three regular members" -but in the same breath and sentence stated "[**and sat in panels of three members each** . . .]" so either two statutory members sat with one of the four special members, or one statutory member sat with two of the four special members –but in fact as Counsel stated for the record "sat in panels of three members each." So one or two of the above named Defendants had to have sat with the one or more of the special four member team, or another State law violation has been asserted, either way at this juncture Charest is duly entitled to bring forth the truth as the matter as it has been abundantly twisted by Counsel.

4

7003-1010-0001-7104-4841

§ 2.  Since the Defendant's serially committed perjury, collectively under attestation, and the record-proper proves at least one of Charest's initial elements "he was denied a *fair* consideration, and the Board members violated the Fourteenth Amendment of the U.S. Constitution as-applied to Charest, *inter alia*, the above few excerpts merit further review through the normal discovery process, in addition to the other relevant proportions Charest will seek through limited DISCOVERY, see *"Plaintiff Charest First Set of Interrogatories And Request For Admissions, For Production Of Documents To Defendants under Fed.R.Civ.P."* enclosed, as attached –served.

Because the Defendant's have not proven, at first blush –that Charest cannot prove the elements of a[ny] claim and shown this Court within the confines of this Circuits holdings where, if any that, as the nonmovant Charest cannot prove a genuine issue of material fact, as to any evidence at issue, therefore the burden has not shifted.

§ 3.  Therefore *Celotex*, then, narrowly limits its facts of a movant, whom must meet the initial burden by motion specifically identifying and pointing out to the court that "Charest's pleading's ... on file, contain no proof concerning an issue on which, as the nonmovant will bear the burden of proof at trial." This holding in *Celotex*, coupled with Counsel's

§ 4.  In closing briefly, without waiving any formidable reply to Defendant's Answer even absent their **"written report"** as Court ordered on December 6th, 2005 Charest cannot honestly without first being afforded limited discovery pursuant to Rule 26, Fed.R.Civ.P., reply before the deadline given Charest, on January 31st, 2008 by Magistrate Walker "to and including March 7, 2008" in light of Charest receiving Counsel's four week old Answer, this Court has not yet time to process Charest previously filed emergency motions styled: "1) Motion For Leave To Proceed –Amending Complaint And / Or Joinder of New Parties To Current Civil Action, and 2) Amendment Against Defendants

7003-1010-0001-7104-4841

Attorney For Fraud Upon The Court, Plaintiff In Contradiction To Proper Service & Gross Prejudice Cause By Ambush." All of which is directly herein relevant.

§ 5.     Charest now requests an ORDER be issued *sua sponte* upon further consideration of this instant motion, and the attached DISCOVERY MOTIONS granting per se either a continuance, or a stay until and upon completion of limited discovery for Charest to properly manifest the strict proof as invited by Counsel, to both this Court and Charest as the nonmovant.

Charest would like very much for this Court to please, prior to review of this motion, if necessary its December 6th, 2007 Order at page 2, ¶ 2, "[W]here Plaintiff's claim or Defendants' defenses relate to or involve the application of administrative rules, regulations or guidelines, the **written report shall include copies of all such applicable administrative rules, regulations or guidelines**." Id. "**In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief**." Id.

Nowhere have the Defendants provided either this Court, or the Plaintiff with a single shred of documentary evidence to discredit Charest's maintainable claims, that the Board followed State law, in accord with the regulations in effect at the time Charest was convicted / sentenced in 1996 –Counsel merely shrugged off obeying this Court's ORDER (12/06/07) whereas this Court utilized mandatory substantive language, i.e., **"must" "shall"** contain, include copies, documents record, regulation et. seq., but Counsel wholly failed to honor this Courts authoritative power to its advantage [?].

Charest respectfully requests, and asserts he does not wish, desire to abandon, waive or dismiss replying to Defendants "boiler-plated answer" but DESIRES,

6

7003-1010-0001-7104-4841

REQUESTS that this Court allow Charest to first utilize an effective civil tool to bring out the truth of the matter –at hand.

§ 6. Issue an ORDER allowing Charest to receive DISCOVEY in the form of: (1) Interrogatories, pursuant to Rule 33, Fed.R.Civ.P., (2) Request for Admissions, pursuant to Rule 36, Fed.R.Civ.P., and (3) Request for Production of Documents pursuant to Rule 34, Fed.R.Civ.P., for the inspection, viewing of the above requested records, recordings, tapes, notes, memoranda of the December 6th, 2005 parole hearing, inclusive to the "*documents,*" remaining at large at present.

§ 7. Issue an ORDER to Defendant's to forward any and all copies of memoranda between

Defendants Williams, Weatherly and Longshore or its agents, employees involved in, prior to and including the December 6th, 2005 hearing; inclusive to disclosing those mysterious four special members the Defendants are attempting to shift the blame upon, since Counsel is attempting to utilize it as a defense.

§ 8. Issue an ORDER to the Defendants for production upon Charest, for inspection, copying, testing and examination of the following:

    a. Any written or recorded statements made by Defendants to any subordinates, or its agents thereof, or to Charest's family members;
    b. To disclose the substance of any oral, written statements made by Defendants before and after Charest's post-deprivation denial of parole as first filed to its subordinates for proper remedial address, correction;
    c. Any written, recorded statements made by any co-defendant or accomplices made before or after Charest's post-deprivation parole denial as first filed to said agency or agents thereof;
    d. To disclose the substance of, any oral, written statements made by any co-defendant or accomplices made before or after Charest's post-deprivation denial of parole in accordance with State law, rules or regulations (640-x's);
    e. To permit Charest to analyze, inspect, and copy or photograph books, papers, documents, photographs, tangible objects, buildings, rooms or places or portions of any of these things in any way material to the

    preparation of prosecuting this action, answering Defendant's summary judgment under Rule 56, Fed.R.Civ.P;

f.  To disclose any material evidence submitted to subordinates, agents, employees thereof, such as reports, recordings, tapes notes of the 2005 hearing memoranda concerning this action;

g.  To disclose any and all inculpatory materials, items, reports, evidence, statements, including statements of witnesses, reports, identities of witnesses, addresses of such, any other physical evidence, stenographic tapes, notes, recordings and any other evidence, whether described herein or not, which is inculpatory evidence of any type, form or fashion;

h.  Copies of any and all reports, tapes, recordings and memoranda connected with allegations against defendants, co-defendants or accomplices, in accord with State law, and discovery;

i.  Names, addresses, telephone numbers, general whereabouts of all witnesses to be called upon by Charest, in the above styled civil action, for Interrogatories, Request for Admissions, or Production of Documents relating specifically to this action;

j.  Statements of any and all persons including memoranda, summaries or recordings, video tapes, audio tapes, recordings of Defendants acts, actions, omissions or written statements of any and all persons, or Defendants subordinates relating to the specific violations, made by Charest;

k.  All memoranda, documents and reports presented, offered, submitted by defendant's to one-another its subordinates, agents thereof, connected with the specific subject matter of the case referred to above as well as the name of any and all investigator's, agency or agent's thereof;

l.  Names and addresses of any and all memoranda, documents and reports presented, offered, submitted by defendant's to its subordinates, the Board its agents thereof, connected with the specific subject matter of the case(s) referred to above as well as the name of any and all investigator's, agents thereof;

m.  Names and addresses of any and all persons who may have some knowledge, information as to facts, evidence in the present case, action against the Defendant's;

n.  Full names, addresses of any and all persons who gave facts, information, data or otherwise evidence which served as a basis for any aspect of this case against these Defendant's.

o.  All reports, documents, letters, and memoranda which were a basis of the denial against Charest, for defendant's defense, affirmative pleading or otherwise qualified immunity theory;

p.  The records, reports, data concerning other grievances, complaints against Defendants, whether a list, computer readout, printout or summary reflecting actions against defendant's in the coarse of tenure of employment with the Board concerning *eligibility,* and *considerations* of parole reviews;

q.  All relevant evidentiary documents (i.e., forms) as shown in the 640-X guidelines made mention of by Charest, utilized to deny parole, or

7003-1010-0001-7104-4841

      the documents evidencing the prospective probability for the statement made that future parole consideration was at best highly [in]appropriate;

r.   A detailed description of the whereabouts of all the defendant's on the date, time said offense, actions arose, such as schedules, concerning statements made in Answer, but not limited to such, inclusive to statements, facts averred in Counsel's **unsupported** allegations they weren't involved;

s.   Reports, data, documents, computer readouts, summaries as to the inmates, similar likened Charest that are considered similarly situated –whom made parole in the month of December 2005;

t.   Copies, duplicates or records, data, information, reports concerning other inmates considered for discretionary parole on that date, concerning the averments against the Defendants;

u.   Any and all hand-written or typed notes, agendas, reports, reviews, working papers, books, charts, correspondence, memoranda, notices, studies, including but not limited to the above, as to how the Board arrives, or makes its predictions that inmates likened Charest have not changed, nor will change under the circumstances at hand.

§ 9.   Charest only request's limited DISCOVERY, as to the above references, concerning the month of December 2005 dealing with the specificities surrounding the violations at hand.

§ 10.   The aforesaid documents or items are in the possession of the Board Defendant's or their Attorney's of record or available to the Court, per se, through other favorable litigations or arguably favorable to Charest's position of his constitutional deprivations, should this Court require more strict proof by plaintiff herein, to reply to Defendant's Answer that this Court stated would turn into a Rule 56 motion shortly thereinafter.

§ 11.   The documents, articles, tape recordings, *inter alia* as requested above are relevant, significant and constitute substantial material evidence and will be useful and necessary to Charest's case, to civilly prosecute these three succinct claims hereinafter, and a necessity as proof at a jury trial.

§ 12.   Charest cannot safely prosecute, defend these three issue, case against said above named defendant's, nor go to trial without the production of said ascribed

7003-1010-0001-7104-4841

documents and in their absence will be effectively denied fundamental due process of law as guaranteed by Amendment's I, V, VII of the Constitution of the United States of Amercia made applicable to the States through the XIV §1 to the Constitution of the United States Constitution; and herein pursuant to the Civil Rights Act, § 1983 et. seq.

§ 13.  Charest fully incorporates as same herein, the **"definitions, instructions,"** set forth thereof in the attached Interrogatories, Request For Admissions in Section I, ¶¶ 1 through 6; and Section II, ¶ 7 subsections (a) through (q).

Without the production of the documents and items referred to above, Charest will not be able to effectively prosecute this civil action in the above-styled case and thus, Charest will be denied his rights to seek redress for clearly established Federal rights being abridged, grossly violated by Defendants, and cannot without such DISCOVERY effectuate a reply, response to the Defendants boiler-plated answer at this early juncture.

§ 14.  This motion, inclusive to attached Interrogatories, Request for Admissions, remain made under the authority of Rule 26, Federal Rules of Civil Procedure.

Further, said production must be without delay so as to allow Charest with adequate time for preparation to essentially respond to Defendant's request for summary judgment in its favor as relief in their Answer, absent the DISCOVERY production resulting in a[ny] denial, would chill Charest's Constitutional rights to redress the civil deprivation, due process of law and Charest's right to a jury trial, now warranted.

7003-1010-0001-7104-4841

WHEREFORE, Charest prays for the following relief:

a. That the Defendants be required to produce all documents and all other evidence referred to above promptly.

b. Without waiving the right to have Charest examine, retrieve, copy said documents, articles, items, recordings, notes, forms, *inter alia*; this Court would be chilling the force, effect of discovery as a tool in civil actions.

c. Permitting Charest to be present, from the above, for this Courts learned eye, either the stenographic tapes, recordings, *inter alia*, of the December 2005 parole hearing would bring forth Federal comity in accord with §1983 DISCOVERY, *inter alia*, which then this Court can better make its determinations favorable to Charest's position answering from proof the questions challenged as to the Defendants guilt or innocence or for the purposes of imputing fundamental truths, equipping Charest with the "documents" to properly reply –respond to Defendants week answer, inclusive to preserving evidentiary materials for the prospect of Charest's jury trial, or in the alternative limited DISCOVERY will bring about closure –concession from the Defendants providing prospective protections for, from arbitrary and capricious acts, actions or outright flagrant omissions of State law working in harmony within the strictures, confines of Federal Rules of Civil Procedures.

d. That if any part of said documentary evidence is not made available to Charest, this Court, by Defendants hereinafter promptly or a time certain as set forth by this Court, and in any event prior to a summary

7003-1010-0001-7104-4841

judgment ruling be afforded Defendant's heretofore absent such DISCOVERY, or in any event prior to commencement of tentative jury trial, Charest then respectfully moves, without waiving the right to production of said evidentiary materials, prior to either: (1) summary judgment, (2) jury trial or (3) Interrogatories, Request for Admissions, and Production of documents, *inter alia*, that said action be set for pre-conference for resolution, or stay proceedings until full compliance with DISCOVERY has been accorded Charest.

e. Without waiving the foregoing, Charest requests that an exact copy be made of each document, article, item, recording tape of 12/06/05 hearing as provided Charest –be provided this Court and that said same be sealed and included in the record of this case for the purpose of insuring effective review of this Court's denial of Charest's request for disclosure, inclusive to never being afforded proper notification by this Court's clerk, that defendant's were in fact served with *"waiver of service, and execution of complaint,"* absent Charest's knowledge until Charest received Defendants Answer, albeit dated January 10th, 2008 – Charest did not receive it until a motion to show cause / contempt was filed on January 29th, 2008 styled *"Amendment Against Defendants Attorney For Fraud Upon The Court, Plaintiff . . ."*, and Defendants answer magically appeared February 6th, 2008 –absent a[ny] **written report / polices**.

f. That the duty of the Defendants to disclose pursuant to this motion be considered as continuing up and until and through, either adjudication of summary judgment, or trial and post-judgment proceedings.

12

Done so this 6TH day of February, 2008.

7003-1010-0001-7104-4841

Respectfully Submitted,

_____
PATRICK J. CHAREST
Acting in pro per   #182262
LIMESTONE FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the DISCOVERY motion upon said Defendants, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail, Receipt Requested, upon delivery, service to invoke the time certain for answering, as follows: [1]

1.   Defendants Williams (Wynn), Weatherly, Longshore et. al.,
     C/O Chief Counsel Honorable Hugh Davis
     Attorney for Alabama Pardon & Paroles
     301 South Ripley Street
     Post Office Box #302405
     Montgomery, Alabama 36130

Done so this 6TH day of February, 2008.

Respectfully Submitted,

_____
PATRICK J. CHAREST,
Acting in pro per   # 182262
LIMESTONE FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

---

[1] Charest asserts that the Certification Card Number hereinafter ascribed #7003-1010-0001-7104-4841 was placed upon the Discovery motion, and has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Replies, Admissions in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

13

Charest, Patrick #182262
Limestone C.F. I-Dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009

FEB 07 200

USPS

United States District Court
Middle District Hon. D. Hackett,
c/o Post Office Bx 711
Montgomery, Alabama
36101-0711

2:07-CV-984-MHT

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

Legal Mail