7003-1010-0001-7104-4841

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 FEB 11 A 9:40
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| Patrick Joseph Charest, #182262 | * |
| Plaintiff, | * |
| | * |
| Vs. | *  Case No: 07-CV-984-MHT (WO) |
| | * |
| Alabama Pardon & Paroles et. al., | * |
| Defendants. | * |

**PLAINTIFF CHAREST'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR
ADMISSIONS, FOR PRODUCTION OF DOCUMENT
TO DEFENDANTS UNDER FED.R.CIV.P.**

COMES NOW PATRICK J. CHAREST (hereinafter "CHAREST"), moves this Court to issue an ORDER to defendant's pursuant to Federal Rules of Civil Procedures, Rules 33, 34 and 36, pursuant to the applicability of Rule 26; whereas Charest is hereinafter requesting that Defendant's Williams, Weatherly and Longshore (hereinafter the "BOARD") -ANSWER separately, fully and in writing, the following interrogatories and admissions, under oath, affirmation, in accordance with the definitions and instructions respectfully set forth below, and within thirty (30) days after service of these Interrogatories, Request for Admissions, and furthermore, for the defendants to provide full disclosure, along with said answers herein, thereinafter, copies thereof supporting evidentiary materials, as follows:

1

7003-1010-0001-7104-4841

I.  **_DEFINITION AND INSTRUCTIONS:_**

¶ 1.      In responding to requests for Admissions, Interrogatories inclusive to the Production of Documents, defendants shall furnish not only such information, documents as available to them, either constructive or actual possession, also full disclosure of any, all evidentiary materials as known to, available to, or in custody of, or control of, by any agent, employee, employer, representative, co-defendants, witness's as may have otherwise been taken into consideration before the Board by State statute as promulgated by Legislation, including but not limited to defendant's attorney and investigators, or those *"notified by statute,"* to voice a[ny] objection to said parole consideration - unless documents, information, records, data, or transcripts from the December 2005 Parole Hearing are, or will be claimed hereinafter deemed, considered to be privileged from production or discovery, by law.

¶ 2.      If defendant's consider any documents, information, data, records, transcripts, *inter alia*, falling within Charest's requests for Production of Documents, attached heretofore separately, as being privileged from DISCOVERY, Charest request's that, at this time or thereinafter, when defendants respond to the Request for Production, that the defendant's serve upon Charest, a written list of the documents so withheld from discovery; and identify each and every document by date, author or party, by name, address of each and every person, party or witness having copies of said same documents, information, data, records; inclusive to any transcripts of December 2005 hearing, then provide a legal basis for which the document is considered to be privileged from production, re-production, photo-copying by discovery, or, as an alternative to, allow this Court to "review such at an in camera hearing."

7003-1010-0001-7104-4841

¶ 3.     These Admissions and Interrogatories are prevalent to Charest's discovery requests, and are to remain as continuing and to be supplemented in accordance with Federal Rules of Civil Procedure, Rule 26(e). However, in the event that any information or documents come to defendant's attention, whether constructive or actual possession, custody or control of the defendant's, their attorney of record, or such other interested person's, parties, agency, employees, employers, subsequent to the filing of defendant's response / answers hereto, which documents, records, or information are responsive to any and all Interrogatories or Request for Admissions, but which were not included in defendant's initial answers / responses thereto, said additional information, documents, data, records, recordings, *inter alia*, shall be furnished to Charest, or in the interim thereinafter, any Court appointed stand-in counsel, as soon as possible or unless otherwise specified by this Court, or upon subsequent motion.

¶ 4.     In responding to Charest's DISCOVERY requests, defendant's are to furnish documents, records, data, information, transcripts, recordings of said December 2005 hearing, memorandum, *inter alia*, utilized to consider, and then deny parole, whether constructive or actual possession of, as available to defendant's, their agents, employees, employers, co-defendants, witness's, or representatives, such as attorney of record, but not limited to thereof.

¶ 5.     With regard to Charest's Requests for Admissions and pursuant to Federal Rules of Civil Procedure, Rule 36, defendant's shall specifically answer the matter or set forth in detail their reasons why answering / responding party, person, defendant's, co-defendants or representatives cannot truthfully admit or deny the matter. A denial shall fairly meet the substance or the requested admission, and when good faith requires defendant's shall qualify an answer or deny only a part of the matter of which an

7003-1010-0001-7104-4841

admission is requested; defendant shall specify as much of it, as is true and qualify or deny the remainder. Defendants may not give lack of information or knowledge as a reason for failure to admit or deny unless defendant's state that they have made a lawful, and reasonable inquiry and that the information known or readily obtainable by the defendant's is insufficient to enable them to admit or deny. If defendant's consider that a matter of which an admission has been requested and presents a genuine issue of material fact, for trial, they may not, on that ground alone, object to the Charest's requests; defendant's may, subject to the provisions of Federal Rules of Civil Procedure, Rule 37(c), deny the matter upon setting forth a lawful, legal reason why defendant's cannot admit or deny it.

¶ 6.   As a courtesy, in answering / responding to any and all DISCOVERY requests herein, or thereinafter, defendant's are asked to please preface said answers / responses with: "Interrogatory or Request for Admission, Production, being Answered."

## II.   *DEFINITIONS*:

¶ 7.   When used in Charest's discovery requests and foregoing set of Interrogatories or discovery requests henceforth, the following definitions shall apply:

    a.   As used herein, the term ***document*** or ***documents*** means any writing, record or data in any form or medium, whether or not privileged, that is in the defendant's actual or constructive possession, custody, or control. As used herein, a document is deemed to be in the defendant's control if the defendant's have a right to obtain a copy of it, or view, review in a normal day-to-day operation. **Document** also includes the original of any document in whatever form or medium it may

4

7003-1010-0001-7104-4841

exist, and all copies of each such document bearing, on any sheet or side thereof, any marks (including, by way of non-limiting example, initials, stamped indicia, or any comment or notation of any character) not a part of the original test or any reproduction thereof. Examples of documents that must be produced include, but not limited to, working papers, preliminary, intermediate, or final drafts, grievances, correspondence, transcripts, analyzes, studies, reports, surveys, memoranda, charts, notes, records (of any sort) of meeting, messages, work assignments, internal communications, work sheets, graphic materials however produced, reproduced, diaries, telegrams, telexes, fax transmissions, electronic transmissions, reports of telephone or oral conversations, desk calendars, appointment books, audio or video tape recordings, photographs, films, microfilm, microfiche, computer tapes, disks, or printouts, press releases, newspaper, magazines and all other writings or recordings of any kind, copies thereof.

    b.    **"Relating to"** means discussing, describing, referring to, reflecting on, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, relevant to, bearing on, or pertaining to, in whole or part.

    c.    **"All"** means **"any and all."**

    d.    **"Any"** means **"any and all."**

 e.  **"Each"** means **"any and all."**

 f.  **"And"** means **"any and all."**

 g.  **"Or"** means **"any and all."**

 h. As used herein in reference to a natural person, the word ***"identify"*** shall mean to state the person's full name, address and present or last known home, business address and their said association to defendant's.

 i. As used in reference to a business or other entity, the word ***"identify"*** shall mean to state the business or other entity's full name and present or last known address and their said association to defendant's.

 j. The word ***"review"*** includes the circumstances and events leading up to, and surrounding the violation(s) of Charest's December 2005 denial of parole by the Board, inclusive to each and every person, party, witness's, defendant's, co-defendants, employee, agent, or otherwise involved –giving rise to the challenged action before, during and after the usurpations, as documented in the Board's file, or per se utilized stemming from Charest's institutional file with the ADOC and; any and all other circumstances giving rise to this civil action.

 k. The word ***"specifically identify"*** as used with respect to each and every document herein, in addition to, as stated in ¶ 7(a) above, *inter alia*, remains understood to mean the following: 1) title; 2) date; 3) name and position of originator; 4) name and

7003-1010-0001-7104-4841

position of any and all defendant's, co-defendants, witness's and supervisor's; 5) names and positions of any and all person, party, agent, employee, employer, or representatives who received copies or any portions of the documents in question; 6) description of the document subject matter and contents; 7) location of the documents, records, data, information, inclusive to recordings, stenographic notes, transcripts, *inter alia*, in question; 8) names and positions of the custodians of the above requested documents in their entirety, but not limited to.

l.  References to the singular shall be construed to include the plural, and references to the plural shall be construed to include the singular.

m.  All verbs shall be construed to include the tenses

n.  If any document or portion of any document covered by these requests is withheld from production, please furnish a list identifying each such document or portion, providing the following information with respect to each:

"1. the reason(s) for the withholding;

"2. the date of the document;

"3. identification by name, job title, and the last known business and home addresses of each person who wrote, drafted, assisted, participated, or otherwise aided in the production of the document;

7003-1010-0001-7104-4841

"4. identification by name, job title and the last known business and home addresses of each person who received or has custody, control of the document or copies thereof;

"5. a brief description of the nature and subject matter of the document;

"6. the length of the document;

"7. a statement of the facts that constitute the basis for any claim of privilege, work product or other grounds of nondisclosure; and

"8. the paragraph(s) of these requests to which the withheld document(s) is responsive."

o. If any document responsive to a request was, but no longer is, in the defendant's possession, custody, control, declare whether such document is (a) missing or lost, (b) has, had been destroyed, (c) had, has been transferred to others, (d) had, has otherwise been disposed of. For each instance, please explain the circumstances surrounding such disposition, identify each person who authorized such disposition, indicate the dates, times, f such authorization and disposition, and identify the document and each person or entity that may have, had custody, or control of, over such document or any copy thereof.

p. In the likelihood, that information responsive to a request appears on one or more pages of a multi-page document, produce the entire document.

7003-1010-0001-7104-4841

    q.    Individual responses on more than one page should be stapled or otherwise separately bound, and each page numbered consecutively.

### III. *INTERROGATORIES:*

§ 1.   State your full name, current address, date of birth and social security number.

§ 2.   Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in this State, or another? If so, for each charge, arrest or conviction or nolle prosequied offense, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, or the nolle prosequied offense, the court case number, and the disposition of the charge, arrest or conviction or nolle prosequied offense.

§ 3.   Have you ever been accused of any felony, misdemeanor in this State, or another? If yes, please *identify* by *document* the person, party, agent, agency, employer, employee or department and/or individual who accused or investigated you for such allegation(s); *specifically identify* by *document* the person, party, agent, agency, employer, employee or department or such other, who accused you of said charge, arrest, conviction or any offense's which may have been nolle prosequied; the nature of the allegation; your answer, response, in detail, to the allegation; the disposition of the accusations or investigations against you, either involving your official capacity, or involving your individual capacity.

§ 4.   Please *identify* by *document* each and every employer you have had in the last ten (10) years, unless you've worked for the Board as your current employer. With regard to each/every employer, state the foregoing: a) date of employment with the Board; b) the type of work performed; c) your discretionary functions, duties and responsibilities; d)

7003-1010-0001-7104-4841

why you left the last job, and accepted this present one. Also, forward –produce *by document* any, and all other similar Complaints whether pending before this Court or elsewhere along the similar vein of the allegations as-applied and challenged in this civil tortfeasor, additionally answer, respond and disclose the foregoing:

> "a). Disclose any and all contacts *relating to* the following: "1) the Governor's Office, moreover Governor Riley, 2) the Attorney's Generals Office, moreover Troy King, 3) Vocal, moreover M. Shehane, any agents, employees, officers, whether direct, and / or indirectly as to each, every and any representative(s) primarily associated with, dealing, concerning the Board's *review* -relating to protesting paroles, specifically Charest, but not limited thereto, *identify by specific document*."

§ 5.   *Identify* in detail, by *document* the statutory procedures utilized *relating to* 1st: "Charest's *eligible* for the *initial parole calendar date* -consideration, review," then 2nd: "how the Board by State statute arrived at their decision, and whom was *notified in accordance* by State law," under the veins of both <u>Wilkinson v. Dotson</u>, [544 U.S. 74] and <u>Greenholtz v. Nebraska</u>, [442 U.S. 1] progeny's.

§ 6.   *Identify* by *document* the Board's policy, procedure, practice *relating to eligibility* and *consideration* as-applied to Charest in effect in 1995 for potential parole by State law in accord with Federal law mandates, additionally:

> "a). Then, produce and *Identify* by *document* the Board's policy, procedure, practice on both *eligibility* and *consideration* as-applied to inmates currently, after the Board's amendment to its 640-X-.02 and -.03 criteria, now described, defined as the Board's amendatory *Articles*."

7003-1010-0001-7104-4841

§ 7. *Identify* by *document* the Board's *review* policy, practice or procedures, for *notifying* the victim or their State statutory: "1) requested 2) assigned or 3) appointed representatives, if any, by State statute in accord with Federal Law mandates.

§ 8. *Identify* by *document* the person, party, employee, co-worker, or otherwise, that have access to, input to said potential parole consideration by State statute and whom were *notified* of Charest's 1) *eligibility* and 2) *consideration* for potential parole; *specifically identify* by *document* each and every person, party, employee, agent or otherwise *relating to* with how Charest's parole *eligibility* and subsequent *consideration* was allegedly assessed by the Board under State statute, in accord with Federal law mandates.

§ 9. Please *identify* by *document* what protocol, if any, by State statute –*relating to* when inmate(s) come before the Board for either 1) *eligibility* and then 2) for *consideration* of potential parole *review* -how Federal rights are protected in accord with both State law, under Federal law mandates in accord with both <u>Wilkinson v. Dotson</u>, [544 U.S. 74] and <u>Greenholtz v. Nebraska</u>, [442 U.S. 1] progeny's.

§ 10. Please *identify* by *document* the Board's *review* policy, procedure-governing, *relating to* **denials** and upon such, what measures, if any, in existence, towards the Board's *review* policy, procedure or practice were / are utilized –*relating to* disclosing to the inmate in accord with due process under the Fourteenth Amendment the Board's reason(s) for a[ny] denial, <u>Wilkinson v. Dotson</u>, [544 U.S. 74] and <u>Greenholtz v. Nebraska</u>, [442 U.S. 1] progeny's.

§ 11. Please *specifically identify* by *document* each and every person, party, witness's, co-defendants whom were instrumentally present *relating to* Charest's December 2005 hearing, *review* as to the three (3) specific claims alleged in the present §1983 action.

§ 12. *Identify* by *document*, specifically *relating to* said allegation(s) against you with your named codefendants –how the Board first arrived at, that Charest was *eligible* for potential parole *consideration* when given his Ten year set up, back in 1996, or shortly thereinafter; and thence, thereinafter, subsequently *arbitrarily and capriciously* **denied** parole *consideration* setting Charest off more than three years, inapposite to Board's guidelines 640-X-3-.03 (Scale for Parole Calendar Dates) in effect when Charest was granted first *eligibility* for the propensity of potential parole and subsequently *considered* for prospective parole.

§ 13. *Identify* by *document* each and every person, party, employee, co-defendants involved in the plenary *review*, investigation of Charest's "1) *eligibility* and 2) *consideration* of his prospect for parole, and the denial."

§ 14. *Identify* by *document* the person, party, agent, co-workers, whom appeared before the Board, *relating to* the day, date, time of the questioned actions, inactions and usurpation of State law; *specifically identify* by *document* a[ny] evidentiary documents, data, forms or testimony, such as the tape recording of said Board's 2005 *consideration*.

§ 15. *Identify* by *document* any person, party, agent, co-defendant, co-worker, victim or representatives, *relating to* the subject matter at hand; inclusive to such other similar incidents in nature, as regards to the Board's policy, practice or procedures governing Alabama inmates as-applied to Charest similarly situated whom have been likewise been *reviewed* and considered for both "1) *eligibility* and 2) *consideration* and denied parole in the month of December 2005."

§ 16. *Identify* by *document* any, all other *reviews of* inmates, both male and female, *relating to* those whom were likewise, both "1) *eligible* and 2) *considered* for parole consideration, during the month of December in 2005" under the Board guidelines 640-

X-2, and 640-X-3, *inter alia*, but were in fact similarly situated likened Charest and **denied parole** but set off more than three years under the amendatory Articles now being utilized by the Board, sequential to the 640's.

§ 17. Please *identify* by *document* whether any other male, female -convicted and sentenced to imprisonment falling under the Board guidelines 640-X-2, 640-X-3, *inter alia*, similar to, and likened Charest's situation, degree, or nature of crime(s) which were likewise denied parole; but in fact **not** set off more than the three year mandate inapposite to Charest's set-off in the last quarter of 2005.

IV.   **<u>REQUEST FOR ADMISSIONS</u>:**

The foregoing admissions, as requested hereinafter are presented and maintained for judicial scrutiny under the doctrine of both State law and "<u>Wilkinson</u>, and <u>Greenholtz</u>," progeny's, as follows:

§ 18.   Admit or deny that Charest was given **after** sentencing his "*initial parole consideration,*" day, date commonly known as, or called "<u>a parole calendar date</u>" by the Board's guidelines 640-X-2-.02, sections (1 –8) (Scheduling Cases for Parole Consideration); if denied then, list by *document* how the Board derived at Charest's potential, prospective parole consideration date, in accord with State law and "<u>Wilkinson, Greenholtz.</u>"

§ 19.   Admit or deny that a "pre-parole personnel interview with Charest was conducted within the strictures of the Board's guidelines 640-X-2-.03 (Pre-Parole Inmate Interview) by the agent at Limestone Correctional Facility" (hereinafter "LCF") whereupon completion of such, if any, of said "*written report*" was then submitted to the Board for "*proper findings* and *evaluation,*" prior to parole *consideration,* if admitted then *specially identify* by *document* said compliance; if denied then, list by *document* how the Board

7003-1010-0001-7104-4841

derived at Charest's potential, prospective parole consideration review and subsequent denial in accord with State law and "*Wilkinson, Greenholtz.*"

§ 20.   Admit or deny that "members of the Board **did** conduct their individual study and review of Charest's case **prior to** the consideration docket date of December 2005," if admitted, provide by *specific document* the Board's file review worksheet <u>or as a juridical alternative -a suitable copy thereof to the Federal magistrate for an in camera review</u>, for appropriate consideration of the Board's legislative adherence to State law mandates, in that, the Board reviewed Charest's case as mandated by the Board's guidelines 640-X-2-.05 (Preliminary Review of Docket Cases) in effect at the time of his conviction / sentence in 1995; if denied then, list by *document* how the Board derived at Charest's potential, prospective parole consideration docket date, and subsequent **denial** in accord with State law, that the Board in fact provided Charest with Federal due process protections for *"fair consideration,"* absent arbitrary and capricious reasons within: "*Wilkinson, Greenholtz.*"

§ 21.   Admit or deny that Charest's parole consideration "Notices" as required by 640-X-2-.06 (Notices of Pending Parole Consideration) were in fact sent in accord with State Act No# 83-750 (1983 session) of Alabama Legislature, or certain other amendatory actions thereinafter, if denied then, list by *specific document* how the Board derived at Charest's potential, prospective parole consideration *review*, and subsequent **denial** in accord with State law, that the Board in fact provided Charest with Federal due process protections for *"fair consideration,"* absent arbitrary and capricious reasons within: " *Wilkinson,* and *Greenholtz.*"

§ 26.   Admit or deny that Charest had a "*Protest*, either: '1) *in person* or in 2) *writing* stating a[ny] reason(s) *relating to* parole,'" within the Board's 640-X-2-.07 (Protests)

7003-1010-0001-7104-4841

guidelines, and if admitted, is it in the Board's files and was it *considered* when the Board took action in December 2005, for Charest current denial.

§ 27. Admit or deny that the Board, or its agents conducted an individual study, *review* of Charest's case **prior to** his parole *consideration*, if admitted, *specifically identify,* and produce the prepared file review worksheet (PBF-118, rev. 4-86) *document* as-applied to Charest, in accord with the 640-X-3-.02 (Parole Review Worksheet) in effect at the time Charest was convicted / sentenced in 1996, and *identify by production of said document* the field parole officer responsible for assembling, disseminating said information, data for Charest's 2005 parole *review.*

§ 28. Admit or deny that "a representative from the Attorney General's Office appeared before the Board on behalf of the State," or per se the victim –or both, *relating to* the December of 2005 *review* and spoke against Charest's consideration for parole, if admitted was said office, officers, agents, employees appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document.*

§ 29. Admit or deny that "a representative from the Governor's Office appeared before the Board on behalf of the State," or per se the victim –or both, *relating to* the December of 2005 *review* and spoke against Charest's consideration for parole, if admitted was said office, officers, agents, employees appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document.*

§ 30. Admit or deny that "Mrs. Shehane a representative from VOCAL, appeared before the Board on behalf of the victim," *relating to* the December of 2005 *review* and spoke against Charest's consideration for parole, if admitted was said office, officer's, agents, employees appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, or requested by the alleged victim, *specially identify* by *document.*

15

§ 31.   Admit or deny that "Mrs. Maria LeBreton appeared before the Board on behalf of: '1) victim, 2) State, or 3) Vocal, or 4) otherwise,'" *relating to* the December of 2005 *review* and spoke against Charest's consideration for parole, if admitted was said appearance before the Board upon a[ny] "Notification, Request," by either this Board, or State law, *specially identify* by *document.*

§ 32.   Admit or deny that Charest was granted prospective *consideration* for potential parole by the Board after his conviction in 1995 as promulgated by 640-X-2-.02 for the year of 2005, or before, if **denied**, then state the day, month and year set as promulgated by State law, or the Board's 640-X-3-.03 guidelines, *specially identify* by *document.*

§ 33.   Admit or deny that the Board, or its authorized agent, employee afforded the victim the form to either: "1) *request a thirty (30) day Notification* or 2) *a waiver of Notification,*" before the Board *considered* Charest's 2005 parole *review* in accord with 640-X-3-.05 strictures (Victim's Request or Waiver of Notice):

> "(a) If admitted, then produce by production of *document* the form utilized by the Board, protecting Charest's fundamental rights; and, under the victim's notification act, that the Board's actions were in fact fair, proper in accord with State law and *Wilkinson,* and *Greenholtz, supra.*"

§ 34.   Admit or deny on the day, date, and time of Charest's hearing in December 2005 that the Board had, either: "1) invoked, 2) requested or 3) allowed for additional comments, protests from either: '1) Vocal, or 2) Mrs. LeBreton,'" if admitted state with certainty whom, and the nature of the protest, *relating to review* –and *specify by document* in accord with State law and "*Wilkinson,* and *Greenholtz,*" supra.

§ 35.   Admit or deny that the Board's actions governed by State law under 640-X-3-.06 (Action by Board) *relating to review* were properly, fairly considered, if admitted -then

7003-1010-0001-7104-4841

produce *by document* the Board's form (CO FORM 501 Rev. 6/82) in accord with State law and "*Wilkinson*, and *Greenholtz*," *supra*.

Done so this 6th day of February, 2008.

Respectfully Submitted,

_____
PATRICK JOSEPH CHAREST,
Acting in pro per #182262
LIMESTONE FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the First Set of Interrogatories, Request for Admissions, upon said defendant's, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail, Receipt Requested[1], upon delivery, service to invoke the time certain for answering, as follows:

1. Defendants Williams (Wynn), Weatherly, Longshore et. al.,
   C/O Chief Counsel Honorable Hugh Davis
   Attorney for Alabama Pardon & Paroles
   301 South Ripley Street
   Post Office Box #302405
   Montgomery, Alabama 36130

Done so this 6th day of February, 2008.

Respectfully Submitted,

_____
PATRICK J. CHAREST
Acting in pro per #182262

---

[1] Charest asserts that the Certification Card Number hereinafter ascribed #7003-1010-7104-4841, applicable to the Interrogatories & Request For Admission, has likewise been properly placed into the Department of Corrections mail service, on the above cited date, and also he is utilizing the United States Postal Service tracking, monitoring and receiving system, to assure time sequences for defendant's Answer, Reply in accordance with DISCOVERY requests, pursuant to Federal Rules of Civil Procedures, Rules 26, 33, 34 and 36.

17

CHARET, Patrick #182268
Limestone C.F. I-dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009

2:07-CV-984-MHT

United States District Court
Middle District Hon. D. Hackett,
c/o Post Office Bx 711
Montgomery, Alabama
36101-0711

Legal Mail

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.