IN THE UNITED STATES DISTRICT
COURT FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Patrick J. Charest 182262
Plaintiff,

Vs.

Sidney Williams et. al.
Defendants.

2:07-CV-984-MHT

RECEIVED
2008 MAR -6 A 10:22
DEBRA P. HACKETT
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## Motion For A Specific Ruling In Law As To Plaintiffs' Outstanding Motions And For Clarification Of Court Orders Or In The Alternative Extension Of Time

Comes Now Patrick J. Charest (hereinafter "Charest") and moves this Court to Grant-Entertain said above styled cause of Action - Relief as sought; as follows:

§1. This Court Issued an ORDER for Defendant's to file an "Answer and Written Report" on December 6th 2007 - that said pleading should be served on or before January 14th 2008.

§2. This Court then, upon Receipt of Defendant's Answer Issued Another ORDER on January 11th 2008, that Plaintiff was told to file by or before January 31st 2008 - a "Response" to said Answer - Absent Charest ever being 1st Served a True & Correct Copy of said same pleading only served this Court.

§3. Thence Plaintiff Charest filed before this Court his "Amendment Against Defendants Attorney For Fraud Upon The Court-Plaintiff In Contradiction To Proper Service & Gross Prejudice Caused By Ambush," on January

29th 2008 which has yet to Ruled upon — thus Prejudicing said instant case — Chilling Rule 15, Fed.R.Civ.P. hindering Chanest to "Amend" said §1983.

Chanest is duly entitled to a Ruling in Law — to said Request for an "Amendment" by this Court — prior to such other Adjudications — per se Henceforth.

§4. This Court denied Chanest Joinder of said other Named Plaintiffs White #140147 @ 2:07-CV-1080 MHT; and Brown #110326 @ 2:07-CV-1123; Sutton #21067 @ 2:08-CV-0003- and Bennett #132146 @ 2:08-CV-22-WKW; Carey #~~ ~~ 152763 @ 2:07-CV-1106 to this current action for Class Certification, and Chanest objected to such prejudicial actions by this Court to correct ongoing Federal Violations.

§5. Based upon this Court's Order of 1-11-08 as argued in §2 above, Chanest filed — requested for an "Extension to Respond... to Def's Doc #21," primarily due to the Defendants prejudice as alleged by Chanest in §3 above, inter alia, which this Court thence issued another Order on January 31st 2008 — granting unto Chanest time through March 7th 2008 to Respond to Defendants "belated, and otherwise inept Answer, absent a Written Report, Exhibits, Affidavits, Regulations, Policies as was previously Ordered by this Court on December 6th 2007.

It was further Ordered that Defendants serve a copy of said Answer on Chanest — served upon only the Court.

2

§6. Upon receipt of such Answer - Charest reviewed said conclusory allegations - attempting to contradict the original §1983 Complaints facts under the penalty of perjury - and filed a "Motion For Continuance / Stay Permitting Plaintiff to Contest Def's Answer," coupled with Charest's Rule 56(f) Affidavit, to date such has likewise not been adjudicated either, likened his Amendment motion - causing confusing prejudice towards Charest's ability to both 1) manage said §1983 and 2) prosecute effectively said tort absent sufficient - timely Rulings.

§7. To date, below, Charest has not received any Discovery, notices or otherwise from either Defendants or This Court since Charest filed his "Change of Address - Notification on or before February 21st 2008," serving all parties thereof, and desire to maintain this action effectively until he returns to Limestone C.F. from The Baldwin County Jail, thus requests for this Court to Rule in accordance with the Fundamental Principles afforded Pro-se Litigants concerning the two (2) Above Motions yet decided - Inclusive to Per se, granting said Continuance until Discovery is Complete as to Filing any Response to Def's Answer'?

3

38. This Court issued an Order on or about February 13th 2008 - ordering Defendants to either object or otherwise respond to Chanest's dual Discovery Motions listed as Doc# 41, and 42 and to do so before February 27th 2008 - that too- has now, below, come and went without Defendants being otherwise obedient to this Courts previous orders.

Wherefore Premises shown- Chanest prays that this Court would issue the necessary orders: 1) and Rule on Plaintiffs Amendment For (new) Defendants - filed 1-29-08 And 2) Motion For Continuance / Stay - filed with Chanest's Rule 56(f) Affidavit on 2-6-08 — order Defendants to Reply - Respond or otherwise Answer said dual Motions - And sanction or compel the Defendants to comply with Courts previous Order dated 2-13-08 And this time Actually serve copies upon Chanest Affording him proper Review of Any Pleadings Defendants file before This Court.

Done so this March 4th 2008

Respectfully Submitted
_____ 182262
Patrick Joseph Chanest
Pro-se # 182262 Dorm DCell
c/o Baldwin County Jail
200 Hand Avenue
Bay Minette, Ala 36507

4

## Certificate of Service

I Hereby Certify that I have served a true and correct copy of said same motion upon Defendants by placing same in the Jails Hands for proper Delivery & Postage Prepaid and Addressed as follows:

1) Alabama Pardon & Paroles et. Al.,
C/o Hon. Hugh Davis et. Al.,
301 South Ripley Street
Post Office Box 302405
Montgomery, Alabama
36130

Done so this March 4th 2008 (1)

Respectfully Submitted
/s/ 182262
Patrick J. Charest
Pro-se # 182262
Baldwin County Jail

Prison Mail Box Rule

See Houston v Lack, 487 U.S. 266 (1988), Also Washington vs United States 243 F.3d. 1299, 1301 (11th Cir 2001); Adams vs United States, 173 F.3d 1339, 1341 (11th Cir 1993); Robinson vs Tanner, 113 F.3d. 1841, 186 N. 1 (11th Cir. 1986) (Inmates confined in Institutions, Also, Proceeding Pro-se — documents delivered — as filed when turned over to Prison, Jail Authorities.).

5

Patrick J Chaney BOI# 58234
Baldwin County Jail Dorm) cell 1
200 Hand Avenue
Bay Minette, Alabama
26507

2:07CV-984-MHT

United States District Court
Attention: Honorable John McKieth
Post Office Box 711
Montgomery, Alabama
36130

Legal Mail