IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

PATRICK JOSEPH CHAREST, #182 262        *

    Plaintiff,                                     *

    v.                                             *         2:07-CV-984-MHT
                                                                 (WO)
SIDNEY WILLIAMS, *et al.*,                      *

    Defendants.                                    *

_____

**ORDER ON MOTION**

Before the court is Plaintiff's motion for leave to file a motion to amend complaint. Upon consideration of the motion, it is

ORDERED that the motion for leave to file a motion to amend complaint (*Doc. No. 37*) be and is hereby GRANTED.

Plaintiff requests that he be allowed to amend his complaint to name Hugh Davis and Steve Sirmon, counsel for defendants Weatherly, Longshore, and Williams, as defendants to this cause of action. Plaintiff complains that counsel for defendants engaged in fraud and misrepresentation by failing to provide him with a copy of the special report submitted on behalf of their clients. Plaintiff further contends that defense counsels' conduct has: 1) denied him access to the courts, 2) obstructed justice, 3) violated his First Amendment right to redress grievances, 4) violated his right to equal protection by hindering and/or obstructing his ability to litigate the instant action, and 5) violated his right to due process. Plaintiff's proposed motion requests declaratory and injunctive relief based on the conduct and/or

actions of counsel for defendants.

Plaintiff's motion to amend a claim for injunctive and declaratory relief against counsel for the defendant parole board members in their role as advocates for these defendants shall be denied. To obtain declaratory or injunctive relief, a plaintiff must demonstrate that there was a violation of the law, that there is a serious risk of continuing irreparable injury if the relief sought is not granted, and the absence of an adequate remedy at law. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). The activities about which Plaintiff complains with respect to counsel for defendants took place within the adversarial arena and are subject to the attendant safeguards of the judicial process. *Cf. Mitchell v. Forsyth*, 472 U.S. 511, 523 (1985) (where the Supreme Court recognized the that "the judicial process is largely self-correcting: procedural rules, appeals, and the possibility of collateral challenges obviate the need for damages actions to prevent unjust results"). Because there is an adequate remedy at law, Plaintiff cannot establish an entitlement to declaratory or injunctive relief against counsel for the defendant parole board members and his request to amend his complaint to name these individuals as defendants shall, therefore, be denied.

Accordingly, it is

ORDERED that the motion to amend complaint (*Doc. No. 37*) be and is hereby DENIED.

DONE, this 18th day of March 2008.

    /s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE