**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

Patrick Joseph Charest, #182262             *

      Plaintiff,             *

Vs.             *       **2:07-CV-984-MHT**

Alabama Pardon & Paroles et. al.,             *

      Defendants.             *

RECEIVED

7? MAR 26 A 9: 53

DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### MOTION TO ALTER, VACATE OR
### AMEND DENIAL OF PLAINTIFFS'
### RULE 56(f) MOTION

    COME NOW Patrick Joseph Charest (hereinafter "CHAREST") and moves this Honorable Court to *ENTERTAIN* the above styled-motion under Rule 59(e), Alabama Rules of Civil Procedure thus *GRANTING* the relief as follows:

## I.   FACTS:

§ 1.      Charest's §1983 *COMPLAINT* and attached *In Forma Pauperis Declaration* (Doc. # 2, 4) were filed on October 19th. 2007 –whereupon this Court reviewed said initial tort under title 28 U.S.C. §1915(b)(1)(A) –requiring Charest to prepay a partial filing fee of $26.67 based upon plaintiffs' previous amounts deposited to his prison account by family members –prior to the filing of said complaint.

    This Court ORDERED Charest to forward said amount before December 4th. 2007; Charest timely requested, prior to 12/04/07 deadline, his *"Motion for Extension of Time"* (Doc. #10) whereas this Court granted said time from 12/04/07 to 12/14/07 affording Charest sufficient time, to sign and release funds from Alabama Department of Corrections (hereinafter "ADOC") prison account payable to the clerk of this District –the Honorable Debra Hackett –whereupon said amount was in fact subsequently paid.

§ 2.        On December 6th. 2007 this Court ORDERED Defendants to "1) undertake a review of the subject matter of Charest's *Complaint* –directing Defendants to '(a) <u>to ascertain the facts and circumstances; (b) to consider whether any actions should be taken by prison officials to resolve the subject matter of the complaint; and (c) to determine whether other similar complaints, whether pending in this court or elsewhere, should be considered together;'</u>" and to file: "2) An *Answer and Written Report* <u>upon both this Court and Plaintiff on  or before January 14th. 2008</u>, stating also therein, that: '*The Written report* **must** <u>contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint.</u>'" **Id**. "<u>In addressing the claims presented by Plaintiff, Defendants **shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief**</u>." **Id**. Additionally, this Court ordered therein, that: "**No** <u>motion for summary judgment . . . or any other dispositive motions addressed to the complaint be filed by any party</u> **without permission of the court**. . ." **Id**.

§ 3.        Charest respectfully points out to this Court that [he] and five (5) other plaintiffs requested –either "*joinder or class certification*," be juridically *GRANTED* to allow Federal intervention to the overall Defendants political unconstitutionalities within Alabama's "*procedures of both: 'eligibility and subsequent parole consideration.'*" nevertheless, this Court and other Magistrate's *DENIED* said plaintiff class federal protection –recently held by the United States as "questionable" within the strictures of the recent plenary review of *Wilkinson v. Dotson*, [544 U.S. 74] (2005).

Charest's OBJECTIONS (Doc. 16 & 18) to this Courts DENIAL of both: "*joinder / class certification*," were subsequently overruled / affirmed by Honorable M. Thompson on December 17, 2007 inapposite to and contrary to §1983 review, relief, inclusive to the

intrinsic holdings of <u>*Hubbard v. Haley*</u>, 262 F.3d 1194, 1195 (11th.Cir. 2001), and progeny of <u>*Alexander v. Fulton County, Georgia*</u>, 207 F.3d 1303, 1323 (11th. Cir. 2000).

§ 4.        Thereinafter, this Court directed Charest –on January 11th. 2008 to reply / respond "<u>on or before January 31st. 2008</u>" to Defendants' unsupported *ANSWER* (Doc. #21)**(electronically filed 1/10/08)** although Charest had not "*then*" at that time "yet received anything from counselor Hugh Davis, as attested to in his certificate of service*;*" cause juridically speaking for Charest to immediately file two (2) motions, styled: "*1) Extension For Time To Respond To Court Order Issued January 11th, 2008*," *and* "*2) Amendment Against Defendants Attorney For Fraud Upon The Court,* [and] *Plaintiff . . .*" (Doc. #37) –to which this Court most recently reviewed and *DENIED* on March 18th. 2008 (Doc. #54).

§ 5.        In addition to, either –Counselors: "(a) intentional *Fraud or Perjury* upon this Court and Charest, or per se (b) simple inadvertence" –Charest was, nevertheless prejudiced by said inactions as recently admitted by Deputy Attorney General Honorable Hugh Davis (hereinafter "Davis") on March 5th. 2008 representing the Parole Board Defendants in this instant action, see Davis's response to the Alabama State Bar as-complained of, by Charest, also to Alabama's Bar Association in case Number #CSP #08-182(A), adopted, incorporated / attached Charest's ***Exhibit-1***.        Davis admits to the State Bar, and Charest adopts said statement –for this Rule 59(e) motion: "a breakdown in communications somewhere in our office . . . a copy of everything I file[d] with the Court should be served on other parties to the case . . . it is obvious that some documents that are electronically filed are <u>not being printed and mailed to pro se litigants. This is unacceptable</u>." . . . These regrettable incidents offend my sense of fair play and justice, and I am deeply embarrassed that this has occurred. We obviously need to make some

change in the way we handle service of papers on pro se litigants, to ensure that they actually receive their copies. . . ." **Id.**      Charest respectfully points out to this Honorable Court that "when Charest actually received Defendants' *ANSWER* sometime on or after February 6th. 2008" that said *ANSWER* was wholly insufficient to formulate any evidentiary attestations –thus forcing Charest to file for limited discovery pleadings.

§ 6.      On February 6, 2008 Charest filed in lieu of Defendants belated, and previous missing ANSWER -which "*to date remains wholly deficient*" to this Court's December 6, 2007 ORDER: "*[T]he written report* ***must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint***. *All defenses including immunity defenses* ***must be set forth in the written report or such defenses may be waived*** . . . *Defendants* ***shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief.*" **Id**.      To date, below, neither this Court nor Charest has ever received any "*Written Report –or copies of all documents, records, regulations relevant to Plaintiff's claims for relief,*" or "*any Affidavit as to any defendant having personal knowledge,*" as mandated by this Court's ORDER issued January 11th. 2008.

Based upon the above shortcomings Charest also filed: "1) a *Motion For Continuance / Stay Permitting Plaintiff To Contest Defendants Answer –coupled with Charest Rule 56(f) Affidavit, 2) Plaintiff's First Set of Interrogatories –Request for Admissions . . . , and 3) Request for Discovery / Documents . . .*" (Doc. 41, 42) all of which were in fact served upon Counsel by means of certified mail and return receipt for the thirty (30) day invocation notice.      This Court on February 13th. 2008 ORDERED Defendants to "*object or otherwise respond to the requests for discovery,*" on or before February 27th. 2008. (Doc. #43).

4

§ 7.        Charest was subsequently "*transferred,*" on February 20th 2008 to Baldwin County Jail (hereinafter "B.C.J."), as noted by this Court's record –predicating a **Docketing date / stamped February 25th 2008** (Doc. # ?) on Charest's "*Notice Of Temporary Change of Address For Delivery –Notice of Mail,*" so that said case could effectively be managed upon any future receipt of any: "1) ORDERS by this Court or in fact the "<u>discovery as so ordered by this Court upon Defendants on 2/13/08 Doc. 43;</u>" which Charest anticipated would be actually, timely filed by Defendants, as so ordered.

While at B.C.J. –Charest filed: "*Motion For A Specific Ruling In Law As To Plaintiffs' Outstanding Motions and for Clarification Of Court Orders or in the Alternative Extension of Time.*" (Doc. #45).        Charest notified all parties of his transfer, and remained at the B.C.J. -until March 5th 2008 –thereinafter "again notifying all parties of his return to Limestone Correctional Facility (hereinafter "L.C.F."), see Charest's "*Motion for Second Change of Address,*" **docketed 3/12/08**.

§ 8.        On **March 20th 2008** Charest received the foregoing ORDERS:

"1) .    Plaintiff's motion for leave to file a motion to amend ORDERED that the motion for leave to amend complaint (*Doc. #37*) be and hereby *GRANTED* (Doc. # 54) [Dated March 18[th] 2008];

"2).    Plaintiff's request for a ruling on his motion for leave to file a motion to amend complaint. The court has this date entered a ruling on said pleading (*See Doc. #54*), Accordingly that the motion for order (*Doc. #45*) be and is hereby DENIED as moot. [Dated March 18[th] 2008];

"3)    Plaintiff's motion for continuance/stay *pending* discovery . . . Upon consideration of the motion for continuance/stay, construed as a motion to hold the court's January 11, 2008 order, as extended by the court's order January 31[st] 2008 order (*see Doc. Nos. 23, 36),* in abeyance, and for good cause, it is ORDERED that the motion (*Doc. No. 39*) be and is hereby DENIED. [Dated March 7th 2008];

"4).    Plaintiff's motion for extension of time, it is ORDERED that: Plaintiff's motion (*Doc. No. 45*) be and is hereby *GRANTED* and

Plaintiff is *GRANTED* an extension form March 7, 2008 to and including **March 21st. 2008 to file his response to Defendant's written report**. [Dated March 7th. 2008];

"5).    ORDERED that on or before **March 14, 2008 Defendants shall SHOW CAUSE for failing to comply with the court's February 13, 2008 order**. (*See Doc. No. 43*). [Dated March 7th. 2008];

"6).    There being no objections filed to the recommendation of the magistrate judge filed on February 8, 2008 (*Doc. # 38*) . . . Plaintiff's motion for class certification (*Doc. # 33*) is DENIED. [Dated March 7th. 2008]."

(Emphasis-added for plenary review).    Said above ORDERS were in fact **received on March 20th, 2008 at L.C.F legal mail**.

§ 9.    On **March 21st. 2008** Charest received from Counselor H. Davis "allegedly on behalf Defendants: 1) S. Williams 2) V. Weatherly and 2) R. Longshore" -the following styled Documents:

**A.    Discovery answers:**

"1).    Response to Show Cause Order on Behalf of Defendants **Williams,** Weatherly and Longshore. (*Doc. # ?*);

"2).    Response of Defendant Weatherly to Plaintiff's Discovery Requests. [Dated March 14th. 2008] (*Doc. # ?*);

"3).    Response of Defendant Longshore to Plaintiff's Discovery Requests. [Dated March 14th. 2008] (*Doc. # ?*);

"4).    **No Response from Defendant Sidney Williams to Plaintiff's Discovery Requests**. [*See Article II, Rule 201(b)(d)(f), Rules of Evidence*];

**B.    Discovery Affidavit's:**

"5).    Affidavit of Defendant Velinda Weatherly (Exhibit-B) [Dated **January 9th. 2008**] (*Doc. # ?*);

"6).    Affidavit of Defendant Robert Longshore (Exhibit-C) [Dated **January 9th. 2008**] (*Doc. # ?*);

"7).    **No Affidavit from Defendant Sidney Williams**. [*See Article II, Rule 201(b)(d)(f), Rules of Evidence*];

**C.    Parole Board 2002 ARTICLES:**

"8).    Courtesy copy of Alabama Pardon & Paroles amended (2002) Operating Procedures (Exhibit-D) [25 pages]."

(Emphasis-added for plenary review).

**II.    ARGUMENT:**

§ 10.        First, and foremost Charest asserts that this Court ORDERED Defendants on February 13th. 2008 (Doc. #43) to have fully disclosed *DISCOVERY* "documents" inclusive to producing *RESPONSES* to Charest's *Interrogatories / Admission* (Doc. #41, 42) on or before February 27th. 2008 as served by Charest on February 11th. 2008 (Certification No. 7003-1010-0001-7104-4841) –which "once again" Counselor Davis filed with this Court by means of electronic service albeit some sixteen (16) days beyond this Court's directive –thus Defendant's 1) Weatherly's and 2) Longhsore's *OBJECTIONS* remain untimely, and "waived by means of failing to adhere to Court mandates," as stated on December 6th. 2007, as follows:

> "The written report **must** contain the sworn statement of all persons having personal knowledge of the subject matter of the complaint . . ."

(Quote-un-Quote).                    Defendant Weatherly's *AFFIDAVIT* (Exhibits B) falls outside the scope of either Rule 902(8) Fed.R.Evid., being unlawfully, inadmissible entered, and remains insufficient because, first off Defendant Weatherly's Affidavit at page five (5) is un-sworn, she signed it –but in fact the "notary block is on page six (6), and in further support Charest states, simply in accord with *Thigpen vs. Matrix Fin. Servs. Corp.*, U.S. (Southern District of Alabama 2004) ("*Notarization requires a complete affidavit and a signer and notary in one place at one time*".); 2004 Bankr.

LEXIS 1136 Case No. 02-14280-MAM-13, Adv. No. 04-01035, August 2, 2004; *see also C. Gamble, McElroy's Alabama Evidence § 233.01(4)(b)(4th. Ed. 1991).*

Secondly, it must be pointed out to this Court with Charest's cursory glance –that Exhibit-B page one (1) states: "**I do not have personal knowledge of what was said, or by whom at this meeting.**" **Id**. Not having personal knowledge in and of itself automatically strikes this Defendants absence of first hand knowledge, see *Wells v. Xpedx,* 2007 U.S. Dist. LEXIS 67000, 2007 WL 2696566, *2 (M.D. Fla. Sep. 11, 2007)("[T]o be considered for or against summary judgment, a document must be authenticated, either by an affidavit that meets the requirements of Rule 56(e) . . . or in accord with the Federal Rules of Evidence."); 10A Fed. Prac. & Proc. Civ. 3d 2722 ("To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e)."); Moore's Federal Practice 3d, 56.14[2][c]("Unauthenticated documents, once challenged, may not be considered by a court in determining a summary judgment motion."). Furthermore Federal Rule of Civil Procedure 56(e) describes the requirements for affidavits submitted in support of summary judgment filings. An affidavit must: "(a) be based on personal knowledge; (b) set forth such facts that would be admissible in evidence; (c) show that the affiant is competent to testify to the matters stated therein; (d) be signed by the affiant; and (e) be accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public. Fed. R. Civ. P. 56(e); Fed. R. Evid. 902(8)," thus Defendant Weatherly's affidavit remains deficient, at Charest's first glance.

Such deficiencies render Defendants affidavit inadmissible for purposes of ruling on the Counselor Davis motion for summary judgment, actually entitled "*ANSWER OF ALABAMA BAORD OF PARDONS & PAROLES* (Doc. # 21) –received by Charest on

February 6th. 2008 —but in fact due to be served, upon Charest timely as it did this Court on or about January 10th. 2008. See, e.g., *Howard-Ahmad v. Chicago School Reform Bd. of Trustees*, 161 F.Supp.2d 857, 861 (N.D. Ill. 2001) (unsigned, unnotarized affidavit is inadmissible as evidence under Rule 56(e) and must be stricken).

§ 11.        Furthermore, for the record Defendant Longshore's Affidavit at a quick glance, stated: "I was not present and did not participate in that [December 6, 2005] meeting . . . I do not know whether any person at that meeting expressed the opinion . . . I do not know of the context of the opinion or the facts relied on by the speaker . . ." **Id at Longshore's Exhibit-C at page two (2)**."

Thus in accord with Rules 56(e), Fed.R.Civ.P., and Rule902(5), Fed.R.Evid., inclusive to this Court's own mandated directives these two (2) Affidavits cannot support Defendants position of asserting under a "**sworn statement of all persons having personal knowledge of the subject matter of the complaint**." See this Court's ORDER dated 12/06/07.

Charest desires to in fact, have sufficient time to properly review under the auspice of Rule 56(f), Fed.R.Civ.P., the Defendants "discovery documents," and requests more than having just one (1) day —as mentioned above in paragraphs §§ 8, 9 at pp. 5 –7, supra.

§ 12.        In short, Charest desires that this Court "*take judicial notice*" under Article 201(c), Fed.R.Evid., that this Court issued an ORDER on 1/09/08(Doc. #20) in its *CONCLUSION* at page 4 ¶ 3, that: "[*w*]*ith respects to Plaintiff's remaining claims against Sidney Williams, Velinda Weatherly, and Robert Longshore be referred back to the undersigned for further proceedings*." **Id**. I desire, request for the record to reflect that only two (2) Defendants plead, albeit that said "affidavits remain inadmissible under

9

this Circuits holdings;" Charest is duly entitled to preserve and request a "ruling in law" against Defendant Sidney Williams for failing to plead any affirmative defense, inclusive to his failures towards attesting under oath his part to Charest's claims for redress, or in this present case Charest is duly entitled to another "<u>fair consideration for parole</u>," being that said limited Defendants have failed to shift the burden under both *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 2552-53, 91 L. Ed. 2d 265 (1986).

WHEREFORE PREMISES SHOWN, Plaintiff Charest respectfully prays that this Court grant the above styled 56(f) motion under reconsideration of Rule 59(e) progeny, or in the alternative a time certain enabling Charest to properly review Defendants "*Discovery Answers, Exhibits*," thoroughly since said Court's ORDERS, DISCOVERY were just received on **March 20th, 2008** and this Court ordered Charest to respond "to and including **March 21st, 2008** –only permitting one (1) day to review, reply.

Done so this March 21st, 2008.

Respectfully submitted,

Patrick Joseph Charest, #182262
Acting in pro per.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the RECONSIDERATION upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1.      Defendants Williams (Wynn), Weatherly, Longshore et. al.,
        C/O Chief Counsel Honorable Hugh Davis
        Attorney for Alabama Pardon & Paroles
        301 South Ripley Street
        Post Office Box #302405
        Montgomery, Alabama 36130

Done so this March 21st, 2008.                    Respectfully submitted,

                                                  _____
                                                  Patrick Joseph Charest #182262
                                                  Limestone Correctional Facility
                                                  28779 Nick Davis Road
                                                  Harvest, Alabama 35749-7009

Montgomery Alabama 36101-0711

Post Office Box 711

Honorable Delores Nockett

Court For The Middle District

THE United States District

2: 07-CV-984-MHT

Charles Patrick #19286
Limestone C.F. I Dorm
28779 Nick Davis Road
Harvest Alabama
35749-7009

**Case No: 2:07-CV-984-MHT**

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NOTHERN DIVISION

PATRICK JOSEPH CHAREST, #182262

PLAINTIFF,

Vs.

ALABAMA PARDON & PAROLES

DEFENDANTS.

---

# E X H I B I T

# ONE

---

**Prepared in pro per**

PATRICK JOSEPH CHAREST
ACTING IN PRO PER #182262
LIMESTONE CORRECTIONAL FACIITY
28779 NICK DAVIS
HARVEST, ALABAMA
36507-7009

RECEIVED

MAR   2008

**ALABAMA BOARD OF PARDONS & PAROLES** ALABAMA STATE BAR
**P.O. Box 302405** OFFICE OF GENERAL COUNSEL
**Montgomery, Alabama 36130**
**334-242-8700**
**4 March 2008**

ALABAMA STATE BAR
CENTER FOR PROFESSIONAL RESPONSIBILITY
P.O. Box 671
Montgomery, Alabama 36101

RECEIVED

    RE:   CSP #08-182(A)
          Patrick Joseph Charest

Gentlemen:

It appears that we have a breakdown in communication somewhere in our
office. This is embarrassing. By copy of this letter, I am bringing this
problem to the attention of our agency's chief counsel.

I know that a copy of everything I file with the Court should be served on
other parties to the case. I believed that this was clear to our support staff.
However, it is obvious that some documents that are electronically filed are
not being printed and mailed to pro se litigants. This is unacceptable. One
such mistake is too many in my view, and this is not the only time this has
occurred.

I do not need or want to take unfair advantage of any litigant, especially a
pro se litigant. Cases should be decided on their merits, with all parties
having a fair opportunity to express themselves on all issues, and with all
parties being apprised of everything the others have to say.

These regrettable incidents offend my sense of fair play and justice, and I am
deeply embarrassed that this has occurred. We obviously need to make some
change in the way we handle service of papers on pro se litigants, to ensure
that they actually receive their copies.

 To avoid the risk of conflicting instructions on the details of handling these
cases, I am referring this issue to our chief counsel, so he can implement

1

uniform procedures in our office to ensure that all litigants receive their copies of papers filed in court.

I apologize to your office for taking up your time dealing with this matter, and I apologize to Mr. Charest for any inconvenience he has experienced. I assure you both that I am embarrassed and frustrated that this has occurred. I am doing what I can to prevent further incidents of this nature.

Sincerely,

Hugh Davis
Deputy Attorney General

CC:    Greg Griffin, Chief Counsel



**ALABAMA STATE BAR**
**CENTER FOR PROFESSIONAL RESPONSIBILITY**
415 Dexter Avenue · P. O. Box 671
MONTGOMERY, AL 36101



MONTGOMERY AL 361

18 MAR 2008

Mr. Patrick Joseph Charest
A.I.S.#182262
28779 Nick Davis Road
Harvest, AL  35749-7009

PERSONAL AND CONFIDENTIAL

35749$7003

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| Patrick Joseph Charest, | * | |
| Plaintiff, | * | |
| | * | |
| Vs. | * | **2:07-CV-984-MHT** |
| | * | |
| Alabama Pardon & Paroles et. al., | * | |
| Defendants. | * | |

## AFFIDAVIT OF PATRICK J. CHAREST
## IN SUPPORT OF RULE 56(f) MOTION

**STATE OF ALABAMA   :**

**LIMESTONE COUNTY :**

Before me, the undersigned authority did appear one Patrick J. Charest, AIS No: 182262, whom did depose and state under the penalty of perjury the foregoing attestations:

1)    My name is Patrick J. Charest, I am an incarcerated convict at Limestone Correctional Facility, I am over the age of nineteen (19) years and remain competent to execute this affidavit, which is based upon both, personal and first hand knowledge of facts surrounding the §1983 Complaint, and the attached Rule 59(e) Motion.

2)    I am acting pro se at present and submit, and enter Exhibit-1, as evidence that Counselor Davis's acts, actions or outright omissions to have served upon Charest after filing said previous "documents" in this Court "electronically" at two (2) different distinct times: 1) Defendants ANSWER filed 1/10/08 but not afforded Charest until 2/06/08

(Doc #21), and then again 2) Defendants DISCOVERY documents ordered to be filed on or before 2/27/08 (Doc. # 43) but were not filed to this Court until 3/14/08 –also likewise not afforded Charest until 3/20/08 –a day prior to this Court ORDERING Charest to file his RESPONSE before 3/21/08 –thus prejudging Charest or outright ambushing Charest case.

3)    I sued Defendant's Williams (now superseded by B. Wynn), Weatherly and Longshore in their specific capacities while they were acting under color of state law, because they violated my Constitutional rights of which I know a reasonable person would have known not to have subject me to –to date Defendant Sidney Williams has "wholly failed to submit any AFFIDAVIT, or RESPONSE like his two (2) co-defendants attempted to perform, now ripe for limited summary judgment on Defendant S. Williams whom remains in default, inclusive to "waiving future affirmative motions."

4.    I assert, aver that the specific "Facts at §§ 1 –9 at pages 1 through 7 in the attached Motion to Alter, Vacate or Amend are hereinafter adopted and fully incorporated towards supporting Charest instant ARGUMENT –therein in §§ 10 –12, at pages 7 through 10 warrant immediate relief under Rule 59(e), Fed.R.Civ.P., see attached Exhibit-1.

5.    I assert, aver that based a quickened, cursory glance, i.e., that was limited to one (1) day  -Charest noticed multiple defects warranting said Exhibits B, C entered by Defendants Weatherly, Longshore be hereinafter **stricken**, see attached Rule 59(e) motion under plenary review for juridical federal comity.

6.    I have not been afforded any evidentiary materials as Court ordered that said three (3) named Defendants disclose to Charest, in fact, from the cursory glance all I received was nothing other superfluous OBJECTIONS inapposite to this Court's 12/06/07 ORDER that said "**written report**" in this matter, predicate that said "**sworn statements** [be

2

included of] **all persons having personal knowledge of the subject matter of the complaint.**" **Id**. As of the date, below under the penalty of perjury -none of the named Defendants have afforded neither this Court nor Charest the requested documents or attestations in accordance with either holdings of this Circuit, or Federal Rules of Procedure.

7.    I adopt by specific reference, in toto, fully incorporating the Rule 59(e) motion to Alter, Vacate or Amend this Courts DENIAL on 3/07/08 of Charest's Rule 56(f) motion, hereinafter as same therein, for purpose of brevity, to support striking Defendants Exhibits-B, C.

8.    Absent the Defendants first submitting to this Courts and Charest admissible Affidavits there remains to date nothing for Charest to otherwise oppose, other than upon being afforded a timely review of said belated DISCOVERY documents –to factually, reply / respond to Defendants unsupported ANSWER.

9.    Charest avers that unless this Court takes judicial notice of the "facts" as mentioned in the Rule 56(e) motion –Charest will in fact suffer egregious harm simply due to a mistake, or the mailing system which has in fact altered timely delivery from this Court's clerk, or per se the Baldwin County Jail "merely returning documents that were forwarded it, but sent back after Charest left their county jail on 3/05/08 which Charest did in fact –timely filed for change of addresses, both coming and going whilst visiting said jail from 2/20/08 through 3/05/08.

10.    Charest ends stating he has in fact, since then, received two (2) pieces of mail by this District's clerks, which were in fact first sent by this Court's clerks and re-forwarded to Charest's again present residence Limestone Correctional Facility.

AFFIANT SAYETH NOTHING FURTHERMORE:

3

Sworn to and Subscribed heretofore this ___21ˢᵗ___ day of ___March___, 2008.

[ S E A L ]

PATRICK JOSEPH CHAREST
LIMESTONE C.F. * AIS# 182262
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749

**NOTARY PUBLIC, AT LARGE:**

**Commission Expires:** ___9-28-11___

4