IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

Patrick Joseph Charest, #182262

    Plaintiffs,

Vs.                         2:07-CV-984-MHT

Alabama Pardon & Paroles et.al.,   * [ Requesting Civil Joinder
                                 under Rules 15(a), 18-20 of the
    Defendants                 * Federal Rules of Civil Procedure]

## MOTION FOR LEAVE TO PROCEED –AMENDING COMPLAINT AND OR JOINDER OF NEW PARTIES TO CURRENT CIVIL ACTION

COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* pursuant to either Rules 15(a) and / or 18-20, F.R.Civ.P., in the above-styled action for juridical continuity, comity due to the recent DISCOVERY of two latent defendants [yet still unknown by name] whom remain interconnected to ripe claim(s) as a DIRECT result of exposure from receipt –review of Defendant's Exhibit-A dated March 14th, 2008, attached to a "Response to [Plaintiff Charest's] Interrogatories / Admissions" as received but yet responded too. Charest desires to AMEND these two (2) newly amended Defendants to the present above action collectively, separately and in fact in their individual capacity acting under color of state law during their "special" representation of the Board of Pardon & Paroles. Plaintiff Charest's sustained injuries seemingly point to these two special parole board members in addition to Defendant's. Williams, since these new defendants were the ones duly appointed or so it seems as just revealed to Charest during limited DISCOVERY.

Plaintiff Charest maintains, *inter alia*, that these two (2) latent defendants will be duly named as "Doe's" until their identity is resolved, revealed by current defendants in Charest's second set of Interrogatories, Admissions soon to follow, so that said claims can

be narrowly tailored to actual persons, parties responsible for the deprivations suffered, for which Charest seeks relief.

Assuming *arguendo*, the following rules favor either 1) Amendment under Rule 15(a); 2) joinder, where Rule 18 determines the joinder of claim(s); or 3) Rule 19(a) promotes the joinder of persons needed for just adjudication(s); and or 4) Rule 20(a) treats the permissibility of parties, which ultimately promotes juridical economy, convenience allowing parties to be freely joined so as to resolve as many disputes as possible which relate to, as herein, the particular transaction(s), occurrence(s) involving Defendant parties as a whole, thus avoiding multiplicity of suits and inconsistent adjudications, all of which the above manifest's –in favor of comity for resolution and juridical fair-play, under Federal Rule of Civil Procedure, cf. Rule 5, Fed.R.Civ.P.

Rule 20(a) permits all persons to join as plaintiffs in an action where (1) they assert a claim jointly, severally, or in the alternative regarding a particular transaction or occurrence (or series of transactions or occurrences) and (2) where *any* questions of law or fact common to the parties will arise in the action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action, considering the totality of the circumstances and the deprivations complained of. Note that the term "common question of law or fact" does not refer to generic facts or law (e.g. "the law" of torts), but rather to a "fact" as a particular occurrence or event, and "law" as an application of the same legal rule or principle in a related factual setting. Rule 20(a) provides the court with discretion to make such orders, relieving parties joined of any embarrassment, delay, avoiding prejudice and expediting a final determination of plaintiffs' common disputes, preventing multiple lawsuits. *See* <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 8 BNA FEP Cas. 92, 7 CCH EPD 9408, 18 FR. Serv. 2d 1142 (CA8

Mo. 1974); <u>United States v. Carolina Warehouse Co.</u>, 4 FRD 291 (DC. SC. 1945); <u>Fair Housing Development Fund Corp. v. Burks</u>, 55 FRD 414, 16 FR Serv. 2d 826 (ED. NY. 1972); <u>Horton Co. v. International Tel. & Tel. Corp.</u>, 85 FRD 369, 29 FR Serv. 2d 288 (WD. Pa. 1980); <u>Pennsylvania v. Local Union 542, International Union of Operating Engineers</u>, 27 FR. Serv. 2d 974 (ED. Pa. 1979); <u>Guedry v. Marino</u>, 164 FRD 185, magistrates recommendation (1996, ED. La.), 1996 U.S. Dist. LEXIS 16197 (ED. La. 1995); <u>Bridgeport Music, Inc. v. 11C Music</u>, 202 FRD 229, (MD. Tenn. 2001).

Wide latitude should be granted, given the totality of circumstances governing Plaintiff Charest's discriminatory claim(s) against these newly amended parties, given the revelation from Defendants V. Weatherly's and R. Longshore's respective ethical duties owed first and foremost this Court, then second the Plaintiff governing procedural rules concerning DISCOVERY whereas it now appears joinder of parties, or in fact an amendment resulting from acts, actions or direct omissions governed by substantive rights owed Charest. *See* Rules <u>15</u>(a), <u>18</u>(a), <u>19</u>(a), and <u>20</u>(a), F.R.Civ.P.

<u>Rule 15</u>(a) provides in part:

> "Amendments: A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, . . . <u>A party shall plead in response to an amended pleading with the time remaining for responses to the original pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.</u>"

<u>Id. at 15</u>(a), supra.    Charest has just received "partial discover" from Defendants as previously ordered by this Court on February 13th, 2008 (Doc. 43) –which discloses "prejudice to the case by present Defendants replacement of special parole board members being appointed in their absence at December 6th 2005 parole hearing" [unbeknownst Charest until discovery] –depriving Charest of naming the real, or actual

3

potential person(s), parties totally responsible for the unconstitutional parole hearing now prima facie reason for *AMENDING* the complaint. Rule 18(a) provides in relevant part as follows:

> "Joinder of Claims and Remedies, 'a party asserting a claim to relief as an original claim, . . . . may join, either as independent or as an alternative claims, as many claims, legal, equitable, . . . as the party has against an opposing party.'"

Sunderland, *The New Federal Rules*, 45 W.Va. L. Q., 5, 13 (1938), *also* Clark, *Code Pleading* 58 (2d ed. 1947)(Permitting a party to plead multiple claims of all types against opposing part[ies]).

Rule 19 provides in relevant part as follows:

> "Joinder of Persons Needed for Just Adjudication, '(a) *Persons to be Joined* if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) *the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .'"

(Emphasis added).      Additionally, Rule 20 Permissive Joinder of Parties provides in relevant part as follows:

> "(a) *Permissive Joinder*. 'all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all

4

> defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Plaintiff Charest maintains as does this Circuits holdings, referring first to Rules 15(a), 19, and 20, it seems clear that under the rules of *stare decisis* if these defendants/plaintiffs are not joined, or amended a decision in favor of the present defendants -against the plaintiff or the inmate class would at least to some extent "*impair or impede*" a plaintiff's ability to protect his or her legal interest against a[ny] real, actual defendant, responsible for said injuries, damages suffered herein. See <u>Chiles v. Thornburgh</u>, 865 F.2d 1197, 1212 (11th Cir. 1989).

[A]ll act(s), inaction(s), transaction(s), occurrence(s) and or overt omission(s) arose from the most recent revelation given Charest whilst exercising redress for certain inalienable Constitutional rights, that is from partial DISCOVERY answers coupled with limited exhibits disclosed from party defendants resulting from the Board's own admissions causing the substantive prejudice; Plaintiff Charest case will in fact suffer injuriously, absent judicial intervention of Federally protected Constitutional rights; absent a[ny] other available means to narrow the claims to the latent Defendants Charest will continue to be ambushed, and this Court will likewise enter its ruling in favor of defendants V. Weatherly and R. Longshore "because it appears that they may have been temporarily replaced during which Charest complains the injuries arose," therefore Charest has to by law "Amend the Complaint to the real, actual persons, party's liable. See <u>U.S. Constitution, Amendment I, and Article III, § 2</u>.

Plaintiff Charest requests that this Court "take judicial notice" pursuant to Rule 201, Fed.R.Evid., of "Defendants submitted Exhibit-A" docketed per se on or about March

14th, 2008, before this Court, as received by Plaintiff -regarding Plaintiff's discovery process "which sharpen[ed] the presentation of issues presently before this Court, upon which [a] court so largely depends for illumination of difficult . . . questions[.]" See Baker v. Carr, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

To the extent of the language in the attached AMENDED COMPLAINT under the auspice for which it is intended Charest duly requests said motions be fully incorporated as same herein, additionally Charest requests that this Court expedite said COMPLAINT / SERVICE so as not to delay, the current §1983 action against the Board members, according all parties fundamental fairness & due process.

Charest maintains at all times relevant to this instant action --he has diligently prosecuted this tort to the best of his ability, and had defendants early on disclosed the true identity of said "*special parole board members*," at the inception of their initial ANSWER, as opposed to attempting to shift the burden on Chairman S. Williams "*absence*" or the unnamed person, party then determining Charest 2005 parole this entitled amended could have therein been juridically avoided, but for said defendants belated efforts to just now disclose to this Court and Plaintiff Charest in exhibit-A, the "*signatures of other unknown members*," Charest owes this Court that courtesy.

WHEREFORE PREMISES SHOWN, Plaintiff Charest requests for either Amendment or Joinder be permitted under the circumstances ascribed above, hereinafter for juridical efficiency, as a matter of right --to properly prosecute this §1983 COMPLAINT.

Done so this April 15th, 2008.

Respectfully submitted,

Patrick Joseph Charest # 182262

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, dated below, placed said Motion for Leave to Amend Motion and / or Joinder in the U.S. mailbox properly addressed to Defendants as follows:

1. Defendants Williams (Wynn), Weatherly, Longshore et. al.,
   C/O Chief Counsel Honorable Hugh Davis
   Attorney for Alabama Pardon & Paroles
   301 South Ripley Street
   Post Office Box #302405
   Montgomery, Alabama 36130

Done so this April 15th, 2008.

Respectfully submitted,

Patrick Joseph Charest #182262
L.C.F. 28779 Nick Davis Rd.
28779 Nick Davis Road
Harvest, Alabama 35749-7009

PATRICK J. CHAREST, #182262
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

2:07-CV-984-MHT

UNITED STATES DISTRICT COURT
ATTENTION: HONORABLE D. HACKETT
POST OFFICE BOX# 711
MONTGOMERY, ALABAMA

36101-0711

STATE BOARD OF PARDONS AND PAROLES
MONTGOMERY, ALABAMA

ACTION BY THE BOARD

NAME CHAREST PAT           AIS# 182262              DOCKET 02/2005
                                                   1/3   02/08/2005

PAROLE IS THIS DAY ORDERED _____ BY:

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

MY REASONS FOR FAVORING PAROLE OF THE PRISONER ARE AS FOLLOWS:
_____ SUBJECT HAS SERVED SUFFICIENT PORTION OF SENTENCE.
_____ INVESTIGATION HAS BEEN MADE OF SUBJECT.
_____ SUBJECT'S PAROLE PROGRAM IS ACCEPTABLE.
_____ PRISON AUTHORITY REPORT IS SATISFACTORY.
_____ UPON ACCEPTANCE BY (STATE OF)_____.
_____ I AM OF THE OPINION THAT THERE IS A REASONABLE PROBABILITY THAT
       IF THE PRISONER IS RELEASED, (HE/SHE) WILL LIVE AND REMAIN AT
       LIBERTY WITHOUT VIOLATING THE LAW, AND THAT (HIS/HER) RELEASE
       IS NOT INCOMPATIBLE WITH THE WELFARE OF SOCIETY.
_____ INTERVIEWING PAROLE OFFICER RECOMMENDS.
_____ OTHER_____

MEMBER _____ DATE _____

SPECIAL CONDITIONS _To detainer and/or program_____

CONTINUED TO _____

PAROLE IS THIS DAY DENIED  _12-6-05_  BY:
DATE                       MEMBER                        RESET

_12/6/05_        _[signature]_                    _12/6/0_
REMARKS

Rec'vd 3/21/0[6]

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Patrick Joseph Charest, #182262 | * |
| Plaintiff, | * |
| | * |
| Vs. | *    **Case No: 07-CV-984-MHT (WO)** |
| | * |
| Alabama Pardon & Paroles et. al., | * |
| Defendants. | * |

### AMENDMENT ADDING DEFENDANTS DOE(s) # 1 & 2 TO THE INSTANT ACTION PURSAUNT TO RULE 15(a), FED.R.CIV.P. and FOR PROPER SERVICE

COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* and *ENTERTAIN* the above styled action as follows:

I.    **FACTS:**

§ 1.    Charest maintains that this Court **ORDERED** on December 6th, 2007 at paragraph 2, that: "An **answer and written report** shall be filed with the court and a copy served upon Plaintiff (Charest) on or **January 14th, 2008 . . .**" Id.

§ 2.    Charest received from Magistrate Walker on January 9th, 2008 the court's summary "Recommendation Of The Magistrate Judge" (hereinafter "R & R") requiring an objection —which by law Charest filed "1) *Objection To Magistrates Recommendation,*" for plenary review by District Judge Thompson.

§ 3.    On **January 11th, 2008** Charest received another order by Magistrate Walker whereas said Court asserted: "[T]he Magistrate Judge has reviewed the answer, special

<u>report and supporting evidentiary materials filed by Defendants (Doc# 21) and determined that Plaintiff (Charest) must file a response in opposition to such pleadings. Accordingly, it is ORDERED that on or before **January 31st, 2008** Plaintiff (Charest) shall file a response to the written report. . . ."</u> Id.

Based upon the prejudice brought to Charest's attention —requiring immediate protective measures —Charest filed on January 15th, 2008 for an *"Extension For Time To Respond To Court Order Issued January 11th, 2008 Of Defendants Doc# 21,"* whereas Charest strenuously pled both, the "1) Defendants failure to serve Charest "with a[ny] answer, and moreover "specifically" a[ny] special report, or "supporting" evidentiary materials[!]," and "2) for the Defendants prejudice, fraud upon said parties that it had in fact "served Charest with a timely answer before January 14 [?] 2008," all of which this Court reviewed, and admonished said defendants for its in house procedural failures.

§ 4. On **February 6th, 2008** Charest filed in lieu of Defendants belated —previous missing ANSWER his *"Motion For Continuance / Stay Permitting Plaintiff To Contest Defendants Answer* (Doc. 39)," and *"Reconsideration to District Courts Judgment / Adoption of Magistrate Doc. 20,"* inclusive to *"Interrogatories / Admissions and for Production of Documents* Doc. 41 –42) —whereas this Court on **February 13th, 2008** ORDERED the Defendants to either *"Respond or Object,"* to the above specific listed discovery motions on or before **February 27th, 2008** (Doc. 43).

§ 5. During the interim period of awaiting for Defendants compliance -Charest was temporarily transferred and remained in the Baldwin County Jail on an unrelated case, from February 20, 2008 through March 5, 2008 —whereupon Charest filed his *"Motion For A Specific Ruling in Law As to Plaintiff's Outstanding Motions and for Clarification of Court Orders or in the Alternative Extension of Time* (Doc. 45)."

§ 6.   On **March 7th. 2008** this Court issued an ORDER (unbeknownst to Charest until after March 20, 2008) that the "Defendants were to, on or before **March 14th. 2008** SHOW CAUSE for failing to comply with [it's] previous order February 13, 2008 (Doc. No. 43)." Id.   The Court simultaneously GRANTED plaintiff's motion (Doc. No. 45) extending his time to "reply to Defendants ANSWER from March 7, 2008 to and including March 21, 2008 –however Charest didn't receive the two dispositive motions until **March 20th. 2008**, as made known to this Honorable Court in Charest's *emergency motion* styled "Motion To Alter, Vacate or Amend Denial of Plaintiff's Rule 56(f) Motion," filed on March 21, 2008.

Received by Charest, also on March 21, 2008 was Defendants "*belated discovery answers to Plaintiffs 1) Interrogatories; 2) Admissions and 3) Production of Documents*," whereas Charest did a quick cursory glance at said pleadings -objections taking notice that only (i) V. Weatherly and (ii) R. Longshore responded and attempted to support their "*Response,*" with affidavits (Exhibited, as B, and C) respectively. Inclusive therein, was the revelation of latent "*unknown named defendants*," better termed herein as the "*special members*" hereinafter defined by Charest as Doe(s) #1, and #2 for said amendment purposes, please review Defendants Exhibit-A dated March 14, 2008.

§ 7.   This Court *construed* the above styled "*Rule 56(f) pleading*" as though Charest was asking, requesting for an "*Extension of Time,*" whereas it granted additional time, from March 21, 2008 to and including **April 24, 2008**.

## II.   COMPLAINT:

§ 8.   Charest alleges that Defendants Williams, as it now appears worked in concert with, or in connection –alongside "Defendants Doe(s) # 1, and # 2, *see Exhibit*-A revealing two indistinguishable "*signatures*" dated under [remarks] 12/6/05 which

3

remains the day, date of Charest injury in fact, that these separately or individual's – collectively usurped under color of State law committed the following:

First Cause of Action:

**Denial of Effective Due Process of Art I, U.S.C. 14th. Amend.**

Defendants commissioned improprieties in my respective parole proceeding on 2005 remain the direct results of Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members Mr. Williams and special members J. Doe(s) 1 & 2 through collusion, conspiracy with co-defendants Bob Riley, Troy King and Vocal members et. al., politically predisposing me of a[ny] proper discretionary review rendering the hearing process fundamentally unfair; treating me dissimilar with respects to the laws compared to non-violent offenders inapposite to the Due Process Clause of the Fourteenth Amendment of the United States Constitution ["Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI."], narrowing these *"facts,"* and actual *"persons, parties"* responsible for Charest injuries relating back to §1983 COMPLAINT.

Second Cause of Action:

**Denial of the Equal Protection Clause of U.S. Const. 14th. Amend.**

Defendant's principal decision was procedurally infected by *deceit, bias, prejudice,* whereas Charest maintains overt *procedures* were used by the Pardon & Parole Board in December of 2005 -arbitrarily and capriciously denied him of the discretionary review for proper consideration based upon *erroneous –false information* {"that Charest had not changed, over the years imprisoned"}, absent 1st hand knowledge, visits, letters or

otherwise to authenticate, verify said assertions made by an adverse party –commingling with Vocal et. al., through acts of collusion by Troy King et. al., and Governor Riley's political party –in violation of equal protection principles as-applied to similar incarcerated prisoners being reviewed for parole –Alabama utilized a blanket-styled denial policy –due to the nature, degree of offense, narrowing these *"facts,"* and actual *"persons, parties"* responsible for Charest injuries, relating back to §1983 COMPLAINT.

Third Cause of Action:

***Ex Post Facto Clause* Violation of Article I, § 10, cl. 1 U.S. Const. Amend.**

Defendants retroactively promulgated additional strictures to §15-22-28(e), Code of Ala. 1975 by cumulative amendments which increased the time for which my next parole review date would be reviewed –by increasing said three (3) year term (Act 1979, No. #79 –154) to five (5) years –which was not in effect at the time I was convicted/sentenced in 1995; said aggregated enactment violates Article 1, §10, cl. 1 as-applied to §15-22-28(e) mandates in place when conviction/sentence were invoked in 1995 –inapposite to the 2005 setoff of next review set for 2010; inclusive to allowing an adverse party –not entitled to NOTICE by statute –speak against parole inapposite to State law doctrine governing the Boards authority, power promulgated by Legislation {Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI.} violating Article V, § 124, Ala.Const. 1901 inclusive to usurping §§15-22-20, 24 –26, 28, 36 Code of Ala. 1975, *inter alia,* narrowing these *"facts,"* and actual *"persons, parties"* responsible for Charest injuries, relating back to §1983 COMPLAINT.

WHEREFORE PREMISES SHOWN, Charest prays that this Court 1) Serve copy of the above Three (3) causes of action upon Defendants Doe(s) No# 1, and # 2 (constituting civil violations) for egregious overt act(s), action(s) and outright omission(s) contravening Charest's Fourteenth Amendments rights and as such the Aggrieved Charest seeks §1983 action for Prospective declaratory and injunctive relief challenging both, the retroactive and constitutionality of Alabama's unfair, discriminatory parole procedures that would render invalid Alabama's procedures used to deny (i) parole eligibility, and / or (ii) parole suitability in accord with *Wilkinson v. Dotson*, 544 U.S. 74 (2005) holdings; ORDER the Defendants to *GRANT* Charest an immediate "constitutional" parole hearing in accordance with statutory laws and administrative rules in place, at the time when, if any crime (actually) occurred in Alabama –1994.

Done so this April 15th, 2008 –[relating back under Rule 15(a) to October 19, 2007].

Respectfully Submitted,

_____
Patrick Joseph Charest #182262

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the AMENDMENT upon the Honorable D. Hackett –for delivery / service upon the Defendants Attorney Hugh Davis, at the below correct address, for proper judicial review by placing said same in the U.S. mailbox –properly addressed as Post Office Box #711, Montgomery, Alabama 3610-0711.

1. Defendants Williams (Wynn), Doe(s) No# 1, # 2 et. al.,
   C/O Chief Counsel Honorable Hugh Davis
   Attorney for Alabama Pardon & Paroles
   301 South Ripley Street
   Post Office Box #302405
   Montgomery, Alabama 36130

Done so this April 15th, 2008 –[relating back under Rule 15(a) to October 19th, 2007].

Respectfully Submitted,

Patrick Joseph Charest #182262
Limestone C.F. J-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009