IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Patrick Joseph Charest, | * |
| Plaintiff, | * |
| | * |
| Vs. | *   2:07-CV-984-MHT |
| | * |
| Alabama Pardon & Paroles et. al., | * |
| Defendants. | * |

**MOTION TO STRIKE DEFENDANTS BELATED
& UNSUPPORTED ANSWERS RECEIVED 2/06/08**

COMES NOW Patrick J. Charest (hereinafter "CHAREST") moves this Court to *GRANT* and respectfully *ENTERTAIN* the above styled cause of action as follows:

§ 1.     First and foremost Plaintiff Charest adamantly objects to the means in which "Defendants collectively answered overall," principally Defendant S. Williams' duties, responsibilities —as "then" chairman over the Board remain quite distinguishable from his subordinate(s) —as in this instant action those of Defendant(s) V. Weatherly and R. Longshore as associate members when performing *"discretionary functions."*

§ 2.     Charest strenuously objects too, and request that this Court *"strike"* Defendants ANSWER at p. ¶ 4 –to-wit:

> 4)     "To the extent that Plaintiff seeks to allege that he was deprived of **liberty** without due process when he was denied parole, the Complaint fails to state a claim upon which relief may be granted, in that the law is well-settled that he does not enjoy a **liberty interest** in his desire to be paroled and in that the Constitution does not require that discretionary parole consideration process be fair. . ." *Id*. (Emphasis-added).

Charest has never argued such a ridiculously vein nor otherwise represented, presented such liberty interest claim to this Court, that *"to the extent that Plaintiff seeks to allege that he was deprived of **liberty without due process** when he was denied parole . . ."* **id.** Defendants are merely attempting to scatter blast irrelevant lines of defenses to otherwise hinder, obstruct and outright delay the truthfulness to Charest's dispositive claim –resulting in a sham litigation, and Charest request that this Court "take judicial notice," through plenary review, or an earlier motion Charest filed –docketed February 11, 2008 (Doc. # 41)(Request for Discovery, Production of Documents, at p. 2, second paragraph"), at the same time –Defendants demand[ed] *"strict proof,"* in their ANSWER at p. 5, §13 but all the while deny Charest's fundamental fairness by steering this Court's authentic eye / time down a road not worthy of traveling for a[ny] party at this stage of litigation, at the same time withhold evidentiary requested documents, records relevant to Charest's relief or this Court's juridical viewing –prior to Federal comity. Thus Defendants defense at page two (2) ANSWER should be stricken.

§ 3.   Next in line for striking as to having no relevant admissibility is Defendants ANSWER at p. 2, ¶ 5 to-wit:

> 5)   "The Complaint fails to state a claim against the Board for knowingly relying on false information . . . ." *Id.*

Since Defendants Weatherly and Longshore have openly admitted on March 14th, 2008 to this Court under perjury the foregoing attestations –coupled to their Interrogatories / Admissions –Charest predicates short excerpts to afford this Court genuine reason(s) to both (i) grant the above styled motion and (ii) strike as follows:

"First, the Affidavit of Defendant VeLinda Weatherly, submitted as Exhibit-B, at page one (1) states without ambiguity that: *"I did not participate in the meeting of the second panel of the Board on 6 December 2005, when Patrick Charest was considered*

2

*for parole. It appears that the panel considering this case was made up of special members. I do not have personal knowledge of what was said, or by whom, at this meeting . . .*" **Id.** Therefore Charest maintains that since Defendant V. Weatherly "did not participate in the meeting (12/06/05)," denying Charest's parole consideration her testimony is at best secondhand "hearsay" and inadmissible, see Rule 403, Fed.R.Evid.

Nevertheless, more importantly is the deficiency at page five (5) to-wit: "Defendant Velinda A.J. Weatherly (Board Member) signs the ill prepared document in violation of Rules 56(c) and 56(e) of the Federal Rules of Civil Procedure, whereas this Circuit holds that unsworn article(s) forever remain impermissible putting before the court matters not contemplated by federalism, specifically, Defendant Weatherly's Affidavit at issue does not constitute deposition testimony, an answer to an interrogatory, nor a response to a request for admissions. Moreover, Exhibit-B as an article is not in proper affidavit form. For instance, the article was not sworn or certified, as required by Rule 56(e). See *Gordon v. Watson*, 622 F.2d 120, 122 (5th Cir. 1980) (citations omitted). In fact, the unverified article is inadmissible hearsay. *Soles v. Board of Comm'rs of Johnson County*, 746 F. Supp. 106, 110 (S.D. Ga. 1990) (In determining admissibility under Rule 56, the court may consider only evidence that would be admissible at trial.). Weather vel non-said Affidavit was haphazardly prepared in a slapdash fashion remains per se irrelevant at present the facts remain that "Notary bloc is on page six (6) dated **January 9th. 2008**" and Defendant Weatherly's signature is on another separate page worthy of particular interest to this Court, as well as it remains for Charest the "**date of the notary was especially interesting**" because it mysteriously is [dated] prior to this Court's issuance of a show cause ORDER dated **March 7th. 2008** to correct Defendants failures to timely answer this courts previous ORDER issued on February 13th. 2008 (Doc. # 43), whereas

this court order[ed] the Defendants to either object or answer Charest's timely requested DISCOVERY motions dated February 6th. 2008 (Doc. # 41, 42), but perhaps more ingenious or unearthing in events is counsel's trickery [to witch] should be viewed per se for sanctions, see "Defendants '*Response to Show Cause Order on Behalf of Defendants Williams, Weatherly and Longshore*,'" dated March 14th. 2008 –whereas the not so Honorable Hugh Davis asserts the foregoing reason for his insolence and untimely regards for discovery compliance:

> "1) The Defendants' responses to the previous order of the Court [February 13, 2008] was delayed as counsel and Defendants attempted to ensure that the answers to interrogatories were true and correct before **affiants executed the affidavits. Some editing was necessary**.;
> 2) **The original drafts were drafted in a timely manner**." **Id**.

(Emphasis-added). Looking to dates, and signatures in relationship to the notary page this Court can likewise conclude that bowdlerization in fact took place, however Charest maintains and asserts with the utmost respects to perhaps counsels "legal plate" being somewhat overfull with litigation, but Charest and moreover this Court should not be either lied too, nor given sham excuses such as the above clearly represents, Defendant Weatherly's supposed Affidavit was slapped with a notarized date of January 9, 2008 (Exhibit-B issued March 14, 2008) but this Court didn't issue the ORDER to Show Cause until March 7, 2008 for Defendants previous failure of February 13, 2008 so counsels "excuse remains a sham, or counsel is per se clairvoyant in regards to Defendant Weatherly's Affidavit (Exh-B). Either way, this Affidavit remains totally inadmissible and should therefore be stricken, and counsel should likewise –respectfully answer to this Court for such ethical breech as an officer of the Courts.

Charest respectfully reminds counsel, and prays that this Court will per se hold counsel to a higher standard, degree of the ethical wall in at least appearing professional and staying within the confines of the juridical arena after all Charest is just pro se, desiring at least fundamental fairness and truthfulness in their pleadings in accord with respecting this Courts learned eye for proper adjudications to the first impression issues before this Circuit under *Wilkinson v. Dotson* progeny.

More important to the real issue at hand is that this Court stated on December 6th, 2007 without ambiguity: "An **answer and written report** shall be filed with the Court and a copy served upon Plaintiff on or before **January 14, 2008. The written report must contain the sworn statements of all persons having personal knowledge of the subject matter of the complaint**," also stated therein was: "**In addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief . . .**" **Id**. To date none have arrived and besides Defendant Weatherly cannot meet previous Court ordered mandates, therefore her inadmissible hypothesis as to what did or did not occur remains irrelevant for Charest to attempt to reduce to admissibility to either challenge or otherwise further reply to her theories of what the "special members" may have heard, or relied upon therefore said affirmative ANSWER should be stricken.

Second, is Defendant R. Longshore's Exhibit-C likewise asserting for the most part without ambiguity: "*The Legislature temporarily expanded the Board in 2003 to included four special members, so that two panels could meet at the same time in different places . . .*" **Id**. Thence Defendant Longshore stated, at page two (2) to-wit: "*On 6 December 2005, a panel of special members met to consider whether to parole Patrick Charest. I was not present and did not participate in that meeting.*" **Id**. "*I do not know*

5

*whether any person at the meeting expressed the opinion that Charest had not changed while in prison. If such a statement was made, I don not know the context of the opinion, or the facts relied on by the speaker . . ."* **Id**.    Furthermore, Charest points out to this Court that Defendant Longshore stated at page four (4) "*I did not participate in the 2005 hearing regarding Charest . . .*" **Id**.  Likewise as prejudicial to Charest and quite more alerting for this Court is Defendant Longshore's next comment, at page four (4) to-wit: "*I see no reason on the surface to believe that Charest would be more likely to be released in 2008 than in 2010 or later . . .*" **Id**.       As prevalent as it may otherwise be, for persons of his profession to make such assertions **had he been otherwise present**, but to assert and moreover reference to this Court, and especially Charest that he "see[s] no reason on the surface to believe that Charest would be . . . released in 2008 than in 2010 or later . . ." **Id,** it's such presumptive thoughts that Charest sought to redress from the person(s), part[ies] whom were in fact present at the parole board hearing in 2005, Charest would maintain that this Court now sees for itself exactly what Charest colorable stated in claims one (1); three (3) of said §1983 COMPLAINT (October 2007) whilst dealing primarily with the Board of Pardon and Paroles political prejudices.

Charest would request that this Court "*strike said Affidavit on grounds of prejudice*"; although such assertions may otherwise be relevant at another setting under normal circumstances had Defendant Longshore been present to have actually heard the statements –thence afterwards giving his opinion, but first and foremost -performing the State law statutory parole hearing investigation, arguendo Charest and this Court are seeking "**first hand personal knowledge of the subject matter of the Complaint**" *id, at Court's ORDER dated December 6, 2007*.

Thus Charest would honorable request that this Court "*strike Affidavit C,*" from the record proper for its irrelevant –inadmissible secondhand "hearsay" testimony.

To date, as only learned upon limited discovery none of the statutory parole board agents, were in fact "present at Charest's 2005 parole hearing," these three (3) Defendants have not revealed one shred of documentary evidence "**in addressing the claims presented by Plaintiff, Defendants shall furnish copies of all documents, records and regulations relevant to Plaintiff's claims for relief**" *id, at Court's ORDER dated December 6, 2007*.

These two (2) Defendants (i.e., Weatherly, Longshore) have not fully disclosed the requested "*documents, records, memoranda, et cetera*" that Charest requested through DISCOVERY (Doc. # 41, 42) for Charest to properly effectuate his Affidavit dealing with the actual person, party responsible for the 2005 DENIAL, thus Charest requests that this Court graciously "strike these two (2) Defendants Affidavits –listed and entered as Exhibits B, C from the record proper –allowing Charest to freely amend said §1983 COMPLAINT relating back under Rule 15(a), Fed.R.Civ.P., as to newly amended Defendants Doe(s) # 1, and 2 ascribed in the attached motion for plenary adjudication.

WHEREFORE PREMISE SHOWN, Charest prays that this Court would *GRANT* the above styled motion and issue an *ORDER* striking Defendants' Weatherly's and Longshore's Exhibits B, C from this instant action, and *ISSUE* a motion to compel to Defendant S. Williams to *ANSWER* as so instructed or *SHOW CAUSE* why he should not be held in contempt or in the alternative, simply, as justice deems otherwise *GRANT* Charest his prospective injunctive relief as requested, *ORDERING anew parole hearing sua sponte.*

Additionally, issuing the necessitating *SHOW CAUSE ORDER* to counsel Hugh Davis for his disingenuous behavior in the above described –defined actions to otherwise proffer sham pleadings to this Court, and Charest or in the alternative *ISSUE SANCTIONS*.

Done so this April 15th, 2008.

Respectfully submitted,

PATRICK JOSEPH CHAREST
Pro-se' #182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the Motion to Strike upon the Defendants by placing said same in the United States mail, properly addressed, postage prepaid as follows:

1. Defendants Williams (Wynn), Weatherly, Longshore et. al.,
   C/O Chief Counsel Honorable Hugh Davis
   Attorney for Alabama Pardon & Paroles
   301 South Ripley Street
   Post Office Box #302405
   Montgomery, Alabama 36130

Done so this April 15th, 2008.

Respectfully submitted,

PATRICK JOSEPH CHAREST
Pro-se #182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009



PATRICK J. CHAREST, #182262
LIMESTONE CORRECTIONAL FACILITY
28779 NICK DAVIS ROAD
HARVEST, ALABAMA 35749-7009

07-CV-984-MHT

UNITED STATES DISTRICT COURT
ATTENTION: HONORABLE D. HACKETT
POST OFFICE BOX # 711
MONTGOMERY, ALABAMA
36101-0711