IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK J. CHAREST, #182262          *

      PLAINTIFF,

Vs.                                   Case No: 07-CV-984-MHT (WO)

ALABAMA PARDON & PAROLES et. al., ,   *

      DEFENDANTS.                     *

### OBJECTIONS TO MAGISTRATES ORDER 4/23/08 DENIAL OR IN THE ALTERNATIVE A MOTION TO ALTER VACATE OR AMEND PURSUANT TO RULE 59(e), FED.R.CIV.P.

COMES NOW PATRICK J. CHAREST (hereinafter "CHAREST"), moves this Court to *GRANT* and *ENTERTAIN* the above as follows:

§ 1.  First and at best foremost –is that this Court's April 23, 2008 ORDER remains **patently and palpably** wrong for the following reasons:

    1).  Charest's "*Motion To Strike*" dated, filed April 15th. 2008 predicates this Circuits holdings on basic sufficiency for submitting, and acceptance of a[ny] Affidavit, whether alone, or filed to support –underpin a parties "pleading(s)";

    2).  Charest's Doc. 60, above, at page 2 § 3 shared with this Court – Weatherly's deficiencies to accord a favorable adjudication, i.e., strike, dismiss, moot, inadmissibility regarding the submitted "Affidavit's-B & C" by Defendants on 3/14/08";

§ 2.  Contrary to this Court's previous ORDER –dated 12/06/07 whereas "Your Honor" stated: "2). An **answer and written** report shall be filed with the Court and a copy served upon Plaintiff on or before January 14, 2008. **The written report must contain the sworn statements of all person having personal knowledge of the subject matter of the complaint . . . Defendants shall furnish copies of all**

**documents, records and regulations relevant to Plaintiff's claims for relief . . ." Id.** (Original-emphasis).

§ 3. Nowhere in Defendants **Unsworn Affidavit** entered as exhibit's can either this Court or counsel *"reference to, or cite"* as ORDER[ed] on 12/06/07 –that Weatherly or Longshore had either "**personal knowledge**," nor at best first hand knowledge, but as a matter of substance both Weatherly and Longshore submitted to this Court –in violation of both, Rule 56(c)-(e), *Fed.R.Civ.P.*, just the *"opposite,"* it was stated:

> A. *"I did not participate in the meeting of the "special panel" of the Board on 6 December 2005, when Patrick Charest was considered for parole . . . I do not have "**personal knowledge**" of what was said, or by whom, at this meeting . . ." **id, at Weatherly's Exhibit-B, p.1**.*

> B. *"On 6 December 2005, a panel of special members met to consider whether to parole Patrick Charest. I was not present and did not participate in that meeting. . . . I do not know whether any person at that meeting expressed the opinion that Charest has not changed while in prison. If such a statement was made, I do not know the context of the opinion, or the facts relied on by the speaker . . . and I still don't know whose opinion this is . . ." **id, at Longshore's Exhibit-C, p. 2***

(Emphasis-added). Charest therefore, respectfully implores this Court to place its juridical eye on the instant motion, while Charest asserts: "What more could either this Court need to see, or Charest say –Weatherly and Longshore both have in fact *"openly"* admitted in said Affidavit to: *"having no personal knowledge, or what or whom said anything,"* about Charest –at the 2005 parole hearing, thus grounds for Charest to have this Court either: a) strike, b) dismiss, or c) deny Defendants Affidavit's as being non-relevant to the issues at hand, whether in part, or as a whole –being irrelevant. This Court holds: *"unsworn articles forever remain impermissible putting before the Curt matters not contemplated by federalism,"* see Rule 56(c)-(e), *Fed.R.Civ.P.*, as argued by

2

Charest in Document # 60, at page 2 –3, now asserted for **de novo** review, *see Gordon v. Watson*, 622 F.2d 1210, 122 (5th. 1980). [1]

Furthermore, the fact alone that Defendants Affidavit remains "*unverified*" in and of itself warrants per se "*inadmissibility*" under this Circuits own progeny's, *see Soles v. Board of Comm'rs of Johnson County*, 746 F.Supp. 106, 110 (S.D. Ga. 1990)(In determining admissibility under Rule 56 the Court considers only evidence that would be admissible at trial).

  C. "Defendants Affidavit –Exhibit-B dated 1/9/08 was allegedly issued on behalf of this Court's ORDER Doc. 43 for Defendants failure to Show Cause why "Answer & Written Report" **had not been filed**."

As interesting as it appears to be for Charest but moreover such should alarm this Court's learned "eye" as too **Noticing**: 1) "Facts; Dates; Signatures; Notary Blocks," etcetera, because absent such succinct predicates, adjudications often more than not, are like herein, "reversed" when originally overlooked, missed or clearly ruled in "*conflict with controlling principles of law, facts of the case, under the doctrine of* **stare decisis**."

Charest prays for this Court to respectfully "*take judicial notice*" of said violations of Federal Rule of Civil Procedures as committed by Defendants submission –cause for re-calling its earlier "**Denial**" dated 4/232/08 and ISSUE anew ruling in law, according comity to Rule 56(c)-(e), as-applied to Weatherly's Affidavit (Exhibit-B).

  D. "Defendant Weatherly's "*signature*" @ Affidavit (Exh-B) at page five stands alone –no notary block affixed to same page []."

---

[1]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

§ 4.  Based upon the above "principles of law" governing this Circuit, and Charest's interests under the "facts" coupled with Defendants other deficiencies is cause per se, for reversal, remand or recall rendering Defendants Exhibits either moot, void or outright dismissed as being both illegally entered in opposition to Rule 56(c)-(e); Gordan; Soles; supra.

WHEREFORE PREMISES SHOWN, Patrick J. Charest prays that this Court would respectfully re-visit its ORDER dated 4/23/08 and ISSUE the necessitating ORDER accorded these proceedings, upon party's pleadings entered, providing fundamental fairness, comity upholding Rule 56(c)-(e) strictures issuing an order as an alternative to the above "abuse of discretion."

Done so this April 29th. 2008.

Respectfully submitted,

Patrick Joseph Charest
Pro-se #182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, dated below, placed said OBJECTION in the U.S. mailbox properly addressed to Defendants as follows:

1.  Defendants Williams (Wynn), Weatherly, Longshore et. al.,
    C/O Chief Counsel Honorable Hugh Davis
    Attorney for Alabama Pardon & Paroles
    301 South Ripley Street
    Post Office Box #302405
    Montgomery, Alabama 36130

Done so this April 29th. 2008.

Respectfully submitted,

Patrick Joseph Charest #182262

4

2:07-CV-984-MHT

Chanell Patrick #182262
L. Moore C.F. 5-Dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7049

United States District Court
Attention: Honorable L. Clark [?]
Post Office Box 711
Montgomery, Alabama
36101-0711

110-10195

LEGAL MAIL



This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.