**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

Patrick Joseph Charest, #182262          *

            Plaintiff,          *

Vs.          * **Case No:  07-CV-984-MHT (WO)**

Alabama Pardon & Paroles et. al.,          *

            Defendants.          *

## MOTION TO DETERMINE SUFFICIENCY OF RESPONSES TO ANSWERS / OBJECTIONS REQUESTING JUDICIAL RULINGS FOR MOTION TO COMPEL PROPER RESPONSES TO CHAREST'S FIRST SET INTERROGATORIES OR DEEM REQUESTS ADMITTED, AND REQUEST FOR SANCTIONS

      COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* and *ENTERTAIN* the above styled action as follows:

      This Circuit holds that during the discovery period "[p]arties may obtain discovery regarding any matter, <u>not privileged</u>, that is relevant to the claim or defense of any party. . . .  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Fed.R.Civ.P., 26(b)(1), also see Hickman v. Taylor,* 329 U.S. 495, 507-508, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *Farnsworth v. Procter and Gamble Co.,* 758 F.2d 1545, 1547 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible"); *Canal Authority v. Froehlke,* 81 F.R.D. 609, 611 (M.D. Fla. 1979).

      *Rule 33,* provides that "any party may serve upon any other party written interrogatories . . . to be answered by the party served." *Fed.R.Civ.P., 33(a).* "The party submitting the interrogatories may move for an order under Rule 37(a) with respects to any objection to or other failure to answer an interrogatory." *Fed.R.Civ.P., 33(b)(4).*

Also, under *Rule 34*, "[a]ny party may serve on any other party a request . . . to produce and permit the party making the request . . . to inspect and copy, any designated documents . . ." *Fed.R.Civ.P., 34(b)*.

Moreover, *Fed.R.Civ.P., 34*, "The request shall set forth, either by individual item or by category, the items to be inspected and describe each with reasonable particularity." As herein Defendant Longshore did not respond, accordingly under *Fed.R.Civ.P., 34(b)* –therefore Charest moves for an ORDER under *Fed.R.Civ.P., 37(a)(3)(A)* –and *37(a)(3)–(b)(1)*, for Longshore's deficiencies.    Charest maintains, that Documents 41, 42 substantially articulated within the confines of discovery enabling Defendant Longshore to grasp and fully provide Charest with evidentiary materials, documents but moreover fully complied with this Circuits strictures, as well as obeying this Court ORDER (Doc. 43) –inexcusably Longshore failed to properly adhere to either authoritative directive –juridical cause for show cause or sanctions.

Under *Fed.R.Civ.P., 37*, "a party may move to compel an answer to an interrogatory or production of documents: [I]f . . . a party, as herein, fails to answer an interrogatory submitted under Rule 33, of if a party, in response to a request for inspection submitted under Rule 34, as herein, fails to respond to that inspection – requester will be permitted as requested to compel permitting inspection as requested [under *Rule 34*] . . ." *id*.          Charest has on more than one occasion conferred in good faith with Counselor H. Davis to make *supplemental amendments* to the withheld discovery materials, documents –in an effort to secure the information or materials in accord with *Fed.R.Civ.P., 37(a)(2)(B)*, without court action; to date nothing has arrived.

Furthermore as herein, "the party resisting discovery has a 'heavy burden' of showing why discovery should be denied." *Roehrs v. Minn. Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005), Longshore has had ample time, to have asserted to this Court

2

and Charest why discovery –production should be denied, thus a[ny] affirmative defense is deemed "*waived*" under this Circuits holdings.    Charest    asserts    that Longshore's evasive or incomplete answers to both previous (i) *request for production of documents* 'relevant to proving his claims have yet been produced, disclosed' and (ii) the blanket styled *Objections* should be hereinafter treated as failure to answer, likewise. *See Fed.R.Civ.P., 37(a)(3)-(4),* as cited, and invoked by Charest on April 26th, 2008 styled "*Motion To Compel Defendants To Comply With Court's Order Doc 43 Disclosing Evidence,*" also requested hereinafter is Charest's judicial notice of and request for adoption of said motion to be fully incorporated as same herein –compelling full compliance by Defendant Longshore under *Fed.R.Civ.P., 37(a)(3), but see, also* Charest's "formal letter written to Counselor H. Davis dated March 25th· 2008 requesting disclosure, compliance with previous requests for production of documents," first –without Court action pursuant to *Fed.R.Civ.P., 37(a)(3)(A)(B)(iii)(iv),* attached hereinafter as Exhibit-A.

Charest's overall purpose for the requested –specific discovery was simply to have Defendant(s) fully disclose once and for all, any and all relevant information so that the ultimate resolution of the dispute in question could be civilly adjudicated based upon full and accurate understanding of the true facts –embodying a fair and just result towards Charest's (i) *eligibility* and (ii) *parole consideration* prospectively speaking. *See United States v. Proctor & Gamble Co.,* 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed. 1077 (1958), the discovery process –sought by Charest had expected to be already accomplished –voluntarily with minimal judicial intervention. *See Bell v. Bray and Gillespie, LLC,* 2006 U.S. Dist LEXIS 18091. 2006 WL 923741, * 1 (M.D. Fla. 2006).

Rule *33(b)* provides this Court with the instructive measures to be effectively utilized against Defendant Longshore –for the most part Longshore abridged

*Fed.R.Civ.P., 33(b)(2)* by failing to timely answer –this Court's mandated ORDER Doc. 43 dated February 13, 2008, that Defendant Longshore "**shall** (i) Object or otherwise (ii) Respond on or before **February 27th. 2008**." **Id.** Worthy of particular notice, this Court neither placed any limitations nor struck Charest's discovery requests, it's seventeen (17) interrogatories nor the fourteen (14) admissions, under *Fed.R.Civ.P., 26(b)(1 –2), or 33(a)(1)* that date came and obviously went, but not un-noticed by and objected too by Charest even though he had been temporarily transported / housed in the interim to the above ORDER at the Baldwin County Jail from February 20 through March 5, 2008 whereupon Charest filed his pro se "*Motion For Specific Ruling In Law . . .*" dated March 4th, 2008.        This Court subsequently [*unbeknownst to Charest*] issued a *Show Cause Order* on March 7th, 2008 –ORDER[ing] Defendants to show cause why they didn't comply with its ORDER (Doc. 43) –granting up to and including March 14, 2008 for the Defendant's to "*Respon[d],*" Charest did not receive a[ny] *Response* until March 21st. 2008.

Fed.R.Civ.P., 33(b) provides that *Answers / Objections* be *timely* under 33(b)(2) –which Defendant Longshore effectively breached; therefore bringing cause to compel or otherwise deem said *Responses* "insufficient."

Defendant Longshore's *ANSWERS* should have been replete in and of themselves, merely referencing separate documents or asserting that Charest merely retrieve –or "**visit**" said "*procedures currently in effect . . . **on the board's website** as readily available to the plaintiff as to the defendants,*" does not comport with a responsive answer. *See Dipietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992)(citing 4 James Wm. Moore et. al., Moore's Federal Practice (2nd. ed. 1989))(Emphasis-added), Longshore's suggestion remains absurd considering its illegal for Alabama's inmates within the penal systems "Statewide to have access to a[ny]

4

website whilst incarcerated."    This Circuits holdings, specifically state, "Objections to any interrogatories must be stated specifically, and unless such objection is stated within the thirty (30) days as permitted for answers, as served upon the requesting party, such objections –as herein –are accordingly deemed "*waived*." *Fed.R.Civ.P., 33(b)(3) and (4)*. Furthermore, the objecting party shall answer the interrogatories to the extent that it is not objectionable. *See Fed.R.Civ.P., 33(b)(1)*.

Defendant Longshore's *ANSWERS* to Plaintiff's first set of interrogatories / admissions were untimely, as they were provided Charest –almost a month beyond this Court's gracious extension –from first: "on or before February 27, 2008 Doc. 43" dated 2/13/08, thence second: "on or before March 14, 2008" i.e., Show Cause Order dated 3/7/08; therefore the following: "*Responsive Interrogatories* absent any objections remain wholly deficient –cause for dismissal, waiver, compel, sanctions -see Longshore's No's: (4) and subsection (a); (6) and subsection (a); (9); (10)," –thence, likewise Longshore's "*Responsive Admissions*," see No's: (18); (19); (20); (21); (27) and (35) all remain as well insufficient cause for adjudication. *See Fed.R.Civ.P., 33(b)(1)(3)*.

Notwithstanding such, above, Longshore's failures under *Rule 33(b)* will be presented by Charest accordingly, as to each, separate Interrogatory, Admission, as inappropriately answered, now ripe for an appropriate ruling in law; Charest will henceforth collectively present as follows:

## CHAREST'S NOTICE TO BOTH: 1) OBJECTIONS –AND LIKEWISE 2) AN ABSENCE OF OBJECTIONS TO SOME WITHOUT OATH / SIGNATURES AS FILED BY DEFENDANT LONGSHORE'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS:

I.    Plaintiff's Reply to Defendant's Answer
      To Interrogatories:

§ 1.    Defendant Longshore's *Objection* to request for birth date, social security number is well taken and duly noted.

§ 2.    Charest's Doc. 42, p. 9 *Interrogatory* at §2:

> "<u>Have you ever been charged with, arrested or convicted of, either a felony, or misdemeanor in this State, or another? If so, for each charge, arrest or conviction or nolle prosequied offense, indicate the city, state where the charges were, the nature of the offense, charge, arrest, the date of the above arrest or conviction, or the nolle prosequied offense, the court case number, and the disposition of the charge, arrest or conviction or nolle prosequied offense</u>?"

Longshore's answer albeit with *Objection*, "*<u>I am eligible to hold office, and in fact hold office under the laws of the State of Alabama</u>.*" *<u>id, at Longshore's 2,</u>* remains incomplete and inadequate to answer Charest's *Interrogatory* by merely referencing the office held is by State law, Rule 33, requires a more complete answer in and of itself –to the question asked, *see Davidson v. Good*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003)(citing *Farran v. Johnsonton Equipment Inc.,* U.S. Dist. LEXIS 13402, 1995 WL 549005, at * 5 (E.D. Pa. 1995) Charest's *Interrogatory* is reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., <u>26(b)(1)</u>* discovery, *see Hickman*, 329 U.S. at 495, (1947); *Farnsworth,* 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible") -but moreover, "[a]ll grounds for objections to an interrogatory shall be stated with specificity." *Fed.R.Civ.P. 33(b)(4)*. Thus, Longshore was required to have provided "a candid statement of information sought [after by Charest] to furnishing the information." *Dollar v. Long Mfg., N.C., Inc.,* 561 F.2d 613, 616 (5th Cir. 1977). [1]

Charest asserts, as this Court well knows it is axiomatic that "(d)iscovery by interrogator[ies] / admission[s] require[s] candor in responding." *Id.* Prima facie cause for issuance of an ORDER for Compel, *see Fed.R.Civ.P., 37(a)(3)(A)(B)(iii)*.

---

[1]    In *Bonner v. City of Prichard, Ala.,* 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

§ 3.    Charest's Doc. 42, p. 9 *Interrogatory* at §3:

> "<u>Have you ever been accused of any felony, misdemeanor in this</u>
> <u>State, or another? If yes, please *identify* by *document* the person,</u>
> <u>party, agent, agency, employer, employee or department and/or</u>
> <u>individual who accused or investigated you for such allegation(s);</u>
> <u>*specifically identify* by *document* the person, party, agent, agency,</u>
> <u>employer, employee or department or such other, who accused you</u>
> <u>of said charge, arrest, conviction or any offense's which may have</u>
> <u>been nolle prosequied; the nature of the allegation; your answer,</u>
> <u>response, in detail, to the allegation; the disposition of the</u>
> <u>accusations or investigations against you, either involving your</u>
> <u>official capacity, or involving your individual capacity.</u>

Longshore's answer albeit with *Objection "I am eligible to hold office, and in fact*

*hold office under the laws of the State of Alabama." id, at Longshore's 3,* remains

incomplete and inadequate to answer Charest's interrogatory by merely referencing the

office held is by State law, Rule 33, requires a more complete answer in and of itself –to

the question asked, *see Davidson, Farran, supra.* Charest's *Interrogatory* remains

reasonable calculated to not only lead to relevant admissible evidence, in accord with

*Fed.R.Civ.P., 26(b)(1)* discovery, *see Hickman*, 329 U.S. at 495, (1947); *Farnsworth,* 758

F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full

discovery whenever possible") -but moreover, "[a]ll grounds for objections to an

interrogatory shall be stated with specificity." *Fed.R.Civ.P. 33(b)(4).* Thus, Longshore

was required to have provided "a candid statement of information sought [after by

Charest] to furnishing the information." *Dollar, supra.,* It is axiomatic "(d)iscovery by

interrogatory requires candor in responding." *Id.* Cause for Compel, see *Rule*

*37(a)(A)(B)(iii)(iv).*

§ 4.    Charest's Doc. 42, pp. 9, 10 *Interrogatory* at §4:

> "Please *identify* by *document* each and every employer you have
> had in the last ten (10) years, unless you've worked for the Board as
> your current employer. With regard to each/every employer, state
> the foregoing: a) date of employment with the Board; <u>b) the type of</u>
> <u>work performed; c) your discretionary functions, duties and</u>

responsibilities; d) why you left the last job, and accepted this present one. Also, forward –produce <u>*by document* any, and all other similar Complaints whether pending before this Court or elsewhere along the similar vein of the allegations as-applied and challenged in this civil tortfeasor</u>, additionally answer, respond and disclose the foregoing:

> "a). <u>Disclose any and all contacts *relating to* the following</u>: "1) <u>the Governor's Office</u>, moreover Governor Riley, 2) <u>the Attorney's Generals Office</u>, moreover Tory King, 3) Vocal, moreover <u>M. Shehane</u>, there agents, employees, officers, <u>whether direct, and / or indirectly as to each, every and any representative(s) primarily associated with, dealing, concerning the Board's *review -relating to* protesting paroles, specifically Charest</u>, but not limited thereto, <u>*identify by specific document*</u>."

(Emphasis-underlined).    Longshore's answer was without *Objection* to this instant *Interrogatory* inclusive to being absent more, won't suffice, *see Fed.R.Civ.P., 33(b)(1)(3). Rule 33(b)(2)* requires that "*the responding party **musts** serve its answer and any objections within 30 days after being served with interrogatories . . .*" Accordingly, Longshore's Answers to Charest's *Interrogatory* do not comport –comply with *Fed.R.Civ.P., Rule 33*, as follows:

First, to the extent of Longshore's partial answer regarding employment articulated as "*continuously since July 1, 2005 . . .*" <u>*id at Longshore's 4*</u>, Charest objects and moves to compel pursuant to the above cited Rule failures; furthermore "A partial answer is not candid and will be deemed evasive, and answers as such will not be accepted." *Herdlein Tech., Inc. v. Century Contractors, Inc.*, 147 F.R.D. 103, 106-07 (W.D.N.C. 1993); Fed.R.Civ.P. *37(a)(3)(iii)(iv)*.

Second, Longshore's failure to answer, as requested: "<u>b) the type of work performed; c) your discretionary functions, duties and responsibilities</u>," <u>*supra*</u>, was never answered [?], cause for issuance to Compel.

Third, in regards to another partial answer in reference to Charest's request "<u>produce by document any, and all other similar Complaints whether pending before</u>

this Court or elsewhere along the similar vein of the allegations as-applied and
challenged in this civil tortfeasor . . ." *id, at Charest's §4*, Longshore's *Response "It
would be unduly burdensome for these defendants to make copies of litigation files for
the plaintiff." id. at Longshore's 4*. Such, absent more, is an incomplete and inadequate
answer -to Charest's *Interrogatory; see <u>Davidson</u>, <u>Farran</u>, supra*. The party resisting
discovery bears the burden —demonstrating specifically how the objected-to request is
unreasonable or otherwise unduly burdensome. *See Fed.R.Civ.P., 33(b)(4); Panola
Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir. 1985); *Rossbach v.
Rundle,* 128 F.Supp.2d 1348, 1354 (S.D. Fla. 2000); *Gober v. City of Leesburg,* 197
F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production of information bears
the burden of establishing lack of relevancy or undue burden in supplying the requested
information"). Thus, to even merit consideration, "an objection must show specifically
how a discovery request is overly broad, burdensome or oppressive, **by submitting
evidence or offering evidence which reveals the nature of the burden**." *Coker
v. Duke & Co.,* 177 F.R.D. 682, 686 (M.D. Ala. 1998) (Emphasis-added), Longshore has
utterly failed to submit the evidence or offer up plausible specificity shifting the burden;
Charest maintains that Defendant Longshore's refusal to provide the evidentiary
materials for comparative purposes —whereas Charest requested: "<u>produce *by document*
any, and all other similar Complaints whether pending before this Court or elsewhere
along the **similar vein of the allegations as-applied and challenged** in this civil
tortfeasor . . ." *id*</u>, i.e., "<u>similar vein as-applied / challenged</u>" was significantly narrowly
drawn —limited for Longshore to have revealed such discovery, Charest only wanted the
names, cases of persons similarly situated *"along the vein of his three (3) colorable
claims,"* in Charest "definitions and instructions" at page 2 ¶ 1 (Doc# 42) duly limiting
Charest's above referenced request to  only the month of  December 2005 —relating

primarily to the current challenged parole *"eligibility"* and subsequent *"consideration"* denial.

Fourth, Charest's Notice to Longshore's deficient *Response "Any contacts pertaining to any particular prisoner . . . are part of the file pertaining to that person. Pursuant to Alabama law, the Board is not allowed to disclose any such documents, §15-22-36(b) . . . the Board's file is subject to an <u>absolute and mandatory</u> **privilege** . . ."* (Emphasis-added). *id, at Longshore's 4.* Pursuant to *Fed.R.Civ.P., 26(b)(5);* and *Fisher v. United States,* 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976), then likewise Longshore had the burden to also go a step further.

Although Longshore asserts —such as "<u>privilege[d] information</u>," Longshore must [have —had to also] "provide[d] a "<u>log or index of withheld materials that included for [e]ach separate "document" the following: " a) authors; b) their capacities; along with c) the recipients (including copy recipients) and their capacities; d) the subject matter of the document; e) the purpose of for its production and f) a detailed —specific explanation of why the document is privileged</u>," *see Fed.R.Civ.P., 26(b)(5)(A), also Universal City Dev. Partners, Ltd. V. Ride & Show Eng'g,* 230 F.R.D. 688, 695 (M.D. Fla. 2005); *Developers Sur. & Indem. Co. v. Harding Vill, Ltd.* 2007 U.S. Distr. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc., v. Nat'l Union Fire Ins. Co.,* 2007 U.S. Dist. LEXIS 16002.

Longshore's blanket styled "<u>claim of asserting privilege</u>" simply cannot be justified under the doctrine of this Circuits holdings, thus Longshore's above cited limited assertions remain both "<u>inadequate and incomplete</u>" answer, to Charest's *Interrogatory* at §4 subsection (a), Doc. 42, p. 9 as stated below; *see <u>Davidson</u>, <u>Farran</u>, supra.,* grounds for an ORDER to compel.

Charest never requested *"documents"* pertaining to [JUST] any particular prisoner –only requested evidentiary disclosure about [HIMSELF] "congruent to Article Three §§1, 3, 5, (Board's Minute Books [being] Public Records)(presented below for analysis)" -in relationship to Charest's conceivable conspiracy theory regarding other named Defendants: "1) Riley, 2) King and 3) Shehane whom Charest alleged contaminated the "protest[ing]" of his 2005 parole consideration; in light of such, Charest requests from this Court for it to moreover "factually discern for itself the actual *Interrogatory* requested" for Longshore to, have additionally answered, as:

> "Disclose any and all contacts *relating to* the following: 1) the Governor's Office, moreover Governor Riley, 2) the Attorney's Generals Office, moreover Tory King, 3) Vocal, moreover M. Shehane, there agents, employees, officers, whether direct, and / or indirectly as to each, every and any representative(s) primarily associated with, dealing, concerning the Board's *review -relating to* protesting paroles, specifically Charest, but not limited thereto, *identify by specific document*.' " *Id, Charest' pp. 10, §4, supra.*

Therefore absent Longshore's *Objection see Rule 33(b)(4)*, said *Response* remains facially inadequate and incomplete, notwithstanding "(a) Discovery Answers were filed a month later than "*originally,*" ORDER[ed] (Doc. 43), *see Rule 26(a)(C), Fed.R.Civ.P.,* -thus the above remains "unanswered" and (b) Longshore has not "*indicated*" whether vel non-specific evidentiary materials do in fact exist"; Charest's *Interrogatory* remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery, *see Hickman*, 329 U.S. at 495, (1947); *Farnsworth*, 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible") but will in fact reveal who and how Charest's Federal Constitutional rights were effectively breeched, under color of state law as so defined, substantiated under the "Articles in effect when Charest was "sentenced' Exhibit-One (640-X's), at "Article Three (Dockets), section 1), it states:

"*The Board will not consider or decide whether to order or grant any pardon* **parole** *. . . except* **in an open public meeting** *. . . [I]ndividual Board members* **will not meet or discuss with any person(s) other than departmental staff regarding any specific Board action outside an open public meeting**." *Id.*

*(Emphasis-added).*          Then, at section 3) of Article Three, it states:

"**Before** *the docket unit sets a* **parole consideration** *case on a docket for consideration by the Board,* **a designated officer will determine whether a parole officer has interviewed the prisoner** *not more than three months prior to the open public meeting date. The Parole officer conducting* **this interview shall review the institutional file to evaluate his adjustment, and shall afford the prisoner an opportunity to make a statement regarding his current situation and his proposed plans for life after prison.** *The parole officer* **shall provide a form to the prisoner, so that he may submit information about his home and job plan.**" *Id.*

*(Emphasis-added).*          Then, inapposite to Longshore's evasive

answer, section 5) at Article Three, it states:

"*As the Board* **considers each case and takes action,** *their Secretary* **shall note on the docket** *whether the relief is* **ordered or denied.** *. . [A] completed copy of the docket,* **reflecting the actions taken, shall included in the Board's minutes for the meeting. The Board's minute books are a public record.** *The minutes of each open public meeting shall be read and approved at the beginning of the first open public meeting in the following week.*" *Id.*

*(Emphasis-added).* In no uncertain terms, leaving no room for administrative ambiguity nor abuse of discretion the interpretation "speaks for itself --empowering this Court to compel Longshore into full compliance" concerning Charest's interrogatory so stated, above which now invites or per se warrants compulsion by this Court's juridical hand regarding *Interrogatory* Doc. 42, p. 9 at §4. Cause for Compel, *see Rule 37(a)(3)(A)(B)(iii)(iv).*

§ 5.    Charest's Doc. 42, p. 10 *Interrogatory* at §5:

> "*Identify* in detail, by *document* the statutory procedures utilized
> *relating to* 1st: "Charest's *eligible* for the *initial parole calendar date -*
> consideration, review," then 2nd: "how the Board by State statute
> arrived at their decision, and whom was *notified in accordance* by
> State law," under the veins of both *Wilkinson v. Dotson*, [544 U.S. 74]
> and *Greenholtz v. Nebraska*, [442 U.S. 1] progeny's."

Longshore's answer albeit with *Objection,* remains facially incomplete and totally
inadequate whereas Longshore *Responds "This interrogatory proceeds from the false
assumption that Greenholtz v. Inmates of Nebraska*, [442 U.S. 1] (1979), *and Wilkinson
v. Dotson*, [544 U.S. 74] (2004), *confer substantive constitutional rights on prisoners
in Alabama. It is clear that Greenholtz does not apply to Alabama, as Alabama's
discretionary parole system does not create a liberty interest in the mere desire to be
paroled, Thompson v. Ala. Bd. Of Pardons & Paroles*, [806 So.2d 374] (2001).
*Furthermore, Wilkinson, does not establish any constitutional right. . . . Beyond that, it
is not clear what Plaintiff is asking in the interrogatory.* **The statutes governing
the Board are codified in the Alabama Code, and are available to him in
the prison law library.**" *Id.* (Emphasis-**bold /underlined**).

In stark contrast to Longshore's mere allegation –that the above two (2) U.S.
Supreme Court cases remain inapplicable is absurd, first, in Wilkinson, those Honorable
Justices found "[an] avenue of prospectively challenging unfair parole policies [and said
challenge therein] was approved – whereas as herein, plaintiff's [Wilkinson class]
alleged a political motivation was the moving force "predisposing denials rendering
hearing processes arbitrary and capricious, in violation of due process of law; treating
[Wilkinson's class] dissimilar with respects to the laws compared to non-violent
offenders –in violation of equal protection principles and was appl[ying it] to prisoners
whose crimes predated the application of the purported *sub rosa* blanket denial policy,

in violation of the Ex Post Facto Clause." *Id*. Charest adopted and presented the same exact holdings, tentatively to overturn Alabama's inundated parole board guidelines, as held in the U.S. Supreme Court [in Wilkinson] as being both colorable and meritorious towards challenging parole board guidelines under 1983 Complaints –as herein challenged, see also Charest's "*Response / Reply to . . . Defendants Unsupported Answer*, coupled with exhibits" at pp. 18 –27 under §§6 -7, filed 4/12/08 which Charest adopts and fully incorporates hereinafter as same for plenary review prior to compelling Longshore to comply with this Court's 2/13/08 DISCOVERY order (Doc. 43).

Second, in *Greenholtz*, for brevity sake Charest references his analytical hypothesis to this instant action, respectfully adopting and fully incorporating as same hereinafter for plenary review, said presented arguments, holdings, herein as to said applicability, see Charest's "*Response / Reply to . . . Defendants Unsupported Answer*, starting at pp. 28 –30 under §8; then again at pp. 36 –41 under §10; and pp. 51 –53 under §18, coupled with supporting exhibit-14," filed 4/12/08.

Charest's Interrogatory remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery, *see Hickman*, 329 U.S. at 495, (1947); *Farnsworth*, 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible") -but moreover an evasive or incomplete answer to a request for production is to be treated as a failure to answer. *Fed.R.Civ.P., 37(a)(3)(A)(B)(iii)(iv)*. If, as herein, a party fails to answer a request for production inclusive to avoiding answering the interrogatory –during Discovery as herein, Charest now moves for an ORDER to Compel a *Response, see Fed.R.Civ.P., 37(a)(3)*. Under Rule 37, a party moves to compel an answer to an interrogatory or production of documents: "when, as herein, a party fails to answer submitted interrogatories under Rule 33, or likewise in this instant case the party in

14

responding to a request for inspection submitted under Rule *34* fails to respond to that inspection, requester is permitted as requested to compel disclosure and production.

Defendant Longshore boar the initial burden -showing Charest's Discovery was undue, burdensome −or per se vague absent any <u>initial</u> objections to this Court, <u>then</u> regarding Charest's Documents 41, 42 <u>when</u> this Court's earlier ORDER[ed] discovery. *See Doc. 43*, Longshore should not, "**now**" escape compliance with said Circuits discovery strictures inclusive to not objecting too said discovery <u>then</u>, especially at this belated stage of proceedings; in an attempt to avoid the prospective consequences − collaterally speaking to the potentiality of prospective injunctive relief to Charest's novel claims pursuant to the *"gateway progeny"* of *Wilkinson v. Dotson*, [544 U.S. 74] 2005, through certain portholes of *Greenholtz v. Nebraska*, [442 U.S. 1] (1979) −whereas Charest's filed a comprehensive memorandum entitled *"Response / Reply To Defendants Williams'[s], Longshore[s] and Longshore[s] Unsupported Answer Filed 1/10/08,"* which Charest hereinafter adopts and fully incorporates as same herein, whereupon Charest argued the basic premise to both, first *Wilkinson*, and second *Greenholtz* progeny's agreeing albeit limited to Longshore's assertion −"that obtaining release through parole, like obtaining a pardon, is wholly contingent upon either the grace of the detaining authority or some affirmative statutory entitlement." *United States v. Chagra*, 669 F.2d 241, 264 (5th. 1982), and although while "no constitutional or inherent right of a convicted person to be conditionally released prior to the expiration of a valid sentence exists", *Greenholtz v. Nebraska*, [442 U.S. 1], a prisoner, even like Charest "has the right to be properly considered for parole." *Christopher v. U.S. Board of Parole*, 589 F.2d 924 (7th. Cir. 1978); *Wallace v. Turner*, 525 F.Supp. 1072 (S.D. Fla. 1981), thus as was announced in the *"porthole created through Weaver v. Graham*, 450 U.S. 24, 29 (1981), which held *"A court's inquiry into whether an ex post facto violation*

*occurs is two-pronged: first, has a change in the law been given a retrospective effect; and second, has the change disadvantaged the offender." Id.*

As to the second prong, whether the changes disadvantaged the class, the district court looked to *California Department of Corrections v. Morales*, 514 U.S. 499 (195) and *Garner v. Jones*, 529 U.S. 244 (2000), the Court found that *Morales* and *Jones* left significant wiggling room for a court to discern "**disadvantaging**" on a case-by-case basis," for which Charest request that this Court apply to this novel claim for Alabama inmates, as did the United States Supreme Court in the above brief excerpt cases.

Notwithstanding the *Jones* and *Morales* determinations that the challenged rule changes did not materially affect punishment, that Court looked at the "practical implementation" of the amendments, therein, in comparison to the pre-guidelines, and found like this Court might –as well, that these rule changes in the aggregate towards determining if the risk of prolonged incarceration was "significant."

Paroling authorities **must** comply with constitutional requirements and may not determine parole [eligibility or consideration] on improper grounds. *Wallace v. Turner*, *supra.*, parole cannot be denied on false, insufficient, or capricious reasons. *Christopher*, *supra. Tedder v. Alabama Bd. of Pardon & Paroles*, 677 So.2d 1261 (Ala.Crim.App. 1996), see also *Tucker v. Alabama Bd. of Pardon & Paroles*, 781 So.2d 358 (Ala.Crim.App. 2000).    Longshore's answer -merely referencing Charest to the prison law library for a cursory *glance* at Alabama's codification governing the parole board as-applied to Alabama's inmates [], simply won't suffice. Bare citations to other cases, statutes as presented by Longshore's above *ANSWER* remains inadequate and incomplete given the totality of the allegations underpinning Charest's dispositive claim(s), *see Davidson*, 215 F.R.D. at 77; *Farran*, 1995 U.S. Dist. LEXIS 13402, 1995 WL 5490005, at *5.

Charest's *Interrogatory* requesting Longshore to "*identify by document* the Board's *review* policy, procedure-governing, *relating to* denials and upon such, what measures, if any, in existence, towards the Board's *review* policy, procedure or practice were / are utilized –*relating to* disclosing to the inmate in accord with due process under the Fourteenth Amendment the Board's *reason(s)* for a[nyi] denial remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery, *see Hickman*, 329 U.S. at 495, (1947); *Farnsworth*, 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible") -but moreover, it is axiomatic, that "(d)iscovery by interrogatory requires candor in responding." *Id*. Charest's *Interrogatory* remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery –but sought evidentiary documentation of Longshore's unconstitutional act, actions or flagrant outright omissions governing Charest's 2005 parole. Therefore Longshore's partial answer remains incomplete and inadequate *to* answer Charest's interrogatory by merely referencing the office held is by State law, Rule 33, requires a more complete answer in and of itself –to the question asked, *see Davidson, Farran, supra*. Cause for Compel, *see Fed.R.Civ.P., 37(a)(3)(A)(B)(iii)(iv)*..

§ 6.    Charest's Doc. 42, p. 10 *Interrogatory* at §6:

> "*Identify* by *document* the Board's policy, procedure, practice *relating to eligibility* and *consideration* as-applied to Charest in effect in 1995 for potential parole by State law in accord with Federal law mandates, additionally:
>
> > "a). Then, produce and *Identify* by *document* the Board's policy, procedure, practice on both *eligibility* and *consideration* as-applied to inmates currently, after the Board's amendment to its 640-X-.02 and -.03 criteria, now described, defined as the Board's amendatory *Articles*.'

Longshore's answer is without an *Objection* to this instant *Interrogatory* inclusive to being absent more, remains facially inadmissible at best; see *Fed.R.Civ.P., 33(b)(1)(3). Rule 33(b)(1)* requires that "*the responding party must serve its answer . . .*" Accordingly, Longshore's Answers to Charest's *Interrogatory* do not comport – comply with *Fed.R.Civ.P.,* as follows:

First, by Longshore asserting: "*As a general proposition, unless a statute restricts the Board's jurisdiction, any prisoner could be considered for parole at any time. However, if the prisoner has not served a minimal period, parole may only be granted by unanimous affirmative vote. If a prisoner is eligible to be considered, the Board has total discretion as to whether and when parole may be granted, after affording certain officials and individuals an opportunity to express their views.*" *Id.* Such assertion remains too vague, broad to discern in lieu of the exactness of the above cited *Interrogatory* -Charest maintains pursuant to *Rule 33(b)(1),* it requires that "*the responding party must serve its answers and any objections within 30 days after being served with interrogatories. . .*" *Id.* (Emphasis-added –bold), since neither was perfected timely by Longshore –Charest is hereinafter duly entitled to juridical intervention to compel compliance. See Charest's "Response / Reply To Defendants . . . Unsupported Answer Filed 1/10/08," dated 4/15, 08. specifically page 21 –27 whereas Charest presented in totality legal principle governing the Board's unconstitutional act(s), action(s) and flagrant usurpation of Charest's 2005 parole consideration / denial. **Cf.** Charest attached Exhibits-3 –9 therein coupled with supporting affidavit underpinning Charest's position, primarily fore fronting that the post-amendments (i.e., Articles) inapposite to the pre-guidelines (i.e., 640–X's) in effect when Charest was convicted / sentenced in 1995 remain "unconstitutional" at best when

read in toto with Charest's requested comparisons brought before this Court learned eye for plenary review.

Worthy of particular interest, is Longshore's admission: ". . . [t]he Board has total discretion as to whether and when parole may be granted, **after affording certain officials and individuals an opportunity to express their views** . . ." *Id.,* Charest maintains that albeit a partial admission towards Charest's claim, for prospective –injunctive relief Charest's *Interrogatory* remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery but now after said admission further compliance with the "*documents*" sought after –in light of the Board having total discretion **after affording certain officials and individuals an opportunity to express their views**, whereas Charest sought from Defendants as a whole for said members to "*identify by document the Board's policy, procedure, practice relating to eligibility and consideration as-applied to Charest in effect in 1995 . . .*" *Id,* in subsection a) of Longshore's *Response @ 6),* it was factually stated: "*The* ***procedures adopted*** *in 1983 (and subsequently repealed)* ***were published with the Legislative Reference Service, and are as readily available to the plaintiff . . . on the Board's website, and are as readily available to the plaintiff*** *. . ." Id.*

Merely referencing Charest to visit a state website as presented by Longshore, as previously argued above, by Charest, remains "illegal for incarcerated inmates to visit websites inside its penal system" –thus the above answer remains inadequate and incomplete given the totality of the allegations underpinning Charest's dispositive claim(s), *see Davidson,* 215 F.R.D. at 77; *Farran,* 1995 U.S. Dist. LEXIS 13402, 1995 WL 5490005, at *5.    Furthermore, it is those persons, party's and the Board's unconstitutional practice that Charest wish[es], desires to bring to the forefront of this

civil suit, therefore Charest demands that Longshore be fully compelled to relinquish said <u>identification of whom they notif[ied]</u>, by state statute in Charest's case, and do so by producing said "<u>documents</u>" predicating that state law was in fact, followed in 2005 during the investigation of Charest "<u>parole consideration</u>" now, effectively challenged.

<u>Second</u>, Charest maintains that the language utilized by Longshore, in this answer moreover demonstrates Charest's position –clearly said *Interrogatory* reasonable calculates, to lead Charest to further relevant admissible evidentiary materials under *Fed.R.Civ.P., 26(b)(1), see* <u>Hickman</u>, 329 U.S. at 495, (1947); <u>Farnsworth</u>, 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible") -however, absent full disclosure by Longshore Charest remains prejudiced, grounds for compel. *See <u>Dollar, supra</u>.*

§ 7.    Charest's Doc. 42, p. 11 *Interrogatory* at §7:

> "*Identify* by *document* the Board's *review* policy, practice or procedures, for *notifying* the victim or their State statutory: "1) requested 2) assigned or 3) appointed representatives, if any, by State statute in accord with Federal Law mandates."

Longshore's answer albeit with *Objection* remains facially incomplete and totally inadequate whereas Longshore *Responds* ". . . [P]laintiff has not pled a justiciable controversy regarding the procedures for **notifying** victims of parole consideration, and lacks standing to do so, as he is not adversely affected if the Board is unable to locate a victim and proceeds to consider his case after having exercised due diligence. Furthermore, this interrogatory seeks discovery of privileged information regarding victims." underline{Id, at Longshore Response 3/14/08}.    Charest asserts this answer is both: "*evasive and incomplete*" to Charest's request for production of evidentiary materials – thus should likewise, now be treated as a failure to answer. *Fed.R.Civ.P., 37(a)(3)*. Now, cause for an ORDER to compel for a valid responsive pleading from Longshore on the

above *Interrogatory*, *see Rule 37(a)(3)(A)(B)(iii)(iv)*. Charest does in fact have standing, to request such relevant disclosure −due to the fact that under the current legislative authority −the Board is statutorily mandated to "Notify" the Attorney General's Office pursuant to §15-22-36(d)(The Board) "[S]hall have no power to grant . . . a parole . . . **until** 30 days' notice that the prisoner is being considered therefore has been given by the board to the Attorney General . . ." *Id*.      Then      again,      under subsection (e)(1)(i) "[A] statement that all persons required be notified under the provisions of this section will be allowed, at their option, to either appear before or give their views in writing." *Id*.

　　　Charest maintains that during the investigative period −prior to the 2005 parole consideration these Defendants acted in concert −engaged in conduct constituting a tortuous act, actions or shortly thereinafter upon receipt of such state statutory Notice, that General King took a position to adamantly protest Charest's then upcoming parole consideration −scheduled for December 6th. 2005; worthy of particular note, is that Charest attempted to retrieve admissible evidence but said Counsel likewise thwarted the DISCOVERY process denying "documents, records, communications," to prove Defendants' collusion. Cf. Charest's Doc's. # 41 at page 7, §7 whereas Charest requested an ORDER "for Defendants to forward any and all copies of memoranda between 1) Williams, 2) Longshore, 3) Longshore or its agents, employees involved in, prior too, and including the December 6th. 2005 hearing; inclusive to disclosing those mysterious four special members the Defendants are attempting to shift blame upon; moreover important was Charest's § 8 discovery request under subsections (a) through (u) at pp. 7 −9 (Doc. 41) which to date has yet been produced or properly objected to by a[ny] Defendant to which entitles Charest to an ORDER compelling an answer to this *Interrogatory*. Nothing in Charest's *Interrogatory* requests for the Parole Board to

21

release a[ny] information, privileged or otherwise "regarding the victim," Charest sought from Longshore, to identify by —"document its review policy, practice or procedure for *notifying* the victim, within Alabama's statutory guidelines regarding when the victims (a) request to be heard, express their views, opinions or objections to an inmates prospect of parole, or (b) when the victim assigns the task of speaking on their behalf either due to an absence, or otherwise, to a family member or (c) when the victim appoints a representative to speak on their behalf at said parole hearings due to other extraneous circumstances for Charest to narrow the claims to the person(s); part[ies] responsible for notifying Maria LeBreton, M. Shehane (VOCAL) to have appeared, and made the statements in / on behalf of Charest's alleged victim [].

If a party objects, as did Longshore to a discovery request on the ground that the material requested —sought after "is" protected —under privilege, pursuant to *Fed.R.Civ.P., 26(b)(5); see Fisher, supra., Farnsworth, supra.,* then likewise Longshore had the burden to also go a step further —but failed.          The       party       asserting privilege, in accord with this Circuits holdings states in certain terms "must [had] state[d] the claim expressly and describe[d] the nature of the documents, information so withheld in a manner that enable[d] other parties to assess the claim of privilege, in this instant action albeit that Longshore invoked said alleged "privilege of information," Charest, on the other hand, however, had in fact "only requested discovery disclosure of "facts" "evidence" and for the most part "documents" admissible for trial purposes. Nevertheless to preserve the privilege, the objecting party was to have also, in addition to the above "provided a "log or index of withheld materials that included for [e]ach separate "document" the following: " a) authors; b) their capacities; along with c) the recipients (including copy recipients) and their capacities; d) the subject matter of the document; e) the purpose of for its production and f) a detailed —specific explanation of

why the document is privileged," *see Fed.R.Civ.P., 26(b)(5)(A), also Fishers,* 425 U.S. at 391, (1976); *Universal City Dev. Partners, Ltd. V. Ride & Show Eng'g,* 230 F.R.D. 688, 695 (M.D. Fla. 2005); *Developers Sur. & Indem. Co. v. Harding Vill, Ltd.* 2007 U.S. Distr. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc., v. Nat'l Union Fire Ins. Co.,* 2007 U.S. Dist. LEXIS 16002.

General blanket styled "claims of asserting privilege" absent the above remains under this Circuits holdings both "inadequate and incomplete" grounds for an ORDER to compel. Although Charest knows that such "failure as asserted against Longshore" does not by itself result in an automatic waiver for privilege, the Courts should apply a holistic analysis taking into account several factors to determine whether the privilege has been waived. *See Universal, supra, (citing Burlington Northern & Santa Fe Ry. V. United States Dist. Court,* 408 F.3d 1142, 1149 (9th.Cir. 2005), Charest respectfully leaves that task to this Honorable Court for appropriate comity.

The work product doctrine protects otherwise discoverable "documents and tangible things. . . prepared in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative (including the . . . party's . . . consultant . . .)." *Fed.R.Civ.P. 26(b)(3).* Such materials, however, are not protected if they are assembled in the ordinary course of business or other non-litigation purposes. *Advisory Committee Notes to Rule 26, 1970 Amendment, Subdivision (b)(3).* Documents are prepared in anticipation of litigation, and consequently protected by the work product doctrine, if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 *Federal practice & Procedure* 2024, at 343 (1994). "When there is a true independent purpose for creating a document, work product protection is less likely, but when two

purposes are profoundly interconnected, the analysis is more complicated." *See*
*Developers Sur*; *Pensacola Beach Cmty. United Church Inc*; *supra.*

Simply put, Longshore's Objections based upon privilege failed to meet the
strictures of Rule *26(b)(5)*, Fed.R.Civ.P., and neither the attorney-client nor the work-
product privilege can prevent Charest from seeking the disclosure of the underlying
relevant facts, documents in order to prove his claim. Charest's *Interrogatory* remains
reasonable calculated to not only lead to relevant admissible evidence, in accord with
*Fed.R.Civ.P., 26(b)(1)* discovery −inviting per se compulsion by this Court's juridical
hand compelling compliance concerning Charest's *Interrogatory* Doc. 42, p. 11 at § 7.
Cause for Compel.

§ 8.    Charest's Doc. 42, p. 11 *Interrogatory* at §8:

> "*Identify* by *document* the person, party, employee, co-worker, or
> otherwise, that have access to, input to said potential parole
> consideration by State statute and whom were *notified* of Charest's
> 1) *eligibility* and 2) *consideration* for potential parole; *specifically*
> *identify* by *document* each and every person, party, employee, agent
> or otherwise *relating to* with how Charest's parole *eligibility* and
> subsequent *consideration* was allegedly assessed by the Board
> under State statute, in accord with Federal law mandates."

Longshore's answer albeit with *Objection* remains facially incomplete and totally
inadequate whereas Longshore *Responds* "*This interrogatory seeks discovery of*
*privileged material.* **Every document** *in the Board's file, except the Board's order*
*and the reason, if any, given by a member favoring parole, are subject to an absolute*
*and mandatory privilege. This interrogatory is not reasonably calculated to lead to*
*discovery of admissible evidence bearing on the question whether this defendant has*
*deprived plaintiff of any protected under the laws of the United States.*" *Id.*

Rule 33(b)(1) requires that "[e]ach interrogatory shall be answered separately
and fully in writing . . ." *Id.*  Therefore Longshore's answers to Charest's first set of

interrogatories do not comport –comply with Fed.R.Civ.P., 33(b)(1)–(3), grounds for an Order to Compel for a corrective answer to Charest's *Interrogatory*.

Charest asserts Longshore's answer is both: "*evasive and incomplete*" to Charest's request for production of evidentiary materials –thus should likewise, as above, also treated as a failure to answer. *Fed.R.Civ.P., 37(a)(3)*. Now, cause for an ORDER to compel.

Nothing in Charest's *Interrogatory* [prohibits disclosure] under Rule <u>26(b)(1)</u> – "*Unless otherwise limited by court order* [which this Court did not invoke], *the scope of discovery is as follows: Parties may obtain discovery regarding any non privileged matter that is relevant to any party's claim –including the existence, description, nature, custody, condition, and location of any document or other tangible things and the identity and locations of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. . .*" <u>Id</u>., see <u>Hickman</u>, 329 U.S. at 495, (1947); <u>Farnsworth</u>, 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery whenever possible") -as this Court can discern for itself Charest's *Interrogatory* is in fact, reasonable calculated to have led to admissible evidence in accord with the subject matter at hand, Longshore is merely being evasive in the response to said specific evidentiary "<u>*documents*</u>" of "<u>persons, employees, co-workers</u> or otherwise <u>that have</u> [had] <u>access to,</u> input [effecting Charest's parole consideration] –*by State statute –and <u>whom were notified</u> of Charest's 1) eligibility and 2) consideration; inclusive to but limited too, identify by document each, every person, party, employee, agent or otherwise relating to <u>how</u> Charest's parole eligibility and consideration was allegedly assessed by the Board under State statute . . .*" <u>Id</u>. If a party objects, as did Longshore to a discovery request on the ground that the material requested –sought

after "is" protected –under privilege, pursuant to *Fed.R.Civ.P., 26(b)(5); see Fisher,* 425 U.S. at 391, (1976); *Farnsworth,* 758 F.2d at 1545 (11th Cir. 1985) -then likewise Longshore had the burden to also go a step further.    The party asserting "privilege of information," must "provide a "log or index of withheld materials that included for [e]ach separate "document" the following: " a) authors; b) their capacities; along with c) the recipients (including copy recipients) and their capacities; d) the subject matter of the document; e) the purpose of for its production and f) a detailed –specific explanation of why the document is privileged," *see Fed.R.Civ.P., 26(b)(5)(A), also Universal City Dev. Partners, Ltd*, at 230 F.R.D. 688, 695 (M.D. Fla. 2005); *Developers Sur. & Indem. Co*. at 2007 U.S. Distr. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc.,* at 2007 U.S. Dist. LEXIS 16002.    Longshore's blanket styled "claim of asserting privilege" simply won't suffice under the doctrine of this Circuits holdings, thus Longshore's above cited assertions remain both "inadequate and incomplete" grounds for an ORDER to Compel, *see Rul3 37(a)(3)(A)(B)(iii)(iv).* Charest request that this Court undergo the above requested task and rule appropriately herein.

The work product doctrine protects otherwise discoverable "documents and tangible things. . . prepared in anticipation of litigation or for trial by or for [a] party or by or for that . . . party's representative (including the . . . party's . . . consultant . . .)." *Fed.R.Civ.P. 26(b)(3).* Such materials, however, **are not protected if they are assembled in the ordinary course of business** or other non-litigation purposes. *Advisory Committee Notes to Rule 26, 1970 Amendment, Subdivision (b)(3).* (Emphasis-added).    Documents prepared in anticipation of litigation, under certain circumstances are protected by the work product doctrine, if "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect

of litigation." Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 8 *Federal practice & Procedure* 2024, at 343 (1994). "When there is a true independent purpose for creating a document, work product protection is less likely, but when two purposes are profoundly interconnected, the analysis is more complicated." *See Developers Sur; Pensacola Beach Cmty. United Church Inc; supra.*

Simply put, Longshore's Objections based upon privilege failed to meet the strictures of *Rule 26(b)(5), Fed.R.Civ.P., see Hickman, supra., Farnsworth, supra.*, and neither the attorney-client nor the work-product privilege can prevent Charest from seeking the disclosure of the underlying relevant facts, documents in order to prove his claim. Charest's *Interrogatory* remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery –inviting per se compulsion by this Court's juridical hand compelling compliance concerning Charest's *Interrogatory* Doc. 42, p. 11 at § 8. Cause for Compel.

§ 9.    Charest's Doc. 42, p. 11 *Interrogatory* at §9:

> "Please *identify* by *document* what protocol, if any, by State statute –*relating to* when inmate(s) come before the Board for either 1) *eligibility* and then 2) for *consideration* of potential parole *review* - how Federal rights are protected in accord with both State law, under Federal law mandates in accord with both *Wilkinson v. Dotson*, [544 U.S. 74] and *Greenholtz v. Nebraska*, [442 U.S. 1] progeny's."

Longshore's answer albeit without a[ny] *Objection* remains facially incomplete and totally inadequate whereas Longshore *Responds* "*Prisoners in Alabama have no* ***reasonable expectation of parole****. The cited decisions of the U.S. Supreme Court do not recognize any such rights as existing under Alabama's discretionary parole statute. Prisoners do not enjoy a liberty interest in the desire to be paroled, . . . [T]o the extent that the Ex Post Facto Clause **might apply to changes in procedures***, the

previous **Special Report explains the procedural safeguard adopted pursuant to *Garner v. Jones*, 120 S.Ct. 1362 (2000)**" *Id*. (Emphasis-underlined).

Charest's *Interrogatory* remains reasonably calculated to have brought admissible evidence, inapposite to Longshore's answer which likewise was an untimely Answer remaining facially inadmissible under *Fed.R.Civ.P., 33(b)(1)(3)*.    Rule *33(b)(1)* requires that "*the responding party **must** serve its answer and any objections within 30 days after being served with the interrogatories.* Accordingly, Longshore's Answers to Charest's *Interrogatory* do not comport –comply with *Fed.R.Civ.P., Rule 33*, as follows:

First, to the extent that Longshore partially answer[ed] the above specific discovery request, it too remains likewise "deficient," however for the sake of clarity Charest presents the foregoing controlling principles to interrogatories, that is "(a) A partial answer is not candid and will be deemed evasive, and answers as such will not be accepted." *Herdlein Tech., Inc* 147 F.R.D. at 103 (W.D.N.C. 1993); *Fed.R.Civ.P. 37*(a)(3); and (b) merely citing, or referencing another pleading, however replete the other pleading may otherwise be –won't suffice this Circuits standing; Charest asserts it is "evasive or none responsive."

Second, whereas Longshore's excerpt predicates, above, i.e., "the previous Special Report explains the procedural safeguard adopted pursuant to Garner v. Jones, 120 S.Ct. 1362 (2000)," *Id*.

Perhaps Longshore would be better off per se, sharing with this Court "what special report," [as asserted, above] it suggestively represented to this Court –Charest that was previously filed, because the only other "belated pleading Charest received was on **February 6, 2008 (Doc. 21)** which is at best, as deficient as the other non-responsive pleadings Charest has viewed considering an Answer was due in this Court

on or before **January 14, 2008** as ORDER[ed] on December 6, 2007 (Doc ?)," nevertheless –Charest has strenuously reviewed "<u>Doc. 21 in its entirety</u>" and never found one single excerpt, cite to the *Garner v. Jones,* 120 S.Ct. 1362 (2000)(progeny) – as disingenuously alleged above, let alone a[ny] argument therein "preserving said affirmative defense," not to mention that the "document" Longshore speaks about was in fact, simply an "**Answer Of Alabama Board Of Pardon & Paroles And Defendants Williams, Longshore and Longshore**," electronically dated January 10, 2008 –with no supporting affidavits, exhibits whatsoever, not a special report!

Such alone should warrant action by this Court to issue a "Show Cause," why counsel makes reference to pleadings, and cites cases to support an interrogatory –that was not previously asserted as a defense, a violation of not being candid, but also now held as both "inadequate and incomplete" towards answering Charest's specific *Interrogatory,* above. Good Cause for this Court to visit –invoke *Rules 37(a)(Compel), 33(b)(3)(Answering each Interrogatory)*; *37(a)(3)(A)(Fails to disclose –Rule <u>26</u>(a); and 37(a)(3)-(b)(1)* of the Federal Rules of Civil Procedure, *also <u>Davidson</u>,* 215 F.R.D. at 77; <u>*Farran*</u>, 1995 U.S. Dist. LEXIS 13402, 1995 WL 5490005, at *5, enabling parties to move rapidly to bringing closure and prospective relief in afford with comity.

§ 10.    Charest's Doc. 42, p. 11 *Interrogatory* at §10:

> "Please *identify* by *document* the Board's *review* policy, procedure-governing, *relating to* **denials** and upon such, what measures, if any, in existence, towards the Board's *review* policy, procedure or practice were / are utilized –*relating to* disclosing to the inmate in accord with due process under the Fourteenth Amendment the Board's *reason(s)* for a[ny] denial, <u>*Wilkinson v. Dotson*</u>, [544 U.S. 74] and <u>*Greenholtz v. Nebraska*</u>, [442 U.S. 1] progeny's."

Longshore's answer albeit without a[ny] *Objection* remains facially incomplete and totally inadequate whereas Longshore *Responds* "*Prisoners in Alabama have no expectation of parole. The **cited** decisions of the U.S. Supreme Court do not recognize*

*any such rights as existing under Alabama's discretionary parole statute. Prisoners doe not enjoy a liberty interest in the desire to be paroled, and the Supreme Court does not mandate that the State of Alabama establish procedural protections for this desire. . . . <u>To the extent that the Ex Post Facto Clause might apply to changes in procedures, the previous submitted Special Report explains the procedural safeguard adopted pursuant to</u>* **<u>Garner v. Jones</u>**<u>*, 120 S. Ct. 1362 (2000).*</u>*" <u>Id</u>.* (Emphasis-bolded).

First, brought to the forefront, is Charest's former arguments, notices, inclusive too, but not limited to the above paragraph No. 9, –Charest adopts in toto the referenced Notice to Longshore's deficiencies, therein, as are likewise along the same line in this deficient answer. Charest's *Interrogatory* was calculated to have brought admissible evidence into the instant action, inapposite to Longshore's answer which likewise is facially inadmissible under *Fed.R.Civ.P., 33(b)(1)(3). Rule 33(b)(1)* requires that "[e]ach interrogatory shall be answered separately and **fully** in writing . . ." Accordingly, Longshore's Answers to Charest's *Interrogatory* do not comport –comply with *Fed.R.Civ.P., Rule 33,* as follows:

Nowhere in Longshore's "Answer Doc. 21," had Longshore presented the progeny of <u>*Garner*</u>*, supra.,* to be afforded a[ny] defense, or to be provided said application to the answer *italicized* above, simply put that argument / holding is not before this Court –as envisioned by Longshore's tactic to undermine Charest colorable claims -herein. Once again Charest maintains no "*Special Report, Written Report,*" to date has been filed by Longshore –at least to Charest knowledge [].

As far as arguing, presenting anything along the grounds of having stated, "*Prisoners do not enjoy a liberty interest in the desire to be paroled,*" Charest has never asserted –presented to this Court such a ridiculous assertion of either having a "*liberty interest,*" nor has any Alabama prisoner [e]ver succeeded along such vein, such is not at

issue []. Longshore is just being "evasive and attempting to draw out this Court and delay answering the otherwise relevant interrogatory, Charest moves for an ORDER to Compel the *Response*, as requested, *see Fed.R.Civ.P., 37(a)(2)*. Charest's moves this Court to issue an ORDER granting the above in its totality.

§ 11.    Charest's Doc. 42, p. 11 *Interrogatory* at §11:

> "Please *specifically <u>identify</u> by <u>document</u> each and every person, party*, witness's, co-defendants <u>whom were instrumentally present relating to</u> Charest's December 2005 hearing, *review <u>as</u>* to the three (3) specific claims <u>alleged in the present §1983 action</u>." *Id*.

(Emphasis-underlined).    Longshore's answer albeit with Objection remains facially incomplete and totally inadequate whereas Longshore Responds "*I do not have personal knowledge, as I was not present. Any information I might obtain <u>would be from review of a file that is subject to an absolute and mandatory privilege</u>*." *Id*. Charest's above question remains without a doubt "reasonably calculated to have produced evidentiary documents, if nothing else "revealed the names of the two (2) special parole board members," as shown on Longshore's Exhibit-A –attached to Answer dated 3/12/08; and also likewise predicated as Charest's Exhibit-10 attached to 4/15/08 memoranda styled "<u>Response / Reply To Defendants Williams, Longshore and Longshore Unsupported Answer Filed 1/10/08</u>" (predicating two (2) unknown signatures of the actual person(s) responsible for denying parole on 12/06/07 –which surely cannot lawfully be considered herein as "<u>absolutely privileged</u>."    Charest maintains and adopts the above cited principles of <u>rules</u> above for brevity sake, requests that this Court issue an ORDER to compel Longshore to reveal said two (2) names, addresses so that proper service can be hereinafter effectuated henceforth.

Eleventh Circuit principles governing Longshore's mere assertion "*[A]ny information I might obtain . . . is subject to an absolute and mandatory privilege*,"

31

without "providing a "log or index of withheld materials that included for [e]ach separate "document" the following: " a) authors; b) their capacities; along with c) the recipients (including copy recipients) and their capacities; d) the subject matter of the document; e) the purpose of for its production and f) a detailed –specific explanation of why the document is privileged," remains in violation of discovery. *See Fed.R.Civ.P., 26(b)(1), see Hickman, supra., Farnsworth, supra.,* and also *Rule 26(b)(5)(A), also Universal City Dev. Partners, Ltd.,* at 230 F.R.D. 688, 695 (M.D. Fla. 2005); *Developers Sur. & Indem. Co.,* at 2007 U.S. Distr. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc.,* at 2007 U.S. Dist. LEXIS 16002. Longshore's blanket styled "claim of asserting privilege" remains insufficient under this Circuits holdings, thus Longshore's above cited assertions remain both "inadequate and incomplete" grounds for an ORDER to compel, Charest requests issuance for such at this time.

§ 12.   Charest's Doc. 42, p. 12 *Interrogatory* at § 12:

> "*Identify* by *document*, specifically *relating to* said allegation(s) against you with your named codefendants –how the Board first arrived at, that Charest was *eligible* for potential parole *consideration* when given his Ten year set up, back in 1996, or shortly thereafter; and thence, thereafter, subsequently *arbitrarily and capriciously* **denied** parole *consideration* setting Charest off more than three years, inapposite to Board's guidelines 640-X-3-.03 (Scale for Parole Calendar Dates) in effect when Charest was granted first *eligibility* for the propensity of potential parole and subsequently *considered* for prospective parole." *Id.*

Longshore's answer albeit with Objection remains facially incomplete and totally inadequate whereas Longshore Responds "*I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory **privilege**. . . .*" *Id.* (Emphasis-**bold**).

Again for brevity sake and clarity Charest adopts the same reasoning –as asserted above in regards to Longshore asserting "privilege" **absent** the log or index coupled

with the indispensable factors listed above, from (a through f) congruent with disclosure under *Rule 26(b)(1)-(5)* discovery, see *Hickman*, 329 U.S. at 495, (1947); *Farnsworth*, 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery").

First, for review as to why the above *Interrogatory* could lead to admissible evidence, as calculated by Charest, as promulgated by 640-x-2-.02 –subsection 1) *As soon as practical after a prisoner is sentenced to prison, the Board causes a file to be prepared on the case.* ***When complete*** *members or their designee* ***study the file and set a parole calendar date. This parole date is for initial parole consideration*** . . ." *Id*. (Emphasis-**bold**).

Second, pursuant to 640-X-2-.02 -subsection 2) *On cases involving crimes committed before May 19, 1980,* ***the parole calendar date is set at one-third*** *of the prison term* ***or ten years which is less*** . . ." *Id*. (Emphasis-**bold**). More applicable to Charest's instant "facts" relevant to Charest's case pursuant by 640-X-2-.02 subsection 3) *On cases involving crimes committed on or after May 19, 1980, the Board uses guidelines in establishing the initial parole calendar date.* ***The guidelines take into account past criminal record, pattern and nature (severity) of present offense, and the community attitude toward the offender***. ***Unless the Board determines that the guidelines should not apply, calendar dates will be set*** . . ." *Id*. (Emphasis-**bold**).

Thence for comparative purposes along the challenged vein, herein, according Charest the likelihood of "finding, relevant evidentiary documentation of facts, as well as, specific names," under the Board's "challenged amended Article One, " which took effect thereinafter as of **March 21st, 2001**, stating: –intakes: "*As soon as practical after a prisoner is sentence to prison, the central Office staff* ***shall*** *prepare a file case.*

*The appropriate filed office(s) <u>will be directed to forward a copy of the investigation to</u>* <u>*the Central Office. . . . [t]he field office* **shall** *promptly conduct its investigation and* *submit its* **report. . . . [W]hen the appropriate investigations are in the file,** **the Board's designee shall study the file and schedule initial parole** **monthly docket . . .**</u>*" Id, at Art. 1, subsection 1). (Emphasis-added).*

Then at <u>Article One subsection 4</u>), in relevant part, it states: "*A staff member* *designated by the Board* <u>**shall also determine whether the investigation**</u> <u>**report is sufficient for Board action. If significant information is lacking,**</u> <u>**this designee shall request further information from the field office**</u>." <u>*Id, at*</u> <u>*Article One*</u>. *(Emphasis-added).*

Also, at Article One subsection 8), therein, it states: "<u>*Any* **exercise of**</u> <u>**discretion by the designee** *scheduling initial parole consideration so as to schedule*</u> <u>*such consideration earlier or later than* **most easily calculated set date, shall be**</u> <u>**supported by a memorandum setting forth the factors considered and the**</u> <u>**reasons for the deviation. This memorandum shall be placed in the file for**</u> <u>**the consideration of the Review Committee and the Board**</u>." <u>*Id, at Art. 1.*</u>

Charest maintains that –just like statutes, whereas administrative guidelines utilizing the word "**shall**" clearly establish mandatory action –thus Charest maintains within the Board's file(s) "exist significant facts warranting Charest relief, such that would directly contradict Longshore's –otherwise inadmissible Affidavit (Exh-B) at page Four 4), that:

> "*This Board tries to separate prisoners into reasonable categories* *for purposes of* **scheduling parole consideration**. **We look at** **the nature of the crimes, the length of the sentence, prior** **criminal history, social history, ties to the community,** **and similar factors to determine when a prisoner should** **be scheduled for consideration**. . ." <u>*Id*</u>.

"*Charest is a member of a class of prisoners who are difficult to parole.* ___It is very difficult for members of the Board to conclude that a rapist is likely to obey the law in the future, or that his release would not be incompatible with society's welfare. We are concerned both with the likelihood that such an offender would re-offend and with the seriousness of the harm that could ensue if he did so___. . ." *Id.*

(Emphasis-added). Just likened in *Wilkinson*, the disparities announced therein, are similar under Alabama's amended articles —challenged by the 640-X's in effect when Charest's initial parole "*eligibility*" was first envisioned, under the substantive language made referenced above, the guidelines therein, in 1995, took into accountability the novel continuity —traditional values of the recent ruling released in *Wilkinson v. Dotson*, 544 U.S. at 74; along the veins of *Greenholtz v. Nebraska,* 442 U.S. at 1, through a certain porthole window in *Weaver v. Graham*, 450 U.S. at 24; to the novel claim before this Court. For comparative purposes, to the deprivation of the Board's amendment(s) filed **February 23rd, 2004** Charest presents a few excerpts of the Board's amended Article One, subsection 8) now states: "___If the designee finds mitigating circumstances that appear to warrant a deviation from the guidelines, the designee shall document those circumstances, together with a recommendation for scheduling of consideration. In accessing the suitability of the standard set, the designee will examine the offender's prior record, the nature and severity of the present offense, the potential for future violence, and any information available regarding community attitude toward the offender___ . . ." *Id, Art. 1 amended version*. This is but one, of many prime examples of the Board's collateral changes towards evaluating [inmates future —tentative] *eligibility,* nevertheless Charest had been denied discovery, disclosure of relevant material facts warranting at best a more candid answer to said *Interrogatory*

> *"Charest is a member of a class of prisoners who are difficult to parole. **It is very difficult for members of the Board to conclude that a rapist is likely to obey the law in the future, or that his release would not be incompatible with society's welfare. We are concerned both with the likelihood that such an offender would re-offend and with the seriousness of the harm that could ensue if he did so**. . ." Id.*

(Emphasis-added). Just likened in *Wilkinson*, the disparities announced therein, are similar under Alabama's amended articles –challenged by the 640-X's in effect when Charest's initial parole "*eligibility*" was first envisioned, under the substantive language made referenced above, the guidelines therein, in 1995, took into accountability the novel continuity –traditional values of the recent ruling released in *Wilkinson v. Dotson*, 544 U.S. at 74; along the veins of *Greenholtz v. Nebraska*, 442 U.S. at 1, through a certain porthole window in *Weaver v. Graham*, 450 U.S. at 24; to the novel claim before this Court. For comparative purposes, to the deprivation of the Board's amendment(s) filed **February 23rd, 2004** Charest presents a few excerpts of the Board's amended Article One, subsection 8) now states: "*__If the designee finds mitigating circumstances that appear to warrant a deviation from the guidelines, the designee shall document those circumstances, together with a recommendation for scheduling of consideration. In accessing the suitability of the standard set, the designee will examine the offender's prior record, the nature and severity of the present offense, the potential for future violence, and any information available regarding community attitude toward the offender__* . . ." *Id, Art. 1 amended version*. This is but one, of many prime examples of the Board's collateral changes towards evaluating [inmates future –tentative] *eligibility,* nevertheless Charest had been denied discovery, disclosure of relevant material facts warranting at best a more candid answer to said *Interrogatory*

–absent juridical intervention compelling Longshore into full compliance regarding the above calculated "question for admissibility, per se –for trial." "A partial answer is not candid and will be deemed evasive, and will not suffice when a requesting party asks for "all" of anything, and answers such as "including, but not limited to," will not be accepted. *Herdlein Tech*, *147* F.R.D. at 103, (W.D.N.C. 1993); *Fed.R.Civ.P. 37(a)(3)*.

Charest's *Interrogatory* remains reasonable calculated to not only lead to relevant admissible evidence, in accord with *Fed.R.Civ.P., 26(b)(1)* discovery, *see Fisher*, 425 U.S. at 391, (1976); *Farnsworth*, 758 F.2d at 1545 (11th Cir. 1985) but moreover, "[a]ll grounds for objections to an interrogatory shall be stated with specificity." *Fed.R.Civ.P. 33(b)(4)*. Thus, Longshore was required to have provided "a candid statement of information sought or of the fact that objection is made to furnishing the information." *Dollar, supra.*, It is axiomatic "(d)iscovery by interrogatory requires candor in responding." *Id.* Cause for Compel.

§ 13.   Charest's Doc. 42, p. 12 –13 *Interrogatories* at §§13 –17:

> "*Identify* by *document* each and every person, party, employee, co-defendants involved in the plenary *review*, investigation of Charest's "1) *eligibility* and 2) *consideration* of his prospect for parole, and the denial." *Id, at p. 12, §13*;

> "*Identify* by *document* the person, party, agent, co-workers, whom appeared before the Board, *relating to* the day, date, time of the questioned actions, inactions and usurpation of State law*; specifically identify* by *document* a[ny] evidentiary documents, data, forms or testimony, such as the tape recording of said Board's 2005 *consideration.*" *Id, at p. 12, §14;*

> "*Identify* by *document* any person, party, agent, co-defendant, co-worker, victim or representatives, *relating to* the subject matter at hand; inclusive to such other similar incidents in nature, as regards to the Board's policy, practice or procedures governing Alabama inmates as-applied to Charest similarly situated whom have been likewise been *reviewed* and considered for both "1) *eligibility* and 2) *consideration* and denied parole in the month of December 2005." *Id, at p. 12, §15*;

"*Identify* by *document* any person, party, agent, co-defendant, co-worker, victim or representatives, *relating to* the subject matter at hand; inclusive to such other similar incidents in nature, as regards to the Board's policy, practice or procedures governing Alabama inmates as-applied to Charest similarly situated whom have been likewise been *reviewed* and considered for both "1) *eligibility* and 2) *consideration* and denied parole in the month of December 2005." *Id, at pp. 12 –13, §16*;

"Please *identify* by *document* whether any other male, female - convicted and sentenced to imprisonment falling under the Board guidelines 640-X-2, 640-X-3, *inter alia*, similar to, and likened Charest's situation, degree, or nature of crime(s) which were likewise denied parole; but in fact **not** set off more than the three year mandate inapposite to Charest's set-off in the last quarter of 2005." *Id, at p. 13, §17.*

(Original-emphasis-italicized).    Longshore's answer(s) albeit with *Objection(s)* remain facially "incomplete and totally inadequate" whereas Longshore responded, overall throughout *Answers # 13* through *# 17* as to "*having no personal knowledge, as I was not present,*" and claiming "*Privilege,*" without more, *see Fed.R.Civ.P., 26(b)(5)(A), also Universal City Dev. Partners, Ltd.*, 230 F.R.D. at 688 (M.D. Fla. 2005); *Developers Sur. & Indem. Co.* 2007 U.S. Dist. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc.*, 2007 U.S. Dist. LEXIS 16002, therefore Charest for the sake brevity as argued, above presents that these limited answers remain "evasive and incomplete" cause for Compel.

Partial answers are not candid and will be deemed evasive, will not be accepted. *Herdlein Tech.*, 147 F.R.D. at 103, (W.D.N.C. 1993); *Fed.R.Civ.P. 37(a)(3), see Fed.R.Civ.P., 26(b)(5)(A)*. Longshore's blanket styled "claim of privilege" simply won't suffice, per se pursuant to the Eleventh Circuit's holdings, as argued in the previous paragraphs where Longshore asserted such evasive "defensive styled measures" thus Charest's *Interrogatories* haven't been answered and therefore remain both "inadequate and incomplete" grounds for an ORDER to compel. Charest requests an instant ORDER.

**CHAREST'S NOTICE TO BOTH: 1) OBJECTIONS –AND LIKEWISE 2) AN ABSENCE OF OBJECTIONS TO SOME WITHOUT OATH / SIGNATURES AS FILED BY DEFENDANT LONGSHORE'S RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS:**

II.    Plaintiff's Reply to Defendant's Response
        To Admissions:

§ 18.   Charest's Doc. 42, pp. 13 –16, Admissions §§18 –21; then 27 and 35:

"Admit or deny that Charest was given after sentencing his *"initial parole consideration,"* day, date commonly known as, or called "a parole calendar date" by the Board's guidelines 640-X-2-.02, sections (1 –8) (Scheduling Cases for Parole Consideration); **if denied then, list by *document* how the Board derived at Charest's potential, prospective parole consideration date**, in accord with State law and *"Wilkinson, Greenholtz." Id, at §18*;

"Admit or deny that a "pre-parole personnel interview with Charest was conducted within the strictures of the Board's guidelines 640-X-2-.03 (Pre-Parole Inmate Interview) by the agent at Limestone Correctional Facility" (hereinafter "LCF") whereupon completion of such, if any, of said *"written report"* was then submitted to the Board for *"proper findings* and *evaluation,"* prior to parole *consideration,* if admitted then *specially identify* by *document* said compliance; if denied then, list by *document* how the Board derived at Charest's potential, prospective parole consideration review and subsequent denial in accord with State law and *"Wilkinson, Greenholtz." Id, at §19;*

"Admit or deny that "members of the Board did conduct their individual study and review of Charest's case prior to the consideration docket date of December 2005," if admitted, provide by *specific document* the Board's file review worksheet or as a juridical alternative -a suitable copy thereof to the Federal magistrate for an in camera review, for appropriate consideration of the Board's legislative adherence to State law mandates, in that, the Board reviewed Charest's case as mandated by the Board's guidelines 640-X-2-.05 (Preliminary Review of Docket Cases) in effect at the time of his conviction / sentence in 1995; if denied then, list by *document* how the Board derived at Charest's potential, prospective parole consideration docket date, and subsequent denial in accord with State law, that the Board in fact provided Charest with Federal due process protections for *"fair consideration,"* absent arbitrary and capricious reasons within: *"Wilkinson, Greenholtz." Id, at §20.*

"Admit or deny that Charest's parole consideration "Notices" as required by 640-X-2-.06 (Notices of Pending Parole Consideration)

38

were in fact sent in accord with State Act No# 83-750 (1983 session) of Alabama Legislature, or certain other amendatory actions thereinafter, if denied then, list by *specific document* how the Board derived at Charest's potential, prospective parole consideration *review*, and subsequent **denial** in accord with State law, that the Board in fact provided Charest with Federal due process protections for *"fair consideration,"* absent arbitrary and capricious reasons within: " *Wilkinson,* and *Greenholtz." Id, at §21.*

"Admit or deny that the Board, or its agents conducted an individual study, *review* of Charest's case **prior to** his parole *consideration,* if admitted, *specifically identify,* and produce the prepared file review worksheet (PBF-118, rev. 4-86) *document* as-applied to Charest, in accord with the 640-X-3-.02 (Parole Review Worksheet) in effect at the time Charest was convicted / sentenced in 1996, and *identify by production of said document* the field parole officer responsible for assembling, disseminating said information, data for Charest's 2005 parole *review. Id, at §27.*

"Admit or deny that the Board's actions governed by State law under 640-X-3-.06 (Action by Board) *relating to review* were properly, fairly considered, if admitted -then produce *by document* the Board's form (CO FORM 501 Rev. 6/82) in accord with State law and *"Wilkinson,* and *Greenholtz," Id, at §35.*

(Emphasis-added -**bold**).        Charest chose to collectively state, argue and overall object to Longshore's deficiency's to "Admissions #18 −21, 27 and 35, pursuant to obligations under *Rule 26(a)-(b)(1),* since Longshore "partially answer[ed]" albeit without a[ny] *Objection* to the above *Interrogatory's,* these "below answers remain facially inadmissible" at best; *see Fed.R.Civ.P., 33(b)(1)(3). Rule 33(b)(1)* requires that "[e]ach interrogatory shall be answered separately and **fully** . . ." Accordingly, Longshore's Answers to Charest's *Admissions #18* −21, 27 and 35 do not comport – comply with *Fed.Civ.P. Rules 36(a),* and *37(a)(4)(the 12/01/07 amendment)* -Charest requests for this Court to issue an ORDER compelling Longshore to amend said admissions in compliance with Charest's specific requests thereinafter, hereafter and as grounds for such Charest states, as follows:

Longshore's *Response to Admission # 18*: "*Charest was scheduled for initial parole consideration. I* **deny** *that he had a reasonable expectation that he would be granted parole at that time, or at any time, and I* **deny** *that he has a liberty* interest at stake to be protected by due process." *Id*. Charest maintains that the admission was "*if denied then,* **list by document how the Board derived at Charest's potential, prospective parole consideration date.** . ." *Id, at Request For Admission @ # 18*. No documents have been "produced," as formally requested by Charest's DISCOVERY motion pursuant to *Fed.R.Civ.P., Rule 26(b)(1)* (Doc. # 41, 42) but Longshore merely denied the above −inapposite to disclosure *Rule 37(a)(3)(A)(B)(iv),* therefore Longshore's responsive answer remains "*evasive or incomplete,*" see *Rule 37(a)(4)*.

Longshore's *Response to Admission #19*: "*Charest has been interviewed by parole officers prior to parole consideration.* **The documents referred to are subject to an absolute and mandatory privilege.** . . ." *Id*. Longshore's assertion of "*privilege of information,*" falls short of "provid[ing] a "log or index of withheld materials that included for [e]ach separate "document" the following: " a) authors; b) their capacities; along with c) the recipients (including copy recipients) and their capacities; d) the subject matter of the document; e) the purpose of for its production and f) a detailed −specific explanation of why the document is privileged," *see Fed.R.Civ.P., 26(b)(5)(A), also Universal City Dev. Partners, Ltd*. 230 F.R.D. at 688 (M.D. Fla. 2005); *Developers Sur. & Indem. Co.* 2007 U.S. Dist.. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc* 2007 U.S. Dist. LEXIS 16002. Moreover is also Charest's "*Response / Reply To Defendants* . . ." Exhibit's #5, 6 and 7 whereas pursuant to 640-X-2-.03 states in relevant, pertinent part "*Pre-Parole personal interview with prisoner being considered for parole* **will be conducted** *by an agent of the* **Board who will then submit a written report** *to the Board of his [her]*

***findings and evaluations***." *Id*. Charest maintains —therein lays prima facie evidentiary material information, facts, directly relating to the cause of Charest's 2005-parole denial —challenged herein. The "*initial review*," of Charest's conviction was done previously, sometime after 1995 upon being "*sentenced*," which is where the parole "*eligibility*" derived from, taking into consideration "i.e., *criminal history, pattern – nature of offense, community attitude*," granting Charest the presumptive December 2005 parole consideration date in accord with 640-X-2.02; which contradicts Longshore's Exhibit-A dated 3/14/08 decision by two (2) unknown special parole board members "yet revealed as requested pursuant to *Rule 26(a)(1)*, by Doc # 41, 42." Longshore's answer falls short of *Rule 26(a)*, and *34* and *36(a)(2)(4)*, of Fed.R.Civ.P., cause for Compel, *see Rule 37(a)(3)(A)(B)(iii)(iv)*.

Longshore's *Response to Admission #20*: "*I was not a member of the panel that considered whether to grant parole in 2005, and have no knowledge. It was not and is not our practice to put notes in the file when we review the file prior to the hearing. I* **deny** *that the procedures described in the repealed 1983 operating procedures have any bearing [sic] on the 2005 consideration. . . ." Id*. Charest only requested from Longshore to admit or deny, "*members of the Board* **did** *conduct their individual study and review of Charest's case* **prior to** *the consideration docket date of December 2005" if admitted, provide by specific document the Board's review worksheet* **or as a juridical alternative —as suitable copy thereof to the Federal magistrate for an in camera review**, *for appropriate consideration of the Board's legislative adherence to State law mandates in that, the Board reviewed Charest's case as mandated by the Board's guidelines 640-X-2-.05 (Preliminary Review of Docket Cases) in effect at the time of his conviction / sentence in 1995; . . ." Id*. (Emphasis-**bold**).This Court can well see for itself that Charest's Admission remains carefully

41

calculated towards not abridging "privileged documents," only sought evidentiary material, admissible for trial purpose, therefore Longshore's answer falls short of *Rule 26(a), and 34 and 36(a)(2)(4), of Fed.R.Civ.P.*, cause for Compel, *see Rule 37(a)(3)(A)(B)(iii)(iv).*

Longshore's *Response to Admission #21*: "*I deny that the repealed 1983 operating procedures applied to the 2005 parole consideration. . . . I believe the notices were either sent, or due diligence was certified. However, I have no personal knowledge, and the file is subject to an absolute and mandatory privilege.*" *Id*. Charest had asked, as the above Admissions reiterates: "*Admit or deny that Charest's parole consideration "**Notices**" as required by 640-X-20.06 (Notices of Pending Parole Consideration) were in fact sent in accord with State law #83-750 (1983 Session) of Alabama Legislature, . . .*" *Id*.  Again without any great length to arguing Longshore's "inadequacy's and incompleteness" to this admission –Charest maintains discovery is being evaded by Longshore, any boiler-plated assertion of "*privilege of information,*" falls short of "provid[ing] a "<u>log or index of withheld materials that included for [e]ach separate "document" the following: " a) authors; b) their capacities; along with c) the recipients (including copy recipients) and their capacities; d) the subject matter of the document; e) the purpose of for its production and f) a detailed –specific explanation of why the document is privileged</u>," *see Fed.R.Civ.P., 26(b)(5)(A), also Universal City Dev. Partners, Ltd*. 230 F.R.D. at 688 (M.D. Fla. 2005); *Developers Sur. & Indem. Co*. 2007 U.S. Dist.. LEXIS 49994; *Pensacola Beach Cmty. United Church Inc* 2007 U.S. Dist. LEXIS 16002. Longshore's answer does not comport with *Rules 26(a), and 34 and 36(a)(2)(4), of Fed.R.Civ.P.*, cause for Compel, *see Rule 37(a)(3)(A)(B)(iii)(iv).*

Longshore's *Response to Admission #27*: "*I was not a member of the panel that considered whether to grant parole in 2005, and have no knowledge. **It was not and***

42

**_is not our practice to put notes in the file when we review the file prior to_**
**_the hearing_**. . . ." _Id_. Charest merely requested that Longshore "admit or deny that the
Board . . . **conducted an individual study, _review_ of Charest's case _prior to_**
**parole consideration**, if admitted, _specifically identify, and produce the prepared_
_file review worksheet (PBF-118, rev. 4-86) document as-applied to Charest, in accord_
_with 640-X-3-.02_ (Parole Review Worksheet) in effect at the time Charest was convicted
/ sentenced in 1996, and _identify by production of said documents_ the field parole
officer responsible for assembling, disseminating said information, date for Charest's
2005 parole _review_." _Id_, this Court can plainly see this admission was likewise
calculated to not only lead to relevant admissible evidence, in accord with _Fed.R.Civ.P.,_
_26(b)(1)_ discovery –due to failure to submit, answer pursuant to _Rules 26(a), and 34_
_and 36(a)(2)(4)_, of Fed.R.Civ.P., cause for Compel, _see Rule 37(a)(3)(A)(B)(iii)(iv)_.

    The last of Longshore's disingenuous answers in violation of the above cited,
rules, is _Response to Admission 35:_"_I deny that the repealed 1983 operating_
_procedures governed the Board's operations in 2005. . . . [T]he decision to deny parole_
_was a reasonable, lawful exercise of discretion, consistent with the laws of Alabama . ._
_." Id_. Charest merely asked, requested from Longshore to "_Admit or deny that the_
_Board's actions governed by State law under_ **_640-X-3-.06 (Action by Board)_**
**_relating to review_ were properly, fairly considered, if admitted –then**
**produce by document the Board's form (CO FORM 501 Rev. 6/82) in accord**
**with the law and _Wilkinson, and Greenholtz_**." _Id_. Once again, Longshore "evades
disclosure of documents, based upon an admission –that Charest's 2005 parole hearing
was in accord with State law, this Court now has before it, both the power and authority
to make Longshore "_prove by production_," as requested by Charest under _Rules 26(a),_

and  *34*  and  *36(a)(2)(4),*  of  *Fed.R.Civ.P.,*  cause  for  Compel,  *see Rule 37(a)(3)(A)(B)(iii)(iv).*

Responsive *Answers to Admissions 26, 28 −34,* are likewise faulty, but for the sake of brevity Charest will generally place this Court on Notice, that overall −they too, lack candor, and remain "evasively answered, thus incomplete," falling fatally short of *Rules 26(a), and 34 and 36(a)(2)(4), of Fed.R.Civ.P.,* cause for Compel, *see Rule 37(a)(3)(A)(B)(iii)(iv), see Hickman,* 329 U.S. at 495, (1947); *Farnsworth,* 758 F.2d at 1545 (11th Cir. 1985)(the Federal Rules of Civil Procedure "strongly favor full discovery").

Charest states no further NOTICE, at this time, reserving such for Longshore's Amendments tentatively.

WHEREFORE PREMISES SHOWN, Charest prays that this Court would take the time to review in toto the above, inclusive to the previous filed exhibits and rule accordingly Longshore's 1) *Objections* and 2) *Admissions* granting Federal comity, issuing the necessary 3) Show Cause, and 4) Compel ORDER directing Longshore to amended Discovery in accordance with the above cited rules of federal practice, procedures forthwith, or such other as deemed significantly proportionate hereinafter.

Done so this ____6 *th*____ day of ___*May*___, 2008.

Respectfully Submitted,

PATRICK JOSEPH CHAREST,
Acting in pro per #182262
LIMESTONE    FACILITY
28779 NICK DAVIS ROAD
HARVEST,    ALABAMA
35749-7009

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I have served a true and correct copy of the Motion To Determine Sufficiency Of Responses To Answers / Objections, upon said defendant's, placing said same in the United States Mail, properly addressed, postage prepaid by means of Certified Mail, Receipt Requested, upon delivery, service to invoke the time certain for answering, as follows:

1.    The Alabama Pardon & Paroles et. al.,
      Attention H. Davis, Esquire
      301 South Union Street, Bld-D.
      Montgomery, Alabama 36130-2405

Done so this ___6TH___ day of ___MAY___, 2008.

Respectfully Submitted)

PATRICK S. CHAREST
Acting in pro per  #182262

45

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

CIVIL CASE NO: 2:07-CV-984-MHT

PATRICK J. CHAREST, Pro-se #182262

PLAINTIFF

Vs.

ALABAMA PARDON & PAROLES, et. al.,

DEFENDANTS.

---

# E X H I B I T
# A

Letter written to Counsel to resolve missing Discovery items, requests for amendments
To inadequate Interrogatories, Admissions and Production of Documents

---

Prepared by:

Patrick Joseph Charest #182262
LIMESTONE CORRECTIONS
28779 NICK DAVIS ROAD
HARVEST, ALABAMA
35749-7009

## Patrick Joseph Charest

*3/12/2008*

THE ALABAMA PARDON AND PAROLES
**Attention Honorable H. Davis**
**Deputy Attorney General**
301 South Union Street
P.O. Box 302405
Montgomery, Alabama 36130

Re:                              (Received Defendants Deficient Responses)

Dear Honorable Davis, sir;

Please find herein, in accord with DISCOVERY, notification that certain *Interrogatories, Admissions*, remain at best –both incomplete, and inadequate cause for immediate amendments, at your leisure, but please prior to my directive to Reply issued by magistrate Walker.

As you well know "we had some major problems getting these ANSWERS, and on top of such, they remain "evasive or incomplete under the rule of disclosure, sir!"

Mr. Hugh's sir, I'm making a good faith –honest effort to avoid getting the judge involved in this simple plight, perhaps your office could, again look at the answers, and the absence of certain admissions whereas it stated that in the event your client admits – either the interrogatory or the admission, that "documents needed to be attached, for strict proof, of State compliance," to date I've not yet received a[ny] documents other than Weatherly's (Exh-B) unsworn Affidavit, Longshore's boiler-plated Affidavit, styled to avoid answering truthfully, as to <u>having any first hand knowledge</u>, **totally against** what Magistrate Walker directed your office on December 2007.

Defendant Weatherly's *Interrogatory* answers at 4) and subsection (a); (6) and subsection (a); (9); (10)," –and then her *"Responsive Admissions,"* No's: (18); (19); (20); (21); (27) and (35) all remain insufficient cause for amendments *See Fed.R.Civ.P., 33(b)(1)(3).*

The last thin I desire to tell "you how to litigate this case," I'm no pro, nor do I possess the learned years in this overwhelming area of jurisprudence sir, but I need those amendments under the discovery I requested pursuant to Rules 26(a), 33, 34 and 36 prior to me moving through the courts for, either motions to compel, or possible sanctions, in the event I've not heard anything from you, your office within three, four (3 or 4) weeks I'll accept that likewise as a waiver or objections and take, seek remedial actions with the Magistrate with all due respects to your position sir. I pray it doesn't take that sort of nudging in this simple area of grave concern at this early stage, for all parties.

Should you, your office openly disagree, please feel free to correspond with me at your earliest convenience so as not to cause delay, prejudice to my "cause" because I

1

*Patrick Joseph Charest*

*3/12/2008*

shall promptly move forward with filing the necessary Notices to your Objections, or lack therein from this point forward, **and should I not have said amendments,** respectfully speaking, or a **time certain "when to expect them,"** I'll move for actions with the Court under the rules of **Federal practice, procedures accordingly,** sir.

With Kindest regards I am

Respectfully submitted,

Patrick J. Charest
#182262

/pjc

cc:      File

*28779 Nick Davis Road * Harvest, Alabama 35749-7009*