# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

**PATRICK CHAREST,**
    **Plaintiff,**

           **Vs.**                    **Case #2:07-CV-984-MHT**

**SIDNEY WILLIAMS, et al.,**
    **Defendants.**

## RESPONSE TO MOTION TO COMPEL

Come now Defendants, and show unto the Court as follows:

1)    Exhibit A to Defendants' Answer & Special Report is a true and correct copy of the Board Order, dated 6 December 2005, denying parole to Patrick Charest. It is a copy of a public record, maintained pursuant to §15-22-36(b), Ala. Code, in the ordinary course of the Board's business as an agency of the State of Alabama. Other documents in the Board's file are subject to an absolute and mandatory privilege. The special members of the Board who acted in that case signed their names to the order, and their names were disclosed when the order was produced.

2)    It appears that this Order was signed by Bill Wynne and Don McGriff, who were then serving terms as "special members" of the Alabama Board of Pardons & Paroles, pursuant to §15-22-20(i) through (l), Ala. Code,  Act #2003-415. The terms of that statute,

providing for special members and a second panel of the Board, have now expired. The office of "special member" no longer exists.

3)    The terms of office of the "special members" ended by operation of law on 30 September 2006.

4)    Mr. McGriff is no longer affiliated with the Board of Pardons & Paroles in any capacity. We understand he lives and works in Baldwin County, Alabama.

5)    Mr. Wynne left this agency at the end of his term as a special member, but has now returned to the agency, and can be contacted through this office.

6)    Defendants prepared a response to Plaintiff's Request for Production of Documents which was inadvertently not filed or submitted. That response has been edited and completed, and is being submitted with this response.

7)    Respondents submitted answers to Interrogatories and responses to Requests for Admissions on or about 14 March 2008. Those responses contained specific objections to some matters.

8)    These parties believe they have complied with Charest's discovery requests.

9)    Neither Alabama law nor the Constitution of the United States
      requires the State of Alabama to explain to Charest why he was not
      granted parole, as he does not enjoy a liberty interest in his desire
      to be paroled. He is not entitled to ask the former special members
      of the Board to explain why they were not persuaded to release
      him from prison.

10)   Discovery requests seeking to intrude into the thought processes of
      governmental decision-makers, especially where those thought
      processes entail consideration of privileged material and the highly
      discretionary decision whether to show mercy to a convicted felon,
      and where those thought processes also involve an attempt to
      predict the offender's future behavior and to weigh those risks
      against potential benefits to society, are not reasonably calculated
      to lead to the discovery of admissible evidence in this case. Charest
      cannot use this case as a vehicle to re-visit settled principles of
      law. The Constitution of the United States does not create or
      recognize a liberty interest in his desire to be paroled. There is no
      Federal question at issue as to whether the Due Process Clause
      requires the State to explain why it withholds mercy.

11)   Charest's pleadings do not present a claim that would cause the
      Supremacy Clause of the U.S. Constitution to override the absolute
      and mandatory privilege under Alabama law regarding the
      documents in the Board's files.

12)   The Board's files normally do not contain notes from Board
      members explaining the reasons why they vote to deny relief.
      Alabama law only requires that they make such notes when they
      vote to grant relief. If a member of the Board had voted to grant
      relief, that statement of reasons would have been produced along
      with the Board's order.

                              Respectfully submitted,

                              TROY KING
                              ATTORNEY GENERAL


                              GREGORY O. GRIFFIN, SR.
                              CHIEF COUNSEL


                              s/HUGH DAVIS
                              ASSISTANT ATTORNEY GENERAL
                              State Bar#:  ASB-4358-D63F
                              Ala. Bd. Pardons and Paroles
                              301 South Ripley Street
                              P.O. Box 302405
                              Montgomery, Alabama 36130
                              Telephone: (334) 242-8700
                              Hugh.davis@paroles.alabama.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on 5-13-08, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

Joseph Patrick Charest AIS#182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

Done this 13th day of **MAY**, 2008.

Respectfully submitted,

s/HUGH DAVIS
ASSISTANT ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

**PATRICK JOSEPH CHAREST,**
    **Plaintiff,**

             **Vs.**                              **Case #2:07-cv-984-MHT**

**ALABAMA BOARD OF**
**PARDONS & PAROLES, et al.,**
    **Defendants.**

### AFFIDAVIT OF
### Defendant
### Robert Longshore

Comes now Robert Longshore, a member of the Alabama Board of

Pardons & Paroles, named as Defendant in this action, and shows unto the

Court as follows:

"My name is Robert Longshore. I am a member of the Alabama

Board of Pardons & Paroles, appointed and confirmed as provided in §15-

22-20, Ala. Code. This Board currently consists of three members. The

Legislature temporarily expanded the Board in 2003 to include four special

members, so that two panels could meet at the same time in different places.

The terms of the special members expired and the positions were abolished

on 30 September 2006.

1

I am a defendant in this action. I have read the interrogatories and responses filed in this action, and these responses are my answers to Charest's questions, & they are true & correct, to the best of my knowledge, information & belief.

**ROBERT P. LONGSHORE**
**ASSOCIATE MEMBER**


SWORN TO AND SUBSCRIBED before me this _13th_ day of _May_ 2008.

**NOTARY PUBLIC**
**Commission Expires:** _10/10/08_

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

**PATRICK JOSEPH CHAREST,**
    **Plaintiff,**

              **Vs.**                          **Case #2:07-cv-984-MHT**

**ALABAMA BOARD OF**
**PARDONS & PAROLES, et al.,**
    **Defendants.**

### AFFIDAVIT OF
### Defendant
### VeLinda Weatherly


Comes now VeLinda Weatherly, a member of the Alabama Board of Pardons & Paroles, named as Defendant in this action, and shows unto the Court as follows:

"My name is VeLinda Weatherly. I am a member of the Alabama Board of Pardons & Paroles, appointed and confirmed as provided in §15-22-20, Ala. Code. I am a defendant in this action. I have read the interrogatories and responses filed in this action, and these responses are my answers to Charest's questions, & they are true & correct, to the best of my knowledge, information & belief."

1

VELINDA A. J. WEATHERLY
BOARD MEMBER

**SWORN TO AND SUBSCRIBED** before me this _13th_ day of _May_
2008.

NOTARY PUBLIC
**Commission Expires:** _10/10/08_

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK JOSEPH CHAREST,
      Plaintiff,

          Vs.                      Case #2:07-cv-984-MHT

ALABAMA BOARD OF
PARDONS & PAROLES, et al.,
      Defendants.

RESPONSE OF
Defendant
LONGSHORE to PLAINTIFF's DISCOVERY REQUESTS

Comes now Robert Longshore, named as Defendant in this action, and shows unto the Court as follows:

### ANSWERS TO INTERROGATORIES

1)    My name is Robert Longshore. My business address is 300 South Ripley Street, Montgomery, Alabama. I **OBJECT** to the request for my date of birth and social security number, as disclosure of that information is unlikely to result in the discovery of admissible evidence in a §1983 claim alleging that parole procedures are somehow unconstitutional.

2)    **OBJECTION.** This interrogatory is unlikely to lead to the discovery of admissible evidence in a case predicated on a claim

that parole procedures somehow deprive the plaintiff of some right protected under the laws of the United States. I am eligible to hold office, and in fact hold office under the laws of the State of Alabama.

3)    **OBJECTION.** This interrogatory is unlikely to lead to the discovery of admissible evidence in a case predicated on a claim that parole procedures somehow deprive the plaintiff of some right protected under the laws of the United States. I am eligible to hold office, and in fact hold office under the laws of the State of Alabama.

4)    I have been employed by the Board of Pardons & Paroles continuously since July 1, 2005.  Prior to that, I served on this Board as an interim appointee from  October 16, 2003 to January 23, 2004.  I retired from the position of Chief U.S. Probation Officer, Middle District of Alabama, on December 31, 2000. Between these periods of employment, I worked as a college instructor and contract investigator.  Similar lawsuits are a matter of public record, and are as readily accessible to the plaintiff as to the defendants. It would be unduly burdensome for these defendants to make copies of litigation files for the plaintiff.

a)    Any contacts pertaining to any particular prisoner, or any particular applicant for pardon or remission, are part of the file pertaining to that person. Pursuant to Alabama law, the Board is not allowed to disclose any such document, §15-22-36(b), Ala. Code, as the Board's file is subject to an absolute and mandatory privilege, *Ex Parte Ala. Bd. of Pardons & Paroles,* 814 So. 2d 870 (Ala. 2001).

5)    **OBJECTION.** This interrogatory proceeds from the false assumption that *Greenholtz vs. Inmates of Nebraska,* 442 U.S. 1, 99 S.Ct. 2100 (1979), and *Wilkinson vs. Dotson,* 544 U.S. 74, 125 S.Ct. 1242 (2004), confer substantive constitutional rights on prisoners in Alabama. It is clear that *Greenholtz* does not apply to Alabama, as Alabama's discretionary parole system does not create a liberty interest in the mere desire to be paroled, *Thompson vs. Ala. Bd. of Pardons & Paroles,* 806 So.2d 374 (Ala. 2001). Furthermore, *Wilkinson* does not establish any constitutional right. It merely permits the use of a §1983 action to vindicate those rights established elsewhere by law. Beyond that, it is not clear what Plaintiff is asking in this interrogatory. The statutes governing the

Board are codified in the Alabama Code, and are available to him in the prison law library.

6)    I am not certain I understand the interrogatory. As a general proposition, unless a statute restricts the Board's jurisdiction, any prisoner could be considered for parole at any time. However, if the prisoner has not served a minimal period, parole may only be granted by unanimous affirmative vote. If a prisoner is eligible to be considered, the Board has total discretion as to whether and when parole may be granted, after affording certain officials and individuals an opportunity to express their views.

a)    The procedures adopted in 1983 (and subsequently repealed) were published with the Legislative Reference Service, and are as readily available to the plaintiff as to the defendants. The procedures currently in effect are published on the Board's website, and are as readily available to the plaintiff as to the defendants.

7)    **OBJECTION.** This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not pled a justiciable controversy regarding the procedures for notifying victims of parole consideration, and lacks standing to do so, as he

is not adversely affected if the Board is unable to locate a victim and proceeds to consider his case after having exercised due diligence. Furthermore, this interrogatory seeks discovery of privileged information regarding victims.

8) **OBJECTION.** This interrogatory seeks discovery of privileged material. Every document in the Board's file, except for the Board's order and the reasons, if any, given by a member favoring parole, are subject to an absolute and mandatory privilege. This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence bearing on the question whether this defendant has deprived plaintiff of any right protected under the laws of the United States.

9) Prisoners in Alabama have no reasonable expectation of parole. The cited decisions of the U.S. Supreme Court do not recognize any such rights as existing under Alabama's discretionary parole statute. Prisoners do not enjoy a liberty interest in the desire to be paroled, and the Supreme Court does not mandate that the State of Alabama establish procedural protections for this desire. There is no Federally protected right at stake when the State of Alabama decides whether to release a prisoner before he completes his

sentence. To the extent that the *Ex Post Facto* Clause might apply to changes in procedures, the previously submitted Special Report explains the procedural safeguard adopted pursuant to *Garner vs. Jones,* 120 S.Ct. 1362 (2000).

10) Prisoners in Alabama have no reasonable expectation of parole. The cited decisions of the U.S. Supreme Court do not recognize any such rights as existing under Alabama's discretionary parole statute. Prisoners do not enjoy a liberty interest in the desire to be paroled, and the Supreme Court does not mandate that the State of Alabama establish procedural protections for this desire. There is no Federally protected right at stake when the State of Alabama decides whether to release a prisoner before he completes his sentence. To the extent that the *Ex Post Facto* Clause might apply to changes in procedures, the previously submitted Special Report explains the procedural safeguard adopted pursuant to *Garner vs. Jones,* 120 S.Ct. 1362 (2000).

11) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege.

12)   **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Defendant further **OBJECTS** to the unwarranted, unsubstantiated, argumentative assumption that prior decisions of the Board were arbitrary and capricious.

13)   **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege.

14)   **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Defendant further **OBJECTS** to the unwarranted, unsubstantiated, argumentative assumption that prior decisions of the Board were a usurpation of State law. To the best of my knowledge, no tape recording was made.

15)   **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Plaintiff has not identified any person whom he considers to be similarly

situated, to the best of my knowledge. In any event, parole

consideration is such a unique, predictive decision that it is

difficult to imagine any two prisoners truly being in the same

situation as each other.

16)   **OBJECTION.** I do not have personal knowledge, as I was not

present. Any information I might obtain would be from review of a

file that is subject to an absolute and mandatory privilege. Plaintiff

has not identified any person whom he considers to be similarly

situated, to the best of my knowledge. In any event, parole

consideration is such a unique, predictive decision that it is

difficult to imagine any two prisoners truly being in the same

situation as each other. This interrogatory is so overbroad as to be

impossible to answer.

17)   **OBJECTION.** I do not have personal knowledge, as I was not

present. Any information I might obtain would be from review of a

file that is subject to an absolute and mandatory privilege. Plaintiff

has not identified any person whom he considers to be similarly

situated, to the best of my knowledge. In any event, parole

consideration is such a unique, predictive decision that it is

difficult to imagine any two prisoners truly being in the same

situation as each other. This interrogatory is so overbroad as to be impossible to answer.

## RESPONSE TO REQUEST FOR ADMISSIONS

18)    Charest was scheduled for initial parole consideration. I deny that he had a reasonable expectation that he would be granted parole at that time, or at any other time, and I deny that he has a liberty interest at stake to be protected by due process.

19)    Charest has been interviewed by parole officers prior to parole consideration. The documents referred to are subject to an absolute and mandatory privilege. I deny that he had a reasonable expectation that he would be granted parole at that time, or at any other time, and I deny that he has a liberty interest at stake to be protected by due process.

20)    I was not a member of the panel that considered whether to grant parole in 2005, and have no knowledge. It was not and is not our practice to put notes in the file when we review the file prior to the hearing. I deny that the procedures described in the repealed 1983 operating procedures have any bearing on the 2005 consideration. I

deny all the argumentative bluster plaintiff included in this overly complex request for admissions, as he is proceeding from a false assumption about the state of the law.

21) I deny that the repealed 1983 operating procedures applied to the 2005 parole consideration. Section 15-22-36(b), Ala. Code, governed the sending of notices. I believe the notices were either sent, or due diligence was certified. However, I have no personal knowledge, and the file is subject to an absolute and mandatory privilege.

22) It appears that Plaintiff skipped numbers 22 through 25, inclusive.

23) It appears that Plaintiff skipped numbers 22 through 25, inclusive.

24) It appears that Plaintiff skipped numbers 22 through 25, inclusive.

25) It appears that Plaintiff skipped numbers 22 through 25, inclusive.

26) **OBJECTION.** This request is directed toward material that is subject to an absolute and mandatory privilege, which is intended, at least in part, to promote public safety. This request is not reasonably calculated to lead to the discovery of admissible evidence regarding plaintiff's claim that this defendant deprived him of a right protected under the laws of the United States.

27)    I was not a member of the panel that considered whether to grant

parole in 2005, and have no knowledge. It was not and is not our

practice to put notes in the file when we review the file prior to the

hearing. I deny that the procedures described in the repealed 1983

operating procedures have any bearing on the 2005 consideration.

28)    **OBJECTION.** This request is not reasonably calculated to lead to

admissible evidence bearing on plaintiff's claims that this

defendant deprived him of some right protected under the laws of

the United States. The Attorney General has a statutory right to

express his views. I have no personal knowledge of this particular

hearing, as I was not present. The documents in the file are

privileged.

29)    **OBJECTION.** This request is not reasonably calculated to lead to

admissible evidence bearing on plaintiff's claims that this

defendant deprived him of some right protected under the laws of

the United States. I was not a member of the panel that considered

whether to grant parole in 2005, and have no knowledge. I have no

personal knowledge of this particular hearing, as I was not present.

The documents in the file are privileged.

30) I have no personal knowledge, and **OBJECT** to this attempt to circumvent the absolute and mandatory privilege pertaining to material in the Board's file. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of some right protected under the laws of the United States.

31) I have no personal knowledge, and **OBJECT** to this attempt to circumvent the absolute and mandatory privilege pertaining to material in the Board's file. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of some right protected under the laws of the United States.

32) **OBJECTION.** The term "granted prospective consideration" is highly misleading. Charest was scheduled to be considered – nothing more, nothing less. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of a right protected by the laws of the United States.

33) **OBJECTION.** This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim

that this defendant deprived plaintiff of some right protected by laws of the United States. Plaintiff lacks standing to raise claims pertaining to notice of victims, and has pled no justiciable controversy pertaining to the notice statutes.

34)    I have no personal knowledge, and **OBJECT** to this attempt to circumvent the absolute and mandatory privilege pertaining to material in the Board's file. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of some right protected under the laws of the United States.

35)    I deny that the repealed 1983 operating procedures governed the Board's operations in 2005. I deny that either *Wilkinson* or *Greenholtz* created a substantive right for any prisoner in Alabama. The decision to deny parole was a reasonable, lawful exercise of discretion, consistent with the laws of Alabama and with Federal law as interpreted by the U.S. Supreme Court and the U.S. Court of Appeals for the Eleventh Circuit.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL


s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov


## CERTIFICATE OF SERVICE

I hereby certify that on 3-14-08, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:


Joseph Patrick Charest AIS#182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009


Done this 14th day of **MARCH**, 2008.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK JOSEPH CHAREST,
      Plaintiff,

         Vs.                     Case #2:07-cv-984-MHT

ALABAMA BOARD OF
PARDONS & PAROLES, et al.,
      Defendants.

RESPONSE OF
Defendant
WEATHERLY to PLAINTIFF's DISCOVERY REQUESTS

Comes now the VeLinda Weatherly, named as Defendant in this action, and shows unto the Court as follows:

## ANSWERS TO INTERROGATORIES

1)    My name is VeLinda Weatherly. My business address is 300 South Ripley Street, Montgomery, Alabama. I **OBJECT** to the request for my date of birth and social security number, as disclosure of that information is unlikely to result in the discovery of admissible evidence in a §1983 claim alleging that parole procedures are somehow unconstitutional.

2)    **OBJECTION.** This interrogatory is unlikely to lead to the discovery of admissible evidence in a case predicated on a claim

that parole procedures somehow deprive the plaintiff of some right protected under the laws of the United States. I am eligible to hold office, and in fact hold office under the laws of the State of Alabama.

3) **OBJECTION.** This interrogatory is unlikely to lead to the discovery of admissible evidence in a case predicated on a claim that parole procedures somehow deprive the plaintiff of some right protected under the laws of the United States. I am eligible to hold office, and in fact hold office under the laws of the State of Alabama.

4) I have been employed by the Board of Pardons & Paroles continuously for more than ten years. Similar lawsuits are a matter of public record, and are as readily accessible to the plaintiff as to the defendants. It would be unduly burdensome for these defendants to make copies of litigation files for the plaintiff.

   a) Any contacts pertaining to any particular prisoner, or any particular applicant for pardon or remission, are part of the file pertaining to that person. Pursuant to Alabama law, the Board is not allowed to disclose any such document, §15-22-36(b), Ala. Code, as the Board's file is subject to an

absolute and mandatory privilege, *Ex Parte Ala. Bd. of Pardons & Paroles,* 814 So. 2d 870 (Ala. 2001).

5)   **OBJECTION.** This interrogatory proceeds from the false assumption that *Greenholtz vs. Inmates of Nebraska,* 442 U.S. 1, 99 S.Ct. 2100 (1979), and *Wilkninson vs. Dotson,* 544 U.S. 74, 125 S.Ct. 1242 (2004), confer substantive constitutional rights on prisoners in Alabama. It is clear that *Greenholtz* does not apply to Alabama, as Alabama's discretionary parole system does not create a liberty interest in the mere desire to be paroled, *Thompson vs. Ala. Bd. of Pardons & Paroles,* 806 So.2d 374 (Ala. 2001). Furthermore, *Wilkinson* does not establish any constitutional right. It merely permits the use of a §1983 action to vindicate those rights established elsewhere by law. Beyond that, it is not clear what Plaintiff is asking in this interrogatory. The statutes governing the Board are codified in the Alabama Code, and are available to him in the prison law library.

6)   I am not certain I understand the interrogatory. As a general proposition, unless a statute restricts the Board's jurisdiction, any prisoner could be considered for parole at any time. However, if the prisoner has not served a minimal period, parole may only be

granted by unanimous affirmative vote. If a prisoner is eligible to be considered, the Board has total discretion as to whether and when parole may be granted, after affording certain officials and individuals an opportunity to express their views.

    a)    The procedures adopted in 1983 (and subsequently repealed) were published with the Legislative Reference Service, and are as readily available to the plaintiff as to the defendants. The procedures currently in effect are published on the Board's website, and are as readily available to the plaintiff as to the defendants.

7)    **OBJECTION.** This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff has not pled a justiciable controversy regarding the procedures for notifying victims of parole consideration, and lacks standing to do so, as he is not adversely affected if the Board is unable to locate a victim and proceeds to consider his case after having exercised due diligence. Furthermore, this interrogatory seeks discovery of privileged information regarding victims.

8)    **OBJECTION.** This interrogatory seeks discovery of privileged material. Every document in the Board's file, except for the

Board's order and the reasons, if any, given by a member favoring

parole, are subject to an absolute and mandatory privilege. This

interrogatory is not reasonably calculated to lead to the discovery

of admissible evidence bearing on the question whether this

defendant has deprived plaintiff of any right protected under the

laws of the United States.

9)    Prisoners in Alabama have no reasonable expectation of parole.

The cited decisions of the U.S. Supreme Court do not recognize

any such rights as existing under Alabama's discretionary parole

statute. Prisoners do not enjoy a liberty interest in the desire to be

paroled, and the Supreme Court does not mandate that the State of

Alabama establish procedural protections for this desire. There is

no Federally protected right at stake when the State of Alabama

decides whether to release a prisoner before he completes his

sentence. To the extent that the *Ex Post Facto* Clause might apply

to changes in procedures, the previously submitted Special Report

explains the procedural safeguard adopted pursuant to *Garner vs.*

*Jones,* 120 S.Ct. 1362 (2000).

10)    Prisoners in Alabama have no reasonable expectation of parole.

The cited decisions of the U.S. Supreme Court do not recognize

any such rights as existing under Alabama's discretionary parole statute. Prisoners do not enjoy a liberty interest in the desire to be paroled, and the Supreme Court does not mandate that the State of Alabama establish procedural protections for this desire. There is no Federally protected right at stake when the State of Alabama decides whether to release a prisoner before he completes his sentence. To the extent that the *Ex Post Facto* Clause might apply to changes in procedures, the previously submitted Special Report explains the procedural safeguard adopted pursuant to *Garner vs. Jones,* 120 S.Ct. 1362 (2000).

11) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege.

12) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Defendant further **OBJECTS** to the unwarranted, unsubstantiated, argumentative assumption that prior decisions of the Board were arbitrary and capricious.

13) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege.

14) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Defendant further **OBJECTS** to the unwarranted, unsubstantiated, argumentative assumption that prior decisions of the Board were a usurpation of State law. To the best of my knowledge, no tape recording was made.

15) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Plaintiff has not identified any person whom he considers to be similarly situated, to the best of my knowledge. In any event, parole consideration is such a unique, predictive decision that it is difficult to imagine any two prisoners truly being in the same situation as each other.

16) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a

file that is subject to an absolute and mandatory privilege. Plaintiff has not identified any person whom he considers to be similarly situated, to the best of my knowledge. In any event, parole consideration is such a unique, predictive decision that it is difficult to imagine any two prisoners truly being in the same situation as each other. This interrogatory is so overbroad as to be impossible to answer.

17) **OBJECTION.** I do not have personal knowledge, as I was not present. Any information I might obtain would be from review of a file that is subject to an absolute and mandatory privilege. Plaintiff has not identified any person whom he considers to be similarly situated, to the best of my knowledge. In any event, parole consideration is such a unique, predictive decision that it is difficult to imagine any two prisoners truly being in the same situation as each other. This interrogatory is so overbroad as to be impossible to answer.

## RESPONSE TO REQUEST FOR ADMISSIONS

18) Charest was scheduled for initial parole consideration. I deny that he had a reasonable expectation that he would be granted parole at that time, or at any other time, and I deny that he has a liberty interest at stake to be protected by due process.

19) Charest has been interviewed by parole officers prior to parole consideration. The documents referred to are subject to an absolute and mandatory privilege. I deny that he had a reasonable expectation that he would be granted parole at that time, or at any other time, and I deny that he has a liberty interest at stake to be protected by due process.

20) I was not a member of the panel that considered whether to grant parole in 2005, and have no knowledge. It was not and is not our practice to put notes in the file when we review the file prior to the hearing. I deny that the procedures described in the repealed 1983 operating procedures have any bearing on the 2005 consideration. I deny all the argumentative bluster plaintiff included in this overly complex request for admissions, as he is proceeding from a false assumption about the state of the law.

21)    I deny that the repealed 1983 operating procedures applied to the

       2005 parole consideration. Section 15-22-36(b), Ala. Code,

       governed the sending of notices. I believe the notices were either

       sent, or due diligence was certified. However, I have no personal

       knowledge, and the file is subject to an absolute and mandatory

       privilege.

22)    It appears that Plaintiff skipped numbers 22 through 25, inclusive.

23)    It appears that Plaintiff skipped numbers 22 through 25, inclusive.

24)    It appears that Plaintiff skipped numbers 22 through 25, inclusive.

25)    It appears that Plaintiff skipped numbers 22 through 25, inclusive.

26)    **OBJECTION.** This request is directed toward material that is

       subject to an absolute and mandatory privilege, which is intended,

       at least in part, to promote public safety. This request is not

       reasonably calculated to lead to the discovery of admissible

       evidence regarding plaintiff's claim that this defendant deprived

       him of a right protected under the laws of the United States.

27)    I was not a member of the panel that considered whether to grant

       parole in 2005, and have no knowledge. It was not and is not our

       practice to put notes in the file when we review the file prior to the

hearing. I deny that the procedures described in the repealed 1983 operating procedures have any bearing on the 2005 consideration.

28) **OBJECTION.** This request is not reasonably calculated to lead to admissible evidence bearing on plaintiff's claims that this defendant deprived him of some right protected under the laws of the United States. The Attorney General has a statutory right to express his views. I have no personal knowledge of this particular hearing, as I was not present. The documents in the file are privileged.

29) **OBJECTION.** This request is not reasonably calculated to lead to admissible evidence bearing on plaintiff's claims that this defendant deprived him of some right protected under the laws of the United States. I was not a member of the panel that considered whether to grant parole in 2005, and have no knowledge. I have no personal knowledge of this particular hearing, as I was not present. The documents in the file are privileged.

30) I have no personal knowledge, and **OBJECT** to this attempt to circumvent the absolute and mandatory privilege pertaining to material in the Board's file. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing

on plaintiff's claim that this defendant deprived plaintiff of some right protected under the laws of the United States.

31) I have no personal knowledge, and **OBJECT** to this attempt to circumvent the absolute and mandatory privilege pertaining to material in the Board's file. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of some right protected under the laws of the United States.

32) **OBJECTION.** The term "granted prospective consideration" is highly misleading. Charest was scheduled to be considered – nothing more, nothing less. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of a right protected by the laws of the United States.

33) **OBJECTION.** This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of some right protected by laws of the United States. Plaintiff lacks standing to raise claims pertaining to notice of victims, and has pled no justiciable controversy pertaining to the notice statutes.

34)    I have no personal knowledge, and **OBJECT** to this attempt to circumvent the absolute and mandatory privilege pertaining to material in the Board's file. This request is not reasonably calculated to lead to the discovery of admissible evidence bearing on plaintiff's claim that this defendant deprived plaintiff of some right protected under the laws of the United States.

35)    I deny that the repealed 1983 operating procedures governed the Board's operations in 2005. I deny that either *Wilkinson* or *Greenholtz* created a substantive right for any prisoner in Alabama. The decision to deny parole was a reasonable, lawful exercise of discretion, consistent with the laws of Alabama and with Federal law as interpreted by the U.S. Supreme Court and the U.S. Court of Appeals for the Eleventh Circuit.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405

Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov

## CERTIFICATE OF SERVICE

I hereby certify that on 3-14-08, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to the following:

Joseph Patrick Charest AIS#182262
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, Alabama 35749-7009

Done this 14th day of **MARCH**, 2008.

Respectfully submitted,

s/HUGH DAVIS
DEPUTY ATTORNEY GENERAL
State Bar#:  ASB-4358-D63F
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
Hugh.davis@paroles.alabama.gov