IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| Patrick Joseph Charest, #182262 | * | |
| Plaintiffs, | * | |
| Vs. | * | 2:07-CV-984-MHT |
| Alabama Pardon & Paroles et. al., | * | [ Requesting Civil Joinder under Rules 15(a), 18 -20 of the Federal Rules of Civil Procedure] |
| Defendants | * | |

## MOTION FOR LEAVE TO PROCEED –AMENDING COMPLAINT AND OR JOINDER OF NEW PARTY TO CURRENT CIVIL ACTION

COMES NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to GRANT pursuant to either *Rules 15(a)* and / or *18 -20*, F.R.Civ.P., in the above-styled action for juridical continuity, comity due to the complexity of interrelated claim(s) as a DIRECT result of a subsequent revelation during DISCOVERY process, did Charest actually find out about the party whom "signed exhibit-A."

Plaintiff Charest was informed on 5/13/08 of said newly requested amended party primarily whom caused Charest's injury in fact in violation of the Constitution, and said deprivations are a direct result of Defendant Bill Wynne, acts, actions or omissions whether separately or in fact in his individual capacity acting under the color of state law during his then tenure as *"special member,"* assigned to and or a principle representative of the Board of Pardon & Paroles on 6 December 2005.

Assuming *arguendo*, the following rules favor either an 1) Amendment under *Rule 15(a)*; or 2) joinder, where *Rule 18* determines the joinder of claim(s); or 3) *Rule 19(a)* promotes the joinder of persons needed for just adjudication(s); and or 4) *Rule 20(a)* treats the permissibility of parties, which ultimately promotes juridical economy,

*Motion For Leave to Freely Amend Defendant Recently Revealed @ 5/13/08*

convenience allowing parties to be freely joined so as to resolve as many disputes as possible which relate to, as herein, the particular transaction(s), occurrence(s) involving Defendant parties as a whole, thus avoiding multiplicity of suits and inconsistent adjudications, all of which the above manifest's –in favor of comity for resolution and juridical fair-play, under Federal Rule of Civil Procedure, **cf.** *Rule 5, Fed.R.Civ.P.*

*Rule 20(a)* permits all persons to join as plaintiffs in an action where (1) they assert a claim jointly, severally, or in the alternative regarding a particular transaction or occurrence (or series of transactions or occurrences) and (2) where *any* questions of law or fact common to the parties will arise in the action. Likewise, all persons against whom such claims are asserted may be joined as defendants in one action, considering the totality of the circumstances and the deprivations complained of. Note that the term "common question of law or fact" does not refer to generic facts or law (e.g. *"the law"* of torts), but rather to a *"fact"* as a particular occurrence or event, and "law" as an application of the same legal rule or principle in a related factual setting. *Rule 20(a)* provides the court with discretion to make such orders, relieving parties joined of any embarrassment, delay, avoiding prejudice and expediting a final determination of plaintiffs' common disputes, preventing multiple lawsuits. See <u>Mosley v. General Motors Corp.</u>, 497 F.2d 1330, 8 BNA FEP Cas. 92, 7 CCH EPD 9408, 18 FR. Serv. 2d 1142 (CA8 Mo. 1974); <u>United States v. Carolina Warehouse Co.</u>, 4 FRD 291 (DC. SC. 1945); <u>Fair Housing Development Fund Corp. v. Burks</u>, 55 FRD 414, 16 FR Serv. 2d 826 (ED. NY. 1972); <u>Horton Co. v. International Tel. & Tel. Corp.</u>, 85 FRD 369, 29 FR Serv. 2d 288 (WD. Pa. 1980); <u>Pennsylvania v. Local Union 542, International Union of Operating Engineers</u>, 27 FR. Serv. 2d 974 (ED. Pa. 1979); <u>Guedry v. Marino</u>, 164 FRD 181,

*magistrates recommendation* (1996, ED. La.), 1996 U.S. Dist. LEXIS 16197 (ED. La. 1995); <u>Bridgeport Music, Inc. v. 11C Music</u>, 202 FRD 229, (MD. Tenn. 2001).

Wide latitude should be granted, given; under the circumstances governing Plaintiff Charest's indistinguishable claim(s) against this newly amended party, given that Defendants Weatherly, Longshore just recently revealed Defendant Wynn, as the person, party "partially responsible for the injuries Charest complained of, in the original §1983 COMPLAINT." *See Defendants <u>'Response To Motion To Compel,</u>'"* filed / docketed May 13th, 2008, governing procedural rules concerning either joinder of parties, or an amendment –ultimately affecting Charest's substantive rights at this inception. *See Rules <u>15</u>(a), <u>18</u>(a), <u>19</u>(a), and <u>20</u>(a), F.R.Civ.P.*

<u>Rule 15</u>(a) provides in part:

> "Amendments: 'A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is <u>served or, . . . A party shall plead in response to an amended pleading with the time remaining for responses to the original pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.</u>'"

<u>Id. at 15(a)</u>, supra.    Since Charest has just received "*a pleading,*" from Defendants as previous ordered by this Court on December 6th, 2007 "*prejudice has ensued by Defendants admission of the foregoing excerpt: "Defendants prepared a response to Plaintiff's Request for Production of Documents <u>**which was inadvertently not filed or submitted That response has been edited and completed, and is being submitted with this response**</u>." <u>Id. at Defendants Response to Motion To Compel, dated 5/13/08</u>,*" as Charest's cause for this *newly amended Defendants acts, actions,* and

3

*Motion For Leave to Freely Amend Defendant Recently Revealed @ 5/13/08*

outright *omissions*" depriving Charest of service of process of the attached §1983 complaint –congruent with:

> <u>Rule 18</u>(a) provides in relevant part as follows:
>
>> "Joinder of Claims and Remedies, 'a party asserting a claim to relief as an original claim, . . . . may join, either as independent or as an alternative claims, as many claims, legal, equitable, . . . as the party has against an opposing party.'"

<u>Sunderland</u>, *The New Federal Rules*, 45 W.Va. L. Q., 5, 13 (1938), *also* <u>Clark</u>, *Code Pleading 58 (2d ed. 1947)*(Permitting a party to plead multiple claims of all types against opposing part[ies]).

> <u>Rule 19</u> provides in relevant part as follows:
>
>> "Joinder of Persons Needed for Just Adjudication, '(a) <u>*Persons to be Joined*</u> if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) <u>*the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest* or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. . . .*</u>'"

(Emphasis added).   Additionally, <u>Rule 20</u> Permissive Joinder of Parties provides in relevant part as follows:

> "(a) *Permissive Joinder*. 'all persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all

> defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

(Emphasis added).       Plaintiff Charest maintains as does this Circuits holdings, referring first to *Rules 15, 19, and 20*, it seems clear that under the rules of *stare decisis* if these defendants/plaintiffs are not joined, or amended a decision in favor of the present defendants -against the plaintiff or the inmate class would at least to some extent *"impair or impede"* a plaintiff's ability to protect his or her legal interest against a[ny] named defendant. See <u>Chiles v. Thornburgh</u>, 865 F.2d 1197, 1212 (11th Cir. 1989).       [A]ll act(s), inaction(s), transaction(s), occurrence(s) and the most recent omission(s) arose out of Charest exercising redress for certain inalienable Constitutional rights, and currently rising from a series of overt act(s), inaction(s) resulting from the Board's own "defending" attorney's causing the substantive prejudice; Plaintiff Charest is suffering injuriously, absent judicial intervention of Federally protected Constitutional rights, due to another State impediment involving question(s) of law and fact, Charest will continue to be ambushed, and this Court will likewise continued to be hindered, by the Board's attorneys until its addressed by this Court and Plaintiff; therefore this Court must likewise conclude joinder and / or an amendment is necessary and adequately proper. See <u>U.S. Constitution, Amendment I, and Article III, § 2</u>. Plaintiff Charest requests that this Court "take judicial notice" of *"ongoing & continuing violations,"* of both Constitutional violations regarding Plaintiffs "procedural –substance" rights by attorneys Davis, and or Sirmon in the current controversy as to the concrete adverseness, which sharpens the presentation of issues presently before this Court,

5

*Motion For Leave to Freely Amend Defendant Recently Revealed @ 5/13/08*

upon which [a] court so largely depends for illumination of difficult . . . questions [.]" See *Baker v. Carr*, 369 U.S. 186, 204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663 (1962).

To the extent of the language in the attached AMENDED COMPLAINT under the auspice, request of being fully incorporated as same herein, Charest request that this Court expedite said COMPLAINT / SERVICE so as not to delay, the current §1983 action against the Board members, according all parties fundamental fairness & due process.

WHEREFORE PREMISES SHOWN, Plaintiff Charest requests for either Amendment or Joinder to the newly revealed party (Defendant Bill Wynne) under the circumstances ascribed above, hereinafter for juridical efficiency, as a matter of right. Done so this May 18, 2008.

Respectfully submitted,

_____
Patrick Joseph Charest # 182262

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day, dated below, placed said Amendment Motion and / or Joinder in the U.S. mailbox properly addressed to Honorable Debra Hackett, P.O. Box# 711, Montgomery, Alabama 36101-0711, and the foregoing attorney: Done so this May 18th, 2008.

Respectfully submitted,

_____
Patrick Joseph Charest #182262
L.C.F. 28779 Nick Davis Rd.
Harvest, Alabama 35749-7009



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Patrick Joseph Charest, #182262 | * | |
| Plaintiff, | * | |
| Vs. | * | Case No: 07-CV-984-MHT (WO) |
| Alabama Pardon & Paroles et. al., | * | |
| Defendants. | * | |

### AMENDMENT FOR RECENTLY RECEIVED AND / OR DISCLOSED PARTY DEFENDANT

COME NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* and *ENTERTAIN* the above styled action as follows:

**I.   FACTS:**

§ 1.   Charest maintains that this Court **ORDERED** on December 6th, 2007 that "[2] An **answer and written report** shall be filed with the court and a copy served upon Plaintiff (Charest) on or **January 14, 2008 . . .**" Id.

§ 2.   Charest received from Magistrate Walker on January 9th, 2008 the court's summary **"Recommendation Of The Magistrate Judge"** (hereinafter "R & R") requiring an objection —which by law Charest filed "1) *Objection To Magistrates Recommendation,*" for plenary review by District Judge Thompson.

§ 3.   On **January 11th, 2008** Charest received another order by Magistrate Walker whereas said Court asserted: "[T]he Magistrate Judge has reviewed the answer, special report and supporting evidentiary materials filed by Defendants (Doc# 21) and determined that Plaintiff (Charest) must file a response in opposition to such pleadings. Accordingly, it

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

is ORDERED that on or before **January 31, 2008** Plaintiff (Charest) shall file a response to the written report. . . ." <u>Id</u>.

§ 4. On February 13, 2008 this Court ORDERED (Doc. 43) –Defendants to either "object or otherwise respond to the requests for discovery contained in [Charest's] Documents Number[ed] 41 and 42"; and albeit after multiple volleys with both this Court and Defendants, Charest finally received on May 13, 2008 from Defendants Weatherly, Longshore –that the *"special parole board member"* was in fact Mr. Bill Wynne, then, not the assigned chairman of the Board, only appointed to a limited tenure pursuant to Acts #2003-415, to-wit: §15-22-20 et. seq., Code of Alabama, 1975.

Based upon the prejudice brought to Charest's attention –during the DISCOVERY stage process, that the unrecognizable signature(s) on Defendants previous exhibit-A, that of Charest's December 6th 2005 parole board denial, which has just been revealed.

## II. COMPLAINT:

§ 5. Charest alleges that Defendants Williams, Longshore and Weatherly's attorney of record, the Honorable H. Davis openly admitted, that: *"Defendants prepared a response to Plaintiff's Request for Production of Documents **which was inadvertently not filed or submitted That response has been edited and completed, and is being submitted with this response**." Id, at Defendants Response to Motion To Compel, dated 5/13/08*," now Charest's cause to freely request to amend this *newly amended Defendant, for his acts, actions,* and outright *omissions"* depriving Charest of service, at the inception of the ORIGINAL complaint, now prime for service of process of the attached §1983 complaint, based upon counsel's inadvertence to have then properly served / filed said responsive pleading, nevertheless the following, three (3) tort actions arose, as follows:

2

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

### First Cause of Action:

**Denial of Effective Due Process of Art I, U.S.C. 14th. Amend.**

["Defendants commissioned improprieties in my respective parole proceeding"]: My 2005 Parole denial was the direct results of Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members Mr. Williams and special members Bill Wynne, Don McGriff through collusion, conspiracy with co-defendants Bob Riley, Troy King and Vocal members et. al., politically predisposing me of a[ny] proper discretionary review rendering the hearing process fundamentally unfair; treating me dissimilar with respects to the laws compared to non-violent offenders inapposite to the Due Process Clause of the Fourteenth Amendment of the United States Constitution ["Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI."]. see Attached §1983 Form, for service of process.

### Second Cause of Action:

**Denial of the Equal Protection Clause of U.S. Const. 14th. Amend.**

["Defendants principal decision was procedurally infected by *deceit, bias, prejudice* "]: Charest maintains overt *procedures* were used by the Pardon & Parole Board in December of 2005 -arbitrarily and capriciously denied him of the discretionary review for proper consideration based upon *erroneous –false information* {"that Charest had not changed, over the years imprisoned"}, absent 1st. hand knowledge, visits, letters or otherwise to authenticate, verify said assertions made by an adverse party –commingling with Vocal et. al., through collusionary acts by Troy King et. al., and Governor Riley's political party –in violation of equal protection principles as-applied to similar incarcerated prisoners being reviewed for parole –Alabama utilized a blanket-styled denial policy –due to the nature, degree of offense. See Attached §1983 form for service of process.

3

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

### Third Cause of Action:

***Ex Post Facto Clause*** **Violation of Article I, § 10, cl. 1 U.S. Const. Amend.**

["Defendants retroactively promulgated additional strictures to §15-22-28(e), Code of Ala.1975"]: Defendants retroactively in 2002 (by amendment) increased the time for which my next parole review date would be reviewed --by increasing said three (3) year term (Act 1979, No#79 -154) to five (5) years --which was not in effect at the time I was convicted/sentenced in 1995; said aggregated enactment violates Article 1, §10, cl. 1 as-applied to §15-22-28(e) mandates in place when conviction/sentence were invoked in 1995 --inapposite to the 2005 setoff of next review set for 2010; inclusive to allowing an adverse party --not entitled to NOTICE by statute --speak against parole inapposite to State law doctrine governing the Boards authority, power promulgated by Legislation {Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI.} violating Article V, § 124, Ala. Constitution. 1901 inclusive to usurping §§15-22-20, 24 -26, 28, 36 Code of Ala. 1975, *inter alia*. See Attached §1983 Form, for service of process.

Charest maintains that the effects constituting civil violations arose from Defendant Bill Wynne's overt act(s), action(s) and outright omission(s) contravening Charest's Fourteenth Amendments during the consideration process of said 2005 parole. Said enjoined "rights" fall under the U.S. Constitution -thus a plausible request for juridical action by this Court is merited.

WHERFORE PREMISES SHOWN, Charest prays that this Court 1) Serve copy of the above three (3) causes of action upon Defendants Bill Wynne and 2) Additionally, Issue an ORDER for Defendant Wynne, to respond accordingly, affording Federal comity to all parties hereinafter.

4

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

Done so this May 18, 2008.

Respectfully Submitted,

Patrick Joseph Charest #182262

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the AMEDED COMPLAINT upon the Honorable D. Hackett –for delivery upon the Defendant Bill Wynne, for proper judicial review, service by placing said same in the U.S. mailbox –properly addressed as Post Office Box #711, Montgomery, Alabama 36102-0711.

Done so this May 18, 2008.

Respectfully submitted,

Patrick Joseph Charest #182262
Limestone C.F. J-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

5

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*