IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICK J. CHAREST, #182262

    PLAINTIFF,

Vs.                                                         2:07-CV-984-MHT (WO)

ALABAMA PARDON & PAROLES et. al.,

    DEFENDANTS.

### OBJECTION TO MAGISTRATES DENIAL ORDER OF PLAINTIFF'S DOC# 72, 73 ISSUED ON MAY 5TH, 2008

COME NOW Patrick J. Charest (hereinafter "Charest") and moves this Court to accept and *Grant* relief as judicial comity necessitates herein, as follows:

§ 1. Charest maintains herein, that the basic tenet to this *OBJECTION* is that Magistrate Walker *abused her discretion* denying Charest's motion for determination of Defendants (i) insolence to the discovery process claiming *privilege* but failing to comply with this Circuits holdings underpinning the utilization of said doctrine, absent defendants compliance therein, said "*defensive strategy*" does not comport with *stare decisis*, see Charest's *Motion To Determine Sufficiency Of Responses To Answers / Objections Requesting Judicial Rulings For Motion To Compel Proper Responses To Charest's First Set Of Interrogatories Or Deem Requests For Admitted . . .* " *Id, at Doc's # 72, 73*.

Charest moves for this District Judge, to respectfully adopt in toto the pleading described above, for *plenary review de novo*, based upon the prejudice

suffered by the failure of the Magistrate to adhere to the principles therein, under this Circuits holdings during discovery, see Charest's May 5th, 2008 pleadings against both Defendant Weatherly, and Longshore –now being requested reviewed for a[ny] abuse of juridical comity, as issued in the ORDER dated May 12th, 2008.

§ 2.   It seems per se, to Charest, that Magistrate Walker's position is that *"The Court will not compel Defendants to respond to and / or provide discovery . . ." id.* Charest painstakingly reviewed Defendants "unsupported Answers / Objections to *interrogatories / admissions* or better termed lack thereof, coupled with defendants failures to authenticate affidavits before a notary, see Defendant Weatherly's Affidavit (Exh-B, dated January 9th, 2008) specifically page five (5) as signed with no notary block!

Furthermore, Charest pointed out, objected too, at page five (5) of his Documents 72, 73 –that both Defendants Weatherly, Longshore inapposite to *Rule 33(b)(5), Fed.R.Civ.P.*, had failed to "Object" to the following *Interrogatories* No# 4(a); 6(a), 9, 10 thence likewise to *Admissions* 18, 19, 20, 21, 27 and 35 thereby causing said answers insufficient for adjudications under *Rule 33(b)(1)(3), Fed.R.Civ.P.*, which Charest requested juridical intervention by Magistrate Walker, see argument § 3, pp. 5 –7; § 6, pp. 17 –20; § 9, pp. 27 –29; § 10, pp. 29 –31 for Defendants failure on said interrogatories; thence likewise see Charest's argument §§ 18 through 21; then § 27, and § 35, pp. 38 –44 all of which were valid, facial requests for disclosure in accord with *Fed.R.Civ.P. Rule 26 et. seq., inter alia.,* **cf. Charest's Doc's # 41, 42** along with Magistrate Walker's ORDER Doc. # 43 dated February 13, 2008 directing Defendants to

"object or otherwise respond to the request for discovery [contents # 41, 42] -leading Charest to filing, pleadings No# 72, 73 documents.

§ 3.  In closing, Charest maintains, that Magistrate Walker's reasons "(i) concern[ing] privileged matters, (ii) would undermine prison security, (iii) is cumulative . . . in nature to information provided in the **special reports**, (iv) is overly broad; (v) is **irrelevant to a determination of the constitutional issues before this court**, and / or (vi) **would be overly burdensome on Defendants**," remains wholly incongruent to previous orders issued to the Defendants and, in fact inapposite to Charest's initial Documents # 41, 42 requesting the production of documents, discovery —which were *"granted"* to be responded to, by Defendants, in Magistrate's order first and foremost.

Charest properly predicated why Defendants allegation of *"privilege"* was inapplicable in Doc's. 72, 73; as to undermining prison security is absurd at best, this not a tort against the Department of Corrections, its about the unconstitutionalities suffered by Charest at the hands of the Parole Board members, *inter alia*, nothing Charest requested for, objected to, or requested be compelled to provide would thereby undermine a[ny] prison system, let alone towards the very ones Charest remains illegally confined within, in Alabama; the compel could not be considered either (a) cumulative, duplicative of, to, defendants have not properly answered—nor properly provided adequate production of documents as directed by ORDER (Doc# 43), and surely the District Judge won't find a[ny] "**Special Report(s)**" as referenced, ordered by Magistrate Walker in the *"record proper"* another factual anomaly for both, this review, and Charest to question.

The disclosure of, necessity for both production of documents, interrogatories / admissions surely cannot be legally considered to be "irrelevant to a determination of

the constitutional issues before this court" Charest needs those "documents, answers to said discovery –requested therein, to properly address, and prepare for trial, or per se summary judgment, in their absence, as previously ordered by Magistrate's document 43, how else will Charest retrieve such evidentiary materials, and this Court cannot hereby circumscribe to have Charest go online to the Parole Boards website to find, locate information when such remains illegal for Alabama inmates as erroneously suggested by Defendants in their answer(s) at "*Response Of Weatherly's § 6(a) at pp. 3 –4, and Longshore's § 6(a) at p. 4,*" as challenged / objected too by Charest's Documents # 72, 73, now subject for **de novo** review; inclusive to, but not limited to Charest's challenged objections herein.

WHEREFORE PREMISES SHOWN, Charest prays that this Court would *GRANT* the above styled Objection under the exceptional clause invoked above, as applied to this instant cause of action under the special facts argued above, inclusive to reviewing Documents # 72, 73 in toto and remand back to Magistrate for the appropriate alternative relief this District Judge affords this pro se pleading, as requested heretofore. Done so this May 16, 2008.

Respectfully submitted,

PATRICK J. CHAREST
Pro se #182262
Limestone Corrections Facility
Dormitory J, Cell 15-A
28779 Nick Davis Road
Harvest, Alabama
35749-7009

4

*Objection to Magistrates Denial of Documents No's. 72, 73*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the OBJECTION upon the Honorable D. Hackett –for delivery upon the District Judge M. Thompson for proper judicial review, and Defendants placing said same in the U.S. mailbox –properly addressed as Post Office Box #711, Montgomery, Alabama 3610-0711, inclusive too, as follows:

1.  Defendants Williams (Wynn), Weatherly, Longshore et. al.,
    C/O Chief Counsel Honorable Hugh Davis
    Attorney for Alabama Pardon & Paroles
    301 South Ripley Street
    Post Office Box #302405
    Montgomery, Alabama 36130

Done so this May 16, 2008.

Respectfully submitted,

PATRICK J. CHAREST
Pro-se #182262
Limestone Corrections Facility
Dormitory J, Cell 15-A
28779 Nick Davis Road
Harvest, Alabama
35749-7009

5

*Objection to Magistrates Denial of Documents No's. 72, 73*



CHAREST PATRICK #182262
Limestone C.F. # J-Dorm
28779 Nick Davis Road
Harvest, Alabama
35749-7009

2:07-CV-984-MHT

Legal Mail

This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication.

United States District Court
ATTENTION: Honorable D. Hackett
Post Office Box 711
Montgomery, Alabama
36101-0711