IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| Patrick Joseph Charest, #182262 | * |
| Plaintiff, | * |
| Vs. | *   Case No: 07-CV-984-MHT (WO) |
| Alabama Pardon & Paroles et. al., | * |
| Defendants. | * |

## AMENDMENT FOR RECENTLY RECEIVED AND / OR DISCLOSED PARTY DEFENDANT

COME NOW Patrick Joseph Charest (hereinafter "CHAREST") moves this Court to *GRANT* and *ENTERTAIN* the above styled action as follows:

I.   **FACTS:**

§ 1. Charest maintains that this Court **ORDERED** on December 6th, 2007 that "[2] An **answer and written report** shall be filed with the court and a copy served upon Plaintiff (Charest) on or **January 14, 2008 . . ."** **Id.**

§ 2. Charest received from Magistrate Walker on January 9th, 2008 the court's summary **"Recommendation Of The Magistrate Judge"** (hereinafter "R & R") requiring an objection –which by law Charest filed "1) *Objection To Magistrates Recommendation,*" for plenary review by District Judge Thompson.

§ 3. On **January 11th, 2008** Charest received another order by Magistrate Walker whereas said Court asserted: "[T]he Magistrate Judge has reviewed the answer, special report and supporting evidentiary materials filed by Defendants (Doc# 21) and determined that Plaintiff (Charest) must file a response in opposition to such pleadings. Accordingly, it

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

is ORDERED that on or before **January 31, 2008** Plaintiff (Charest) shall file a response to the written report. . . ." **Id**.

§ 4.  On February 13, 2008 this Court ORDERED (Doc. 43) –Defendants to either "object or otherwise respond to the requests for discovery contained in [Charest's] Documents Number[ed] 41 and 42"; and albeit after multiple volleys with both this Court and Defendants, Charest finally received on May 13, 2008 from Defendants Weatherly, Longshore –that the *special parole board member* was in fact Mr. Bill Wynne, then, not the assigned chairman of the Board, only appointed to a limited tenure pursuant to Acts #2003-415, to-wit: §15-22-20 et. seq., Code of Alabama, 1975.

Based upon the prejudice brought to Charest's attention –during the DISCOVERY stage process, that the unrecognizable signature(s) on Defendants previous exhibit-A, that of Charest's December 6th 2005 parole board denial, which has just been revealed.

## II.  COMPLAINT:

§ 5.  Charest alleges that Defendants Williams, Longshore and Weatherly's attorney of record, the Honorable H. Davis openly admitted, that: "*Defendants prepared a response to Plaintiff's Request for Production of Documents* **which was inadvertently not filed or submitted That response has been edited and completed, and is being submitted with this response**." *Id, at Defendants Response to Motion To Compel, dated 5/13/08*," now Charest's cause to freely request to amend this *newly amended Defendant, for his acts, actions*, and outright *omissions*" depriving Charest of service, at the inception of the ORIGINAL complaint, now prime for service of process of the attached §1983 complaint, based upon counsel's inadvertence to have then properly served / filed said responsive pleading, nevertheless the following, three (3) tort actions arose, as follows:

**First Cause of Action:**

**Denial of Effective Due Process of Art I, U.S.C. 14th. Amend.**

["Defendants commissioned improprieties in my respective parole proceeding"]: My 2005 Parole denial was the direct results of Alabama's unconstitutional political policy orchestrated by Pardon & Parole Board members Mr. Williams and special members Bill Wynne, Don McGriff through collusion, conspiracy with co-defendants Bob Riley, Troy King and Vocal members et. al., politically predisposing me of a[ny] proper discretionary review rendering the hearing process fundamentally unfair; treating me dissimilar with respects to the laws compared to non-violent offenders inapposite to the Due Process Clause of the Fourteenth Amendment of the United States Constitution ["Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI."]. see Attached §1983 Form, for service of process.

**Second Cause of Action:**

**Denial of the Equal Protection Clause of U.S. Const. 14th. Amend.**

["Defendants principal decision was procedurally infected by *deceit, bias, prejudice* "]: Charest maintains overt *procedures* were used by the Pardon & Parole Board in December of 2005 -arbitrarily and capriciously denied him of the discretionary review for proper consideration based upon *erroneous –false information* {"that Charest had not changed, over the years imprisoned"}, absent 1st hand knowledge, visits, letters or otherwise to authenticate, verify said assertions made by an adverse party –commingling with Vocal et. al., through collusionary acts by Troy King et. al., and Governor Riley's political party –in violation of equal protection principles as-applied to similar incarcerated prisoners being reviewed for parole –Alabama utilized a blanket-styled denial policy –due to the nature, degree of offense. See Attached §1983 form for service of process.

3

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

**Third Cause of Action:**

***Ex Post Facto Clause* Violation of Article I, § 10, cl. 1 U.S. Const. Amend**.

["Defendants retroactively promulgated additional strictures to §15-22-28(e), Code of Ala.1975"]: Defendants retroactively in 2002 (by amendment) increased the time for which my next parole review date would be reviewed –by increasing said three (3) year term (Act 1979, No#79 –154) to five (5) years –which was not in effect at the time I was convicted/sentenced in 1995; said aggregated enactment violates Article 1, §10, cl. 1 as-applied to §15-22-28(e) mandates in place when conviction/sentence were invoked in 1995 –inapposite to the 2005 setoff of next review set for 2010; inclusive to allowing an adverse party –not entitled to NOTICE by statute –speak against parole inapposite to State law doctrine governing the Boards authority, power promulgated by Legislation {Contravening Ala. Bd. of Paroles Rules, Reg. Proc Art IV through VI.} violating Article V, § 124, Ala. Constitution. 1901 inclusive to usurping §§15-22-20, 24 –26, 28, 36 Code of Ala. 1975, *inter alia*. See Attached §1983 Form, for service of process.

Charest maintains that the effects constituting civil violations arose from Defendant Bill Wynne's overt act(s), action(s) and outright omission(s) contravening Charest's Fourteenth Amendments during the consideration process of said 2005 parole. Said enjoined "rights" fall under the U.S. Constitution -thus a plausible request for juridical action by this Court is merited.

WHERFORE PREMISES SHOWN, Charest prays that this Court 1) Serve copy of the above three (3) causes of action upon Defendants Bill Wynne and 2) Additionally, Issue an ORDER for Defendant Wynne, to respond accordingly, affording Federal comity to all parties hereinafter.

4

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*

Done so this May 18, 2008.

Respectfully Submitted,

_____
Patrick Joseph Charest #182262

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of the AMEDED COMPLAINT upon the Honorable D. Hackett --for delivery upon the Defendant Bill Wynne, for proper judicial review, service by placing said same in the U.S. mailbox --properly addressed as Post Office Box #711, Montgomery, Alabama 3610-0711.

Done so this May 18, 2008.

Respectfully submitted,

_____
Patrick Joseph Charest #182262
Limestone C.F. J-Dorm
28779 Nick Davis Road
Harvest, Alabama 35749-7009

*Amendment For Recently Revealed Party Defendant Bill Wynne @ 5/13/08*