IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**PATRICK JOSEPH CHAREST,**
 **Plaintiff,**

   Vs.         Case #2:07-cv-984-MHT

**ALABAMA BOARD OF**
**PARDONS & PAROLES, et al.,**
 **Defendants.**

**RESPONSE BY BILL WYNNE TO PLAINTIFF'S REQUEST FOR DISCOVERY / PRODUCTION OF DOCUMENTS**

  Comes now Bill Wynne, Chairman of the Alabama Board of Pardons and Paroles, in response to Plaintiff's Request for Discovery / Production for Documents (document 94), and pursuant to the Court's July 11th, Order (Document # 96). The following is submitted in response thereto:

**Statutes Governing Defendant's Disclosure of Information**

  Federal Rules of Civil Procedure (Rule 26 – General Rules Governing Discovery) do not require initial disclosures in an action brought without counsel by a person in custody of the United States, a state, or a state subdivision (Rule 26 (a)(1)(E)(iv).

  Alabama Code §15-22-36(b) provides: *"Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fine or*

1

*forfeiture or restoration of civil and political rights shall enter in the file his reasons in detail, which entry and the order shall be public records, but all other portions of the file shall be privileged."* This is a mandatory privilege, *Ex Parte Alabama Board of Pardons and Paroles, 814 So.2d 870 (Ala. 2001).*

In *Tedder v. Alabama Board of Parsons and Paroles, 677 So.2d 1261,* the Alabama Court of Criminal Appeals held that there is no statutory requirement that members of the Parole Board detail their reasons for denying parole.

Communication between the Defendants and Counsel of record concerning this law suit fall under the Attorney-Client privilege and not subject to discovery.

*Alabama Code §15-22-36* requires the Board to notify the Attorney General, the sentencing judge, the prosecuting district attorney, the chief of police and sheriff where the crime was committed, and the victim of an inmates parole consideration hearing, and allow them to express their opinion on the matter, either in writing or in person, at their option.

## Response to Discovery Request

The following is an itemized list of Plaintiff's request taken from his "Request For Discovery / Production For Documents", specifically

Paragraph § 8, ("a" thru "u"), page 7-8 (Document # 94). Defendant's responses are numbered to correspond with Plaintiff's request:

a. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents.

b. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

c. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

d. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does

not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

e. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. Plaintiff being allowed to inspect the agency's buildings is not likely to discover any admissible evidence. This request is repetitive.

f. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

g. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

4

h. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

i. Defendants object to this request. The Defendants have no way of knowing who Plaintiff plans to call as witnesses in this action. The address of the Defendants is: Alabama Board of Pardons and Paroles, P.O. Box 302405, 301 South Ripley Street, Montgomery, Alabama 36130.

j. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is repetitive.

k. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is overbroad. Naming department employees who may have communicated information or

processed information concerning Plaintiff is not likely to discover any evidence that would be relevant or admissible in Court. It is a security risk to name agency employees. Again, the file material that is processed in preparing inmates for parole consideration is privileged.

l. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is overbroad. Naming department employees who may have communicated information or processed information concerning Plaintiff is not likely to discover any evidence that would be relevant or admissible in Court. Naming agency employee is a security risk. Again, the file material that is processed in preparing inmates for parole consideration is privileged.

m. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is overbroad. Naming department employees who may have communicated information or

processed information concerning Plaintiff is not likely to discover any evidence that would be relevant or admissible in Court. Naming agency employees is a security risk. Again, the file material that is processed in preparing inmates for parole consideration is privileged.

n. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. This request is overbroad. Naming department employees, elected officials, or victims who may have communicated information or processed information concerning Plaintiff is not likely to discover any evidence that would be relevant or admissible in Court. Again, information received by the agency from elected officials, victims, or the agency's own agents is privileged.

o. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above.

p. Defendants object to this request. This request of overbroad and would require the agency to conduct significant research of inmate files to retrieve this information. There are over 25,000 inmates in prison in Alabama. Many

file non-law-suit complaints concerning parole consideration dates and parole denials. These complaints are made a part of that inmate's file and are privileged. Other inmates file actions against the Board in State and Federal Court. It would again take significant time to develop a list of all law suits being brought by inmates against the Board. Providing the requested information is not likely to discover any relevant or admissible evidence in Plaintiff's case.

q. Defendants object to this request. Written documents between the Board and its agents concerning inmates being considered for parole are made a part of the inmate's file and are privileged as cited above. The Board does not tape record its open public meeting, nor do they tape record communication with staff or its agents. The Board is not required to state its reasons for denying parole. This request is repetitive.

r. Defendants object to this request. Obviously the Board members participating in the decision to grant or deny Plaintiff's parole were in the open public meeting on the matter. The whereabouts of the other Board members not participating in the decision is not relevant and not likely to lead to information that would be admissible in this case.

s. Defendants object to this request. The Board's minutes for the month of December are a matter of public record. However, the minutes consist of the

8

name of the inmates and his AIS number (prison number) and whether they were granted or denied. The minutes do not list the crime of conviction, protest, support letters, home plans, community attitude, nature and severity of the offense, etc. that would be required disclosure in order to answer this question. The request is overbroad and not likely to produce relevant or admissible evidence. The Board makes their discretionary decision based on numerous factors and has total discretion to grant or deny parole, even when considering similarly situated inmates. Information in other inmate files are privileged.

t. Defendants object to this request. Information in inmate files are privileged. This request is repetitive.

u. Defendants object to this request. The information in inmate files are privileged. This request seeks the reason parole was denied. Board members are not required to state their reasons for denying parole.

## Conclusion

Defendants have listed statutes that govern information maintained by this agency and requirements to accept certain information.

This request for production of documents seeks information that does not exist or was not recorded or is not relevant or is privileged.

Plaintiff seeks the reasons he was denied parole, which the Board is not required to state or produce. This discovery request is also is an attempt to have the agency or the Board research Plaintiff's case for him by producing a witness list adverse to the agency and research all parole considerations to see if there was someone similarly situated who may have received more favorable treatment.

The information sought is repetitive and involves producing privileged information. Defendants object to the production of the requested information.

Respectfully submitted,

GREGORY O. GRIFFIN, SR.
CHIEF COUNSEL

s/STEVE SIRMON
ASSISTANT ATTORNEY GENERAL
State Bar#: ASB-5949-S61S
Ala. Bd. Pardons and Paroles
301 South Ripley Street
P.O. Box 302405
Montgomery, Alabama 36130
Telephone: (334) 242-8700
steve.sirmon@paroles.alabama.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Joseph Patrick Charest AIS#182262
>Limestone Correctional Facility
>28779 Nick Davis Road
>Harvest, Alabama 35749-7009

Done this 1st day of August 2008.

>Respectfully submitted,
>
>s/STEVE SIRMON
>ASSISTANT ATTORNEY GENERAL
>State Bar#:  ASB-5949-S61S
>Ala. Bd. Pardons and Paroles
>301 South Ripley Street
>P.O. Box 302405
>Montgomery, Alabama 36130
>Telephone: (334) 242-8700
>steve.sirmon@paroles.alabama.gov